# EXHIBIT 58

2261 MARKET STREET, NO. 606
SAN FRANCISCO, CALIFORNIA, 94114

**Warren Kash Warren**

WARRENKASHWARREN.COM
+1 (415) 895 2940

**For Settlement Purposes Only**
**Fed. R. Evid. 408 and Similar Doctrines**

December 15, 2023

**By Electronic Mail**

Renita S. Rathinam
McNeely, Hare & Ware, LLP
5335 Wisconsin Ave, N.W., Suite 440
Washington, D.C., 20015
rathinam@miplaw.com

    **Re:**    Discussions Between Symbology Innovations, LLC and Discord Inc.

Dear Ms. Rathinam:

I write to further our discussions regarding a non-disclosure agreement. I appreciate the draft you transmitted; rather than redline it, I thought it would be useful to have a high-level discussion about the objectives underlying the agreement and our proposals for how to effect those objectives through an agreement.

Toward that end, please find attached our proposed agreement. I suggest that we speak by telephone to go over any differences between our two proposals, so that we can convey to our clients the substance of any remaining points. I am on the East Coast next week, and I have pretty good availability Monday through Wednesday during the day. Thursday and Friday are not available for family reasons. If there are times you are available on Monday through Wednesday, please let me know.

Thank you for your continued time and courtesy in this matter.

Very Truly Yours,

Matthew S. Warren

## NON-DISCLOSURE AND STANDSTILL AGREEMENT

Discord Inc., for itself and its Affiliates (collectively "Discord"), and Patent Asset Management, LLC for itself and its Affiliates (collectively "Patent Asset Management"; with Discord, the "Parties") enter into this Non-Disclosure and Standstill Agreement (the "Agreement") as follows:

**WHEREAS**, starting on February 15, 2023, the Parties have engaged in written and oral discussions ("the "Discussions") regarding a potential business and licensing agreement between them (the "Purpose");

**WHEREAS**, the Parties wish for information exchanged during the Discussions to be used solely for the Purpose and not for any other purpose; and

**WHEREAS**, should the Discussions not succeed in achieving the Purpose, the Parties wish to return to the status quo existing before the Discussions, as if the Discussions had not occurred at all;

**NOW, THEREFORE**, the Parties enter into this Agreement:

**1.      Definitions**.  An "Affiliate" of a Party means any other person or entity, at any time now or in the future, controlling, controlled by, or under common control with the Party; for this purpose "control" means the possession, directly or indirectly, of the power in fact or in law to direct or cause the direction of management policies of such Party, whether through ownership of voting securities, by contract or otherwise.  The "Agents" of an entity include the entity's employees, directors, agents, attorneys, consultants, affiliates, suppliers, and third-party contractors.

**2.      Confidential Information**.  Information exchanged in any form between the Parties or their Agents during the Discussions is confidential under this Agreement ("Confidential Information").  Confidential Information does not include information publicly available before its disclosure under this Agreement or made publicly available after its disclosure under this Agreement without breaching this Agreement, information known to a Party before its disclosure in the Discussions, received by a Party from a third party without a duty of confidentiality, or developed or learned by a Party independent of the Discussions.  The fact that a Party disclosed information during the Discussions is Confidential Information, even if the information itself is not confidential.  This Agreement, as well as the existence of the Discussions themselves, is Confidential Information.  A Party will not disclose any unpublished patent application during the Discussions unless the other Party agrees in writing to receive it.

**3.      Protection of Confidential Information.**  A Party must use a reasonable degree of care to protect Confidential Information and to prevent any unauthorized use or disclosure of Confidential Information, and may share Confidential Information only with its Agents who need to know it in furtherance of the Purpose and are subject to obligations at least as restrictive as this Agreement.  A Party will be liable for any disclosure or unauthorized use of Confidential Information by its Agents that would breach this Agreement if done by a Party.

**4.** **Use of Confidential Information.** The Parties shall use Confidential Information only for the Purpose, and not for any other purpose including without limitation to support any filing or claim before any adjudicative body, or to assert that any Party is on notice of any patent or claim of patent infringement for the purpose of willful infringement, the inducement of infringement, or any increased damages or any notice of infringement under applicable law.  For the avoidance of doubt, the Parties will not use, and waive any right to use, Confidential Information in any judicial, administrative, or other proceeding as evidence for any purpose, including as evidence of, or otherwise in support of showing or establishing, any such notice or knowledge under applicable law.  No Party shall seek to evade this provision by seeking from the other Party, its Agents, or third parties any documents, testimony, or information regarding Confidential Information.

**5.** **Standstill.** During the Discussions, no Party shall initiate any judicial, administrative or other proceedings of any kind against the other Party concerning patent infringement or the validity or enforceability of any patent.

**6.** **End of the Discussions.**  The Discussions shall end on \_\_\_\_\_, or 60 days after a Party provides written notice of its desire to terminate the Discussions, whichever comes sooner.  For the avoidance of doubt, the Parties' obligations under this agreement shall not end with the end of the Discussions, but will continue to bind each Party as long as it has Confidential Information in its possession or control.

**7.** **Disclosure of Confidential Information.** Notwithstanding the above, a Party may disclose Confidential Information to the extent required by law if it provides reasonable prior notice to the other Party, unless a court or other governmental body orders that the other Party not be given notice.  Any such disclosure and resulting use of Confidential Information shall not affect the provisions governing the Parties' use of Confidential Information.

**8.** **Licensing Obligations.** Notwithstanding the foregoing provisions, a Party may use and disclose Confidential Information solely to support or defend against any claim that a Party has complied or failed to comply with any obligations concerning licensing of patents concerning technical standards, including without limitation any obligation under law, government order, or policy of a standard-setting organization, for example the various obligations sometimes called (F)RAND obligations.

**9.** **Interpretation and Resolution of Disputes.** This Agreement is governed by the laws of the State of California, excluding its conflict-of-laws principles.  Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be resolved by arbitration before a single arbitrator in San Francisco, California, administered by the American Arbitration Association under its Commercial Arbitration Rules and Procedures for Large, Complex Commercial Disputes, and any court with jurisdiction may enter judgment on the award rendered by the arbitrator.  The Parties acknowledge that monetary damages will be inadequate to remedy any breach by a Party of its confidentiality obligations under this Agreement, and acknowledge that the non-breaching Party shall be entitled to seek injunctive relief and specific performance to enforce the breaching Party's obligations, in addition to any other remedies to which the non-breaching Party may be entitled.

**10.** **Miscellaneous.** No Party acquires any intellectual property rights under this Agreement except the limited rights necessary to use the Confidential Information in connection with the Purpose. Each party warrants that it is authorized to disclose any Confidential Information it discloses under this Agreement. This Agreement imposes no obligation to proceed with any business transaction, and does not create any agency or partnership relationship. This Agreement is not assignable or transferable by either Party without the prior written consent of the other Party, except that either Party may assign this Agreement without such consent to an acquirer or successor in interest in connection with a merger, consolidation, restructuring, or sale of all or substantially all of its stock, business or assets to which this Agreement relates or to an Affiliate. Any other attempt to assign is void. This Agreement constitutes the entire understanding between the Parties with respect to the subject matter hereof and merges all prior understandings and discussions with respect to such subject matter. Neither Party will be bound by any conditions, definitions, warranties, understandings, or representations with respect to the subject matter hereof other than as expressly provided herein. No oral explanation or oral information provided by either Party will alter the meaning or interpretation of this Agreement. Any amendments must be in writing. The Parties may execute this Agreement in counterparts, which taken together will constitute one instrument. Failure to enforce any provision of this Agreement will not constitute a waiver.

| **DISCORD INC.** | **PATENT ASSET MANAGEMENT LLC** |
|---|---|
| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |
| Date: _____ | Date: _____ |