# EXHIBIT 60



## Draft Non-Disclosure Agreement Between Discord and Patent Asset Management
1 message

**Matt Warren** <matt@warrenkashwarren.com>  Thu, Jan 11, 2024 at 11:33 AM
To: Renita Rathinam <rathinam@miplaw.com>
Cc: "Discord Inc." <discord@cases.warrenlex.com>

Renita:

I write to continue our discussions regarding a non-disclosure agreement between Discord and Patent Asset Management, which you have requested in advance of substantive discussions between those companies regarding a potential license by Discord of the Patent Asset Management portfolio.  As you know, on Tuesday, December 19, 2023, I sent you a draft of a proposed NDA.  On Friday, January 5, 2024, you responded with a redline.  On Tuesday, January 9, I wrote to suggest that we "talk through the points of difference between our drafts," and suggested a time today for a call.  Yesterday, however, you declined my invitation to meet, writing instead that I should "go ahead and send any further redlines you have."

In my experience, it is much easier to resolve issues and reach agreement by discussing them on the phone, and I hope we can do that in the future.  Since you have declined to do so, however, in the interest of reaching an agreement, I will respond to your redline in writing:

- In a Whereas clause, you changed the date for opening the Discussions (as defined in the agreement) from February 15, 2023, to October 28, 2023.  We could not immediately discern why you chose this date.  Can you explain your reasoning here?  We picked our date because it represents the first communications between Discord and a Patent Asset Management entity.

- In the same sentence, you added "on our around" to the date for opening the Discussions.  Since the dates of the Discussions control other actions under the agreement, we believe we should use precision here.  Can you explain your reasoning in choosing "on or around" over "on?"

- Later in the same paragraph, you added the defined term "Subject Matter" and added language about the Purpose.  We cannot discern from this language whether you mean to alter the scope of the Discussions or the Purpose.  Can you explain your reasoning in making these changes?

- In a later Whereas clause, you added "between the Parties" and references to the Subject Matter.  Again, we cannot discern from this language whether you mean to alter the scope of the Discussions or the Purpose.  Can you explain your reasoning in making these changes?

- In paragraph 5, you changed "no Party" to "neither Party."  We are not certain what effect you mean for this change to have.  Can you explain your reasoning in making this change?

- In paragraph 7, you allow disclosure of Confidential Information only if "ordered by a court or other governmental body."  This appears to us to require a Party receiving a subpoena to decline to produce documents and to require a motion to compel.  Do we correctly understand your intentions here?  If so, we worry that this requirement creates misaligned incentives, by allowing a Party to force another Party to deal with a motion to compel.  Consider:  Party A receives a subpoena seeking Confidential Information of both Party A and Party B.  Under our draft, Party A must notify Party B, but its obligation ends there; both Party A and Party B can decide whether to fight the subpoena, each spending its own resources if it decides to do so.  Under your draft, as we understand it, Party B can force Party A to spend resources to defend Party B's information, even if Party A would not spend those resources to defend its own information.  We prefer the aligned incentives of our draft.  If you disagree, can you explain your reasoning in disagreement?

- You have removed paragraph 8 addressing (F)RAND obligations, which we believe is required if those obligations exist.  Can you confirm that none of the patents licensable by Patent Asset Management have (F)RAND obligations?

- In paragraph 9, you have changed venue and choice of law from California to Florida; we suggest an appropriate neutral jurisdiction, and are willing to work with you on finding one.

- In paragraph 10, you have removed routine language stating that each party warrants it can provide information it discloses.  Can you explain why you think this is not appropriate?  Similarly, you have removed a standard integration clause, and replaced "subject matter hereof" (referring to the agreement itself) with "Subject Matter hereof" (referring to the defined term, although we are not certain to what effect).  Can you explain your reasoning in making these changes?

I look forward to your responses to these points.  As before, I am happy to meet by telephone; I remain available today but will be harder to reach tomorrow, as I will be traveling for the holiday weekend.  I will be back in the office after the holiday, on Tuesday, January 16.  If you do not wish to speak by telephone, please let me know your thoughts by return email.

Finally, I should address the threat of litigation with which you close your email.  As I have told you before, Discord is interested in pursuing a deal that would allow payment of a dollar amount certain in exchange for a license for the Patent Asset Management portfolio.  In service of this objective, we engaged with your request for a non-disclosure agreement, prepared a draft, and reviewed and responded to your markup of that draft.  As I have previously reminded you, however, our objective of global peace would fail if Symbology or any other Patent Asset Management company were to commence litigation against Discord, and at that point we would look forward to resolution in court.  We hope it does not come to that but, since you have threatened to pursue litigation against us, I would be remiss not to remind you of our position here as well.

I hope that we can continue to discuss a non-disclosure agreement and work together toward discussions regarding a global potential license by Discord of the Patent Asset Management portfolio.  Thank you for your continued time and courtesy in this matter.

Best Regards,
Matt Warren


--
Matt Warren     matt@warrenkashwarren.com     +1 (415) 895-2928