# EXHIBIT 73

# James Bottomley's random Pages

A collection of information

## Lessons from the GNOME Patent Troll Incident

First, for all the lawyers who are eager to see the Settlement Agreement, here it is. The reason I can do this is that I've released software under an OSI approved licence, so I'm covered by the Releases and thus entitled to a copy of the agreement under section 10, but I'm not a party to any of the Covenants so I'm not forbidden from disclosing it.

### Analysis of the attack

The Rothschild Modus Operandi is to obtain a fairly bogus patent (in this case, patent 9,936,086), form a limited liability corporation (LLC) that only holds the one patent and then sue a load of companies with vaguely related businesses for infringement. A key element of the attack is to offer a settlement licensing the patent for a sum less than it would cost even to mount an initial defence (usually around US$50k), which is how the Troll makes money: since the cost to file is fairly low, as long as there's no court appearance, the amount gained is close to US$50k if the target accepts the settlement offer and, since most targets know how much any defence of the patent would cost, they do.

One of the problems for the target is that once the patent is issued by the USPTO, the court must presume it is valid, so any defence that impugns the validity of the patent can't be decided at summary judgment. In the GNOME case, the sued project, shotwell, predated the filing of the patent by several years, so it should be obvious that even if shotwell did infringe the patent, it would have been prior art which should have prevented the issuing of the patent in the first place. Unfortunately such an obvious problem can't be used to get the case tossed on summary judgement because it impugns the validity of the patent. Put simply, once the USPTO issues a patent it's pretty much impossible to defend against accusations of infringement without an expensive trial which makes the settlement for small sums look very tempting.

If the target puts up any sort of fight, Rothschild, knowing the lack of merits to the case, will usually reduce the amount offered for settlement or, in extreme cases, simply drop the lawsuit. The last line of defence is the LLC. If the target finds some way to win damages (as ADS did in 2017) , the only thing on the hook is the LLC with the limited liability shielding Rothschild personally.

### How it Played out Against GNOME

This description is somewhat brief, for a more in-depth description see the Medium article by Amanda Brock and Matt Berkowitz.

Rothschild performed the initial attack under the LLC RPI (Rothschild Patent Imaging). GNOME was fortunate enough to receive an offer of Pro Bono representation from Shearman and Sterling and immediately launched a defence fund (expecting that the cost of at least getting into court would be around US$200k, even with pro bono representation). One of its first actions, besides defending the claim was to launch a counterclaim against RPI alleging exceptional practices in bringing the claim. This serves two purposes: firstly, RPI can't now simply decide to drop the lawsuit, because the counterclaim survives and secondly, by alleging potential misconduct it seeks to pierce the LLC liability shield. GNOME also decided to try to obtain as much as it could for the whole of open source in the settlement.

As it became clear to Rothschild that GNOME wouldn't just pay up and they would create a potential liability problem in court, the offers of settlement came thick and fast culminating in an offer of a free licence and each side would pay their own costs. However GNOME persisted with the counter claim and insisted they could settle for nothing less than the elimination of the Rothschild patent threat from all of open source. The ultimate agreement reached, as you can read, does just that: gives a perpetual covenant not to sue any project under an OSI approved open source licence for any patent naming Leigh Rothschild as the inventor (i.e. the settlement terms go far beyond the initial patent claim and effectively free all of open source from any future litigation by Rothschild).

## Analysis of the Agreement

Although the agreement achieves its aim, to rid all of Open Source of the Rothschild menace, it also contains several clauses which are suboptimal, but which had to be included to get a speedy resolution. In particular, Clause 10 forbids the GNOME foundation or its affiliates from publishing the agreement, which has caused much angst in open source circles about how watertight the agreement actually was. Secondly Clause 11 prohibits GNOME or its affiliates from pursuing any further invalidity challenges to any Rothschild patents leaving Rothschild free to pursue any non open source targets.

Fortunately the effect of clause 10 is now mitigated by me publishing the agreement and the effect of clause 11 by the fact that the Open Invention Network is now pursuing IPR invalidity actions against the Rothschild patents.

## Lessons for the Future

The big lesson is that Troll based attacks are a growing threat to the Open Source movement. Even though the Rothschild source may have been neutralized, others may be tempted to follow his MO, so all open source projects have to be prepared for a troll attack.

The first lesson should necessarily be that if you're in receipt of a Troll attack, tell everyone. As an open source organization you're not going to be able to settle and you won't get either pro bono representation or the funds to fight the action unless people know about it.

The second lesson is that the community will rally, especially with financial aid, if you put out a call for help (and remember, you may be looking at legal bills in the six figure range).

The third lesson is always file a counter claim to give you significant leverage over the Troll in settlement negotiations.

And the fourth lesson is always refuse to settle for nothing less than neutralization of the threat to the entirety of open source.

## Conclusion

While the lessons above should work if another Rothschild like Troll comes along, it's by no means guaranteed and the fact that Open Source project don't have the funding to defend themselves (even if they could raise it from the community) makes them look vulnerable. One thing the entire community could do to mitigate this problem is set up a community defence fund. We did this once before 16 years ago when SCO was threatening to sue Linux users and we could do it again. Knowing there was a deep pot to draw on would certainly make any Rothschild like Troll think twice about the vulnerability of an Open Source project, and may even deter the usual NPE type troll with more resources and better crafted patents.

Finally, it should be noted that this episode demonstrates how broken the patent system still is. The key element Rothschild like trolls require is the presumption of validity of a granted patent. In theory, in the light of the Alice decision, the USPTO should never have granted the patent but it did and once that happened the troll targets have no option than either to pay up the smaller sum requested or expend a larger sum on fighting in court. Perhaps if the USPTO can't stop the issuing of bogus patents it's time to remove the presumption of their validity in court … or at least provide some sort of prima facia invalidity test to apply at summary judgment (like the project is older than the patent, perhaps).

This entry was posted in Legal, Linux and tagged open source, patent troll, rothschild on 3 September 2020 [https://blog.hansenpartnership.com/lessons-from-the-gnome-patent-troll-incident/] .

---

## 5 thoughts on "Lessons from the GNOME Patent Troll Incident"

Steve


4 September 2020 at 02:41

Very good analysis and proposals! Thank you!


Vadim P
4 September 2020 at 03:15

Thanks for the update on the situation! Happy to see such a successful outcome for open-source.


Erik
10 September 2020 at 10:27

Why aren't legal expenses charged to the losing party? That would do a lot to prevent trolling.


Andrew Russell
10 September 2020 at 15:02

Great article! I wrote a response here:

https://ipde.com/blog/2020/09/10/open-source-community-not-defenseless-against-patent-trolls/


Krzysztof
12 November 2020 at 08:47

Really good summary and a description of the case. Thanks!

This site uses Akismet to reduce spam. Learn how your comment data is processed.