Randall T. Garteiser (CA State Bar No. 231821)
    rgarteiser@ghiplaw.com
Christopher A. Honea (CA State Bar No. 232473)
    chonea@ghiplaw.com
GARTEISER HONEA – IP TRIAL BOUTIQUE
119 W Ferguson, Tyler, TX  75702
Telephone: (888) 908-4400

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC**<br>Plaintiff,<br><br>v.<br><br>**DISCORD INC.,**<br>Defendants. | **Case No. 5:24-cv-703**<br><br>**Jury Trial Demanded** |

**OPPOSITION TO MOTION TO DISMISS BASED ON STANDING (DKT 19) AND OBJECTIONS TO BOTH EXHIBITS (DKT. NO. 20) AND REQUESTS FOR JUDICIAL NOTICE (DKT NO. 21)**

Plaintiff Display Technologies, LLC files this response in opposition to Defendant Discord, Inc.'s motion to dismiss.  As required under Civil L.R. 7-3(a), Plaintiff provides objections to Discord's supporting Exhibits 1-73 and Discord's Request for Judicial Notice. Distilling down the non-relevant and inappropriate content contained in the motion, it appears Discord contends Display Technologies is not the owner of the patents-in-suit.

Plaintiff Display Technologies is the owner of the patents-in-suit (U.S. Patent Nos. 8,671,195 and 9,300,723) and has been since 2015.  Dkt. No. 1-1 at ¶ 4. Indeed, the 2015 assignments of ownership are publicly available at the U.S. Patent and Trademark

Office.  *See*  https://assignment.uspto.gov/patent/index.html#/patent/search,  as  last

visited on April 10, 2024.  *See* Figures below.

   To the extent Defendant wants to challenge ownership and therefore standing, it

is welcome to pursue this defense, but it cannot expect to prevail by simply turning a

blind-eye to its obligations to the Court,[1] and actively exclude (omit) from the Court two

relevant public documents.   Indeed, the USPTO assignments of the Patents-in-Suit

corroborate Plaintiff Display Technologies' statement of ownership made to the Court at

Paragraph 4 of the complaint. Dkt. 1-1 at ¶ 4. Simply put, the USPTO assignments of

ownership contradict Discord positions. *See* Figures below.

| Invention title/Inventor | Patent | Publication | Application | PCT | International registration |
|---|---|---|---|---|---|
| ENABLING SOCIAL INTERACTIVE WIRELESS COMMUNICATIONS LEIGH M. ROTHSCHILD | 9300723 Mar 29, 2016 | 20120254360 Oct 04, 2012 | 13494097 Jun 12, 2012 | | |

**Assignments (3 of 3 total)**

**Assignment 3**

| Reel/frame | Execution date | Date recorded | Properties | Pages |
|---|---|---|---|---|
| 036044/0454 | May 18, 2015 | Jul 01, 2015 | 3 | 7 |

Conveyance
CORRECTIVE ASSIGNMENT TO CORRECT THE ASSIGNEE  NAME PREVIOUSLY RECORDED AT REEL: 035695 FRAME: 84. ASSIGNOR(S) HEREBY CONFIRMS THE ASSIGNMENT.

| Assignors | Correspondent |
|---|---|
| SSR PATENT HOLDINGS, LLC | NI, WANG & MASSAND, PLLC 8140 WALNUT HILL LANE DALLAS, TX 75231 |

**Assignee**
DISPLAY TECHNOLOGIES, LLC
1400 PRESTON ROAD
SUITE 400
PLANO, TEXAS 75093

---

[1] Civil L.R. 11-4 ("Practice with the honesty, care, and decorum required for the fair and efficient administration of justice; . . .").

| Invention title/Inventor | Patent | Publication | Application | PCT | International registration |
|---|---|---|---|---|---|
| Digital media communication protocol | 8671195 | 20090150554 | 11999570 | | |
| Leigh Rothschild | Mar 11, 2014 | Jun 11, 2009 | Dec 07, 2007 | | |

**Assignments (4 of 4 total)**

**Assignment 4**

| Reel/frame | Execution date | Date recorded | Properties | Pages |
|---|---|---|---|---|
| 036044/0454 | May 18, 2015 | Jul 01, 2015 | 3 | 7 |

**Conveyance**
CORRECTIVE ASSIGNMENT TO CORRECT THE ASSIGNEE NAME PREVIOUSLY RECORDED AT REEL: 035695 FRAME: 84. ASSIGNOR(S) HEREBY CONFIRMS THE ASSIGNMENT.

**Assignors**
SSR PATENT HOLDINGS, LLC

**Correspondent**
NI, WANG & MASSAND, PLLC
8140 WALNUT HILL LANE
DALLAS, TX 75231

**Assignee**
DISPLAY TECHNOLOGIES, LLC
1400 PRESTON ROAD
SUITE 400
PLANO, TEXAS 75093

*See* https://assignment.uspto.gov/patent/index.html#/patent/search, as last visited on April 10, 2024. Tellingly, with all of the documents (73 exhibits) and 340 paragraphs of requests for judicial notice Discord simply is just burdening the Court and unnecessarily increasing the cost of the litigation, a violation of Rule 1 of the Federal Rules of Civil Procedure. *See* Objections to Discord's Exhibits 1-73 and Discord's Requests for Judicial Notice at ¶¶1-340, including FRE402.

It is important to state the obvious - not one of the 73 exhibits conflicts with the complaint's affirmative statement that Plaintiff Display Technologies is the owner of the patents-in-suit. And it has been since 2015 with notably not one other defendant raising this standing issue, which leads one to believe no other zealous advocate for their clients believed standing is even a legitimate defense with any merit. Tellingly, Discord does not provide the Court with one other motion to dismiss related to Display Technologies since 2015 where a defendant raised the issue of standing.

Given the lack of relevancy of the 340 paragraphs Discord wants the Court to take judicial notice of, it seems logical to assume that if even one other accused infringer thought standing was an issue, Discord would have provided it to the Court. Discord did not. Discord has failed to meet its burden of proof.

As such, the Court should deny the motion to dismiss without prejudice. Defendant is welcome to pursue its defense through discovery and file another motion for summary judgment should it uncover in discovery, testimony, or a document that contradicts the ownership of the patents-in-suit by Display Technologies, LLC as indicated in the Complaint. Dkt. No. 1 at ¶ 4 ("Display Technologies is the owner of U.S. Patent Numbers 9,300,723 (Exhibit A [Dkt. No. 1-1] and 8,671,195 (Exhibit C [Dkt. No. 1-3]).").

**Evidentiary Objections Pursuant to Civil L.R. 7-3(a).**

Plaintiff objects to all 73 Exhibits Defendant has filed with the Court and paragraphs 1-340 of the request for judicial notice as follows:

**1. Hearsay without an Exception (FRE802).**

Defendants' Exhibits 1-73 and 1-340 paragraphs of the judicial notice request are hearsay without an exception.  Discord nor its attorneys have any personal knowledge of any of the information that it is attempting to include into the record prematurely at the pleading stage.

Thus, the Court should sustain this objection under FRE802 as no exception is provided by Defendant pursuant to FRE803 that was foreseeable as relevant and thus improper for Discord to raise for the first time in its reply.

**2. Lack of Personal Knowledge – FRE 602**

Plaintiff objects to Defendants' Exhibits 1-73 and the 1-340 paragraphs of the judicial notice request for a lack of personal knowledge by the declarant.

Thus, the Court should sustain this objection based upon FRE602.  *See* FRE602 ("This requirement helps to ensure that the testimony is based on actual, firsthand experience rather than speculation, assumption, or hearsay. It's a fundamental aspect of ensuring the reliability and credibility of evidence presented in court.")

**3. Relevance – FRE602.**

Plaintiff objects to Defendant's Exhibits 1-73 and paragraphs 1-340 of the request for judicial notice under relevancy. Under FRE602, none of the documents support a

position contrary to Display Technologies owning and asserting the patents-in-suit as claimed in the operative complaint and confirmed through assignments on file at the USPTO since 2015.  As such, Defendant's Exhibits and paragraphs 1-340 of the request for judicial notice irrelevant evidence does not contribute to proving or disproving any fact that is of consequence to the determination of the action.  FRE602.

Thus, Display Technologies objects to their inclusion and asks the Court to sustain this objection.

**4. More Prejudicial than Relevant – FRE603.**

Plaintiff objects to Defendant's Exhibits 1-73 and paragraphs 1-340 of the request for judicial notice under FRE603, as these items are prejudicial in attempting to slander Leigh Rothschild, an inventor himself of the patents-in-suit, and director of Display Technologies, LLC and the parent company Patent Asset Management, LLC, to attempt to invoke an emotional response or bias that is disproportionate to their factual value assuming the Court were to even find them relevant under FRE601 in the first place.

Here, the Exhibits 1-73 and judicial notice requests at paragraphs 1-340 appear to be meant to mislead the court or distract the court's staff from the main issues of the case.

Discord appears to be acting confused, or perhaps otherwise has the intent to harass or embarrass Plaintiff by citing a cluster of documents and requesting judicial notice of a number of facts that it does not adequately bother to explain to the Court. This begs the question whether it's being done to compel the Court to take judicial notice of the event or occurrence and not the facts asserted.

To provide context, Discord seems to want to include its spin on other acts in other cases to imply a negative impression to this Court on a case that involves completely different facts, counsel and parties.  For example, prior counsel for Display Technologies had health issues and sadly passed away in the 2022 timeframe.  Plaintiff's present counsel now has the privilege of being engaged to represent Display Technologies, LLC in this patent infringement case where Discord is alleged to be a willful infringer of the

patents-in-suit.   On information and belief Discord takes the position of being an efficient infringer where it forces much smaller companies like Display Technologies to undertake the effort of preparing and filing a lawsuit just to obtain at least a reasonable royalty for the alleged willful infringement.   Display Technologies filed a patent infringement lawsuit after completing a Rule 11 analysis.

The Court should sustain Display Technologies relevancy objection to Exhibits 1-73 (Dkt. No. 20) and paragraph 1-340 (Dkt. No. 21) of the judicial notice request as not one of them conflicts with Display Technologies owning the patents-in-suit. These items are not relevant, are confusing, a violation of Rule 1 as they needlessly increase the complexity without just cause, and are meant to harass the inventor Leigh Rothschild and confuse the Court.

As such, Display Technologies objects to their inclusion and asks the Court to sustain this objection under FRE603.

**5. Rule 901 – Authenticating or Identifying Evidence.**

Under FRE901(a), "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  FRE901(a).

Here, Discord makes no attempt to identify any document with specificity that it is attempting for the Court to take judicial notice of.  For example, it is unclear if Discord is asking the Court to take judicial notice of the docket entries of a case.  Also, litigation cited involves parties not relevant to this litigation with no offer of relevance made by Discord. *See* Michael and Adler, Real Proof, 5 Vand.L.Rev. 344, 362 (1952); McCormick §§179, 185; Morgan, Basic Problems of Evidence 378. (1962) ("Authentication and identification represent a special aspect of relevancy.").

As the moving party, Discord provides no evidence sufficient to support a finding that the item is what it claims it is, in part because Discord does not even make it clear with clarity what item is being asked to take judicial notice of.

Thus, the Court should deny Discord's request for judicial notice of Exhibits 1-

340.

**6. Rule 902 – Evidence That Is Self-Authenticating.**

Discord appears to ask the Court to take judicial notice of facts it claims to be taken from domestic public documents. But Discord does not provide any signed or documents with a seal purporting to be that of the United States government agency or court. Additionally, fails to properly certify any of the items under Rule 902(11)-(13) and FRE803(6)(A)-(C).

Thus, the Court should deny Defendant Discord's motion for judicial notice because it fails to even attempt to satisfy FRE803(6)(A)-(C) and FRE902.

**7. Rule 1002 – Best Evidence Rule.**

Rule 1002 emphasizes the importance of original documents for proving the contents of writings, recordings, and photographs in legal proceedings. This rule serves to ensure the authenticity and accuracy of the evidence presented in court, although there are exceptions where copies may be admitted under certain circumstances.

Here, Discord fails to provide any exception to not providing the best evidence to the Court. Thus, the Court should deny Discord request for judicial notice.

There appears to be just one citation vaguely made to Paragraphs 1-337 in the motion for judicial notice. (Mot. at 1-2). So, to the extent the Court does not even rely on any of the information in the request for judicial notice, this is another independent reason to deny Discord's request for judicial notice. *See LVDV Holdings, LLC v. Shelton,* No. CV 22-5921-RSWL-PD X, 2023 WL 3258437, at *3 (C.D. Cal. May 2, 2023) ("The Court DENIES as moot Defendant's request as to items (1) and (3), as the Court does not rely on those documents in reaching its decision.") (emphasis in original); *see also Flate v. Mortg. Lenders Network USA, Inc.,* No. CV 15-08873-AB (FFMx), 2016 WL 9686051, at *4 (C.D. Cal. Mar. 4, 2016) (denying as moot a request for judicial notice where "the [c]ourt did not rely on any documents in . . . its ruling").

Tellingly, Discord provides no proposed order to assist the Court and Plaintiff with understanding what exactly Discord is trying to take judicial notice of.

1   In closing, Plaintiff respectfully asks that the Court take Defendant's motion

2   under submission without need of an oral argument to save the expense of appearing for

3   a hearing on this motion and serves no purpose other than to attempt to delay resolution

4   on the merits of the patent infringement case.

5   Deny the motion to dismiss without prejudice.

6   Sustain Plaintiff Display Technologies' objections made in this opposition as

7   required under Civil L.R. 7-3(a).

8   Deny the request for judicial notice (Dkt. No. 21).

9   Deny the oddly requested relief for jurisdictional discovery as unprecedented and

10  is something Discord may partake in as part of factual discovery period allowed under

11  the Court's scheduling order to be entered.

12

13  Dated: April 12, 2024                    Respectfully submitted,

14                                           GARTEISER HONEA, PLLC

15                                           */s/ Randall Garteiser*

16                                           Randall Garteiser
                                             CA State Bar No. 231821

17                                           rgarteiser@ghiplaw.com
                                             Christopher A. Honea

18                                           CA State Bar No. 232473
                                             chonea@ghiplaw.com

19                                           **GARTEISER HONEA, PLLC**

20                                           119 W. Ferguson Street
                                             Tyler, Texas 75702

21                                           Telephone: (903) 705-7420

22                                           **Attorneys for Plaintiff**

23

24

25

26

27

28