Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
Francesca M. S. Germinario (State Bar No. 326208)
24-703@cases.warrenlex.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendant Discord Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DISCORD INC., <br><br> Defendant. | Case No. 5:24-cv-00703-PCP <br><br> **REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF STANDING BY DEFENDANT DISCORD INC.** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES............................................................................................................ii

INTRODUCTION...........................................................................................................................1

ARGUMENT...................................................................................................................................1

    I.      Plaintiff Declined to Address Any of Discord's Motion, Thus Waiving Any Opposition........1

    II.     Plaintiff's Sole Argument Attacks a Straw Man Argument That Discord Did Not Make........3

    III.    Plaintiff Misstates the Burden of Proof, Which It Must Bear to Show Jurisdiction.............4

    IV.    The Court Should Overrule Plaintiff's Evidentiary Objections.............................................4

          A.      Discord's Evidence Passes the Correct Evidentiary Standard.......................................5

          B.      Discord's Request for Judicial Notice Passes the Correct Evidentiary Standard.........6

CONCLUSION................................................................................................................................8

# TABLE OF AUTHORITIES

*Cases*             **Pages**

*Bernahl v. Eversheds Sutherland Ltd.*,
    No. 23-411, — F. Supp. 3d. —, 2023 WL 6796022 (N.D. Cal. Oct. 13, 2023). . . . . . . . . . . 1

*Block v. City of Los Angeles*,
    253 F.3d 410 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*City of Arcadia v. U.S. Env't Prot. Agency*,
    265 F. Supp. 2d 1142 (N.D. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Cobarrubia v. Edwards*,
    No. 19-7899, 2021 WL 4846948 (N.D. Cal. June 4, 2021) . . . . . . . . . . . . . . . . . . . . . . . 2

*Deal v. Countrywide Home Loans, Inc.*,
    No. 09-1643, 2013 WL 3157914 (N.D. Cal. June 20, 2013) . . . . . . . . . . . . . . . . . . . . . . 7

*Dimas v. JPMorgan Chase Bank, N.A.*,
    No. 17-5205, 2018 WL 809508 (N.D. Cal. Feb. 9, 2018) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Fraser v. Goodale*,
    342 F.3d 1032 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5, 6

*Harris v. Cty. of Orange*,
    682 F.3d 1126 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Harris v. Provident Life & Accident Ins. Co.*,
    26 F.3d 930 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Online DVD Rental Antitrust Litig.*,
    No. 09-2029, 2011 WL 5883772 (N.D. Cal. Nov. 23, 2011) . . . . . . . . . . . . . . . . . . . . . . 2

*Jenkins v. Cnty. of Riverside*,
    398 F.3d 1093 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Leite v. Crane Co.*,
    749 F.3d 1117 (9th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 5

*Norse v. City of Santa Cruz*,
    629 F.3d 966 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Parker v. Comcast Cable Commc'ns Mgmt., LLC*,
    No. 15-5673, 2017 WL 2289176 (N.D. Cal. May 25, 2017) . . . . . . . . . . . . . . . . . . . . . . 2

*Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*,
    858 F.3d 1383 (Fed. Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

//

**TABLE OF AUTHORITIES**
*(continued)*

*Cases*                                                      **Pages**

*Rothschild Digit. Confirmation, LLC v. CompanyCam, Inc.*,
   494 F. Supp. 3d 263 (D. Del. 2020) .................................................. 3

*Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*,
   343 F.3d 1036 (9th Cir. 2003) .......................................................... 2

*Stop the Beach Renourishment, Inc. v. Florida Dep't of Envtl. Prot.*,
   560 U.S. 702 (2010), *aff'd*, 747 F. App'x 565 (9th Cir. 2018) ........ 2

*St. Clair v. City of Chico*,
   880 F.2d 199 (9th Cir. 1989) ........................................................ 1, 2

*Toxgon Corp. v. BNFL, Inc.*,
   312 F.3d 1379 (Fed. Cir. 2002) ........................................................ 4

*United States v. Reunion Mortg., Inc.*,
   No. 13-2340, 2013 WL 5944252 (N.D. Cal. Nov. 5, 2013) ............ 2

*Statutes & Rules*

Fed. R. Civ. P. 12(b)(1) ................................................................ 1, 3, 4, 5

Fed. R. Civ. P. 30(b)(1) ...................................................................... 5, 6

Fed. R. Civ. P. 30(b)(6) ...................................................................... 5, 6

Fed. R. Civ. P. 32 .................................................................................... 6

Fed. R. Civ. P. 56 .................................................................................... 5

Fed. R. Evid. 201(b)(2) ........................................................................... 7

Fed. R. Evid. 801(d)(2) ....................................................................... 5, 6

Fed. R. Evid. 802 .................................................................................... 7

Fed. R. Evid. 803(5) ............................................................................... 5

Fed. R. Evid. 803(6) ........................................................................... 5, 6

Fed. R. Evid. 901 .................................................................................... 7

Fed. R. Evid. 902(4) ............................................................................... 5

*Other Proceedings*

*Dimas v. JPMorgan Chase Bank, N.A.*,
   No. 17-5205, Docket No. 15-1 (N.D. Cal. Oct. 16, 2017) .............. 7

*Dimas v. JPMorgan Chase Bank, N.A.*,
   No. 17-5205, Docket No. 16-2 (N.D. Cal. Oct. 30, 2017) .............. 7

# INTRODUCTION

Discord's motion to dismiss explained how the Rothschild entities, including plaintiff here, file poor-quality infringement cases and seek to avoid Court scrutiny of their claims. Plaintiff's response in opposition provides a telling example of that pattern. Plaintiff chooses not to address any of Discord's arguments, and thus waives any opposition to them. Instead of addressing Discord's arguments, plaintiff merely repeats that it is the patentee of record, which Discord's motion explained is irrelevant. Plaintiff even misstates the burden of proof, claiming incorrectly that Discord bore the burden to establish a lack of jurisdiction when the law puts the burden on plaintiff to show that this Court has jurisdiction to hear its claims. Plaintiff would rather waive opposition to Discord's motion than provide any defense or even explanation of the Rothschild entities' licensing practices. Given what Discord's motion already showed about those licensing practices, plaintiff's decision may well be a rational one—but it has consequences that plaintiff cannot avoid. Plaintiff has not met its burden to show that this Court has jurisdiction to hear its claims. It has not even tried to do so. The Court should dismiss this action.

# ARGUMENT

## I.  Plaintiff Declined to Address Any of Discord's Motion, Thus Waiving Any Opposition

Discord brought a "factual Rule 12(b)(1) motion" that attacked "'the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in doing so rel[ied] on affidavits or any other evidence properly brought before the court.'" *Bernahl v. Eversheds Sutherland Ltd.*, No. 23-411, — F. Supp. 3d. —, —, 2023 WL 6796022, at *1 (N.D. Cal. Oct. 13, 2023) (quoting *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)); *see generally* Mot. Discord's motion established at least that:

- Patent Asset Management can license any patent held by any of its subsidiaries, and offered to license those patents to Discord (Mot. at 4-6);
- Leigh Rothschild can license any patent held by any of his companies, and licensed those patents at least to Valve, GNOME, and anyone developing open-source software distributed under a license approved by the Open Source Initiative (*id.* at 6-10);
- Standing to bring patent infringement claims requires the right to exclude (*id.* at 10-12);
- Leigh Rothschild's companies, including Patent Asset Management and its subsidiaries, lack the right to exclude, and thus plaintiff Display Technologies, LLC lacked standing to bring the claims in its complaint on the date of filing (*id.* at 4-10, 12-13); and
- This failure has no cure and thus requires dismissal (*id.* at 13-14).

Discord "submitted extensive evidence outside the pleadings" with its motion. *Leite v. Crane Co.*, 749

F.3d 1117, 1122 (9th Cir. 2014).  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)).  Plaintiff neither provided the required responsive evidence nor addressed Discord's points in any other fashion.

Having failed to rebut or even respond to Discord's arguments, plaintiff has waived any objection to them.  Where a plaintiff "does not address, let alone dispute" an argument, it is "an acknowledgement that Defendants' argument has merit."  *United States v. Reunion Mortg., Inc.*, No. 13-2340, 2013 WL 5944252, at *6 (N.D. Cal. Nov. 5, 2013) (citing *In re Online DVD Rental Antitrust Litig.*, No. 09-2029, 2011 WL 5883772, at *12 (N.D. Cal. Nov. 23, 2011)); *see, e.g.*, *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005)) (plaintiff "abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment"); *Parker v. Comcast Cable Commc'ns Mgmt., LLC*, No. 15-5673, 2017 WL 2289176 at *8 (N.D. Cal. May 25, 2017) ("Given Plaintiff's failure to mention wage retaliation in her Opposition, the Court determines Plaintiff has conceded she has no evidence to support her claim of wrongful termination based on wage complaints.") (citing *Stop the Beach Renourishment, Inc. v. Florida Dep't of Envtl. Prot.*, 560 U.S. 702, 729 (2010)), *aff'd*, 747 F. App'x 565 (9th Cir. 2018); *City of Arcadia v. U.S. Env't Prot. Agency*, 265 F. Supp. 2d 1142, 1154 n.16 (N.D. Cal. 2003)) (the "implication of this lack of response is that any opposition to this argument is waived"); *Cobarrubia v. Edwards*, No. 19-7899, 2021 WL 4846948, at *3 (N.D. Cal. Jun. 4, 2021) (finding plaintiff abandoned or waived argument "due to the failure to address the issue in her opposition.").  Plaintiff evidently concluded that waiving any opposition to Discord's motion was a better litigation strategy than responding to Discord's points, which would require the Rothschild entities to reveal their licensing practices.  Plaintiff's choice has consequences:  having declined to justify this Court's jurisdiction in order to shield the Rothschild entities' licensing practices from the Court's scrutiny, plaintiff has waived its claim to jurisdiction, and cannot maintain this action.  The Court can and should dismiss it for this reason alone.

**II.     Plaintiff's Sole Argument Attacks a Straw Man Argument That Discord Did Not Make**

Misunderstanding Discord's motion, plaintiff states that "Discord contends Display Technologies is not the owner of the patents-in-suit," and then attacks this straw man. Opp. at 1:23-25; *see id.* at 1-3. But Discord's motion noted that "[i]t does not matter if the plaintiff owns the patents" (Mot. at 12:21-22), and explained that it made a "factual Rule 12(b)(1) motion," which attacked "the substance of a complaint's jurisdictional allegations despite their formal sufficiency." *Id.* at 11:12-14; *see id.* § I.A. Discord "submitted extensive evidence outside the pleadings" to support its motion. *Leite*, 749 F.3d at 1122. Plaintiff cannot avoid Discord's factual challenge by repeating allegations in the complaint.[1]

Plaintiff misunderstands like a fox. As courts have repeatedly noted, plaintiff and the other Rothschild entities file cases but have "no intention of testing the merits of one's claims," and thus are the rare prolific litigants that go to great lengths to avoid actual scrutiny from any court. Mot. at 2:16 (quoting *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, 858 F.3d 1383, 1390 (Fed. Cir. 2017); *see* Mot. § A; *see* generally RJN. Plaintiff's opposition to Discord's motion is yet another example of this "pattern of troubling litigation conduct." Mot. at 2:19 (quoting *Rothschild Digit. Confirmation, LLC v. CompanyCam, Inc.*, 494 F. Supp. 3d 263, 267-68 (D. Del. 2020)). By misconstruing the motion, plaintiff avoids filing the required responsive evidence regarding the Rothschild entities' licensing practices, or indeed any evidence at all. *See generally* Opp. Again, this choice has consequences: plaintiff cannot maintain this action in this Court.[2]

---

[1] Mot. § I.A. Not that it would matter, but plaintiff cannot claim ignorance of the law here. Shortly after Discord filed its motion, plaintiff indicated that it might respond by filing an amended complaint. Ex. 74. Discord promptly explained why doing so would not suffice. Ex. 75. (Throughout this brief, Exhibits 1-73 are to the first Germinario declaration, Docket No. 20; Exhibits 74 and up are to the second Germinario declaration, filed concurrently with this reply.)

[2] Plaintiff also claims that Discord's argument must fail because no one has made it before. Opp. at 3:20-28. This premise is ludicrous: if litigants could only argue what other litigants had already argued, the common law would remain as imported from England before the Revolution. Even indulging this ludicrous premise, however, it is easy to understand why no one has made this argument before: the Rothschild entities' pattern of settling for rock-bottom prices to shield their claims from scrutiny, *see* Mot. § A & Request for Judicial Notice, Docket No. 21 ("RJN"), and their insistence on confidentiality provisions to shield their settlements from the public. *See, e.g.*, Ex. 53 § 9; Ex. 69 § 10; Ex. 72 § 10. Only after publication of the GNOME license in 2020 and the Valve license in 2023 could a party such as Discord perceive the Rothschild entities' pattern of licensing and understand its effect on their standing to sue. And only because Patent Asset Management first proposed a non-disclosure agreement (Ex. 55) but then refused to sign it (Ex. 68) could Discord reveal its license offers here.

### III. Plaintiff Misstates the Burden of Proof, Which It Must Bear to Show Jurisdiction

Without citation, plaintiff states that "Discord has failed to meet its burden of proof." Opp. at 3:28. Again, plaintiff misunderstands. "In a Rule 12(b)(1) motion, the plaintiff bears the burden to show by a preponderance of the evidence that the district court has subject matter jurisdiction." *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1383 (Fed. Cir. 2002) (citing *Harris v. Provident Life & Accident Ins. Co.*, 26 F.3d 930, 932 (9th Cir. 1994)); *see* Mot. at 10:24-25. And again, plaintiff misunderstands like a fox: by claiming Discord bears the burden of proof, plaintiff avoids highlighting its own failure to provide the required evidence regarding the Rothschild entities' licensing practices. And again, plaintiff must accept the consequences of this choice, including that it cannot maintain this action in this Court.[3]

### IV. The Court Should Overrule Plaintiff's Evidentiary Objections

Plaintiff does not challenge the accuracy of either Discord's evidence or the facts of which Discord requested judicial notice. Nor could it: Discord's evidence included the Rothschild entities' own litigation filings and other public filings, declarations of Mr. Rothschild and other representatives of those entities, correspondence from lawyers for those entities, and two licenses executed by Mr. Rothschild. Plaintiff even confirmed the provenance of those two licenses, Exs. 69 & 72, by claiming that they were confidential and seeking their withdrawal from the public docket. *See* Exs. 76, 77. And Discord's request for judicial notice submits only facts from PACER entries, easily verifiable there.

Unable to challenge Discord's motion on the merits, plaintiff instead levels blunderbuss evidentiary objections, claiming that each of its seven objections applies to all 73 of Discord's exhibits, or the entirety of Discord's Request for Judicial Notice, or both. Opp. at 4-8. The Court can quickly dispense with plaintiff's objections, as they misunderstand both the evidentiary rules governing Discord's motion and the standard for judicial notice.

//

---

[3] In the alternative, Discord asked the Court to stay this action pending jurisdictional discovery. Mot. § III. Once again, plaintiff's opposition does not address the request for a stay, waiving any objection. *See supra* § I. Instead plaintiff opposes Discord's "requested relief for jurisdictional discovery as unprecedented," ignoring Discord's citations to precedent. *See* Mot. § III. Although Discord's alternative request is no longer relevant in light of plaintiff's waiver of opposition to Discord's primary request for dismissal, plaintiff has also waived opposition to a stay pending resolution of jurisdiction. *See supra* § I.

### A. Discord's Evidence Passes the Correct Evidentiary Standard

Plaintiff's evidentiary objections, Opp. at 4-8, do not specify the governing standard, but appear to assume that the Court is considering evidence offered to a jury. This assumption is incorrect, making plaintiff's objections irrelevant. Courts evaluate factual attacks under Rule 12(b)(1) "under the same evidentiary standard that governs in the summary judgment context." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) (en banc)). In that context, "a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56." *Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Thus "we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

In *Fraser*, plaintiff employee relied on her diary at summary judgment, and defendant employer objected to the diary as hearsay. 342 F.3d at 1036. The Court of Appeals overruled this objection, noting that "[i]t would be sufficient if the contents of the diary are admissible at trial, even if the diary itself may be inadmissible," and finding those contents admissible:

> The contents of the diary are mere recitations of events within Fraser's personal knowledge and, depending on the circumstances, could be admitted into evidence at trial in a variety of ways. Fraser could testify to all the relevant portions of the diary from her personal knowledge. If she forgets the exact dates or the details of the event, she may be able to use the diary to refresh her recollection. Indeed, even inadmissible evidence may be used to refresh a witness's recollection. If the diary fails to refresh her recollection, she might still be able to read the diary into evidence as a recorded recollection under Fed. R. Evid. 803(5).

*Fraser*, 342 F.3d at 1036-37 (citations omitted). "Because the diary's contents could be presented in an admissible form at trial," the Court found that it "may consider the diary's contents in the Bank's summary judgment motion." *Id.*

Under this standard, the Court may consider all of the evidence Discord submitted with its motion. For documents regarding the formation and structure of the Rothshild entities, *e.g.*, Exs. 1-3, 7-26, Discord could present admissible evidence at trial showing their contents through certified copies of public records (Fed. R. Evid. 902(4)), business records of those entities (*id.* 801(d)(2), 803(6)), and testimony of their witnesses either at deposition under Fed. R. Civ. P. 30(b)(1), (6), or at trial.

For documents including written testimony of Mr. Rothschild or other witnesses, *e.g.*, Exs. 4-6, 27-43, 47, 48, Discord could present admissible evidence at trial showing their contents through testimony of those witnesses either at deposition or trial, as well as through business records of the Rothschild entities (Fed. R. Evid. 803(6)).

For deposition testimony of Mr. Rothschild, *e.g.*, Exs. 45 & 46, Discord could present admissible evidence at trial showing their contents through the deposition transcripts themselves (Fed. R. Civ. P. 32) or through additional testimony of Mr. Rothschild either at deposition or at trial.

For documents regarding licensing discussions between Discord and the Rothschild entities, *e.g.*, Exs. 50-68, Discord could present admissible evidence at trial showing their contents through business records of those entities (Fed. R. Evid. 801(d)(2), 803(6)) and testimony of their witnesses either at deposition under Fed. R. Civ. P. 30(b)(1), (6), or at trial.

For the Rothschild entities' licenses to Valve and covering open-source software, Exs. 69, 72, Discord could present admissible evidence at trial showing their contents through the licenses themselves, which are business records of the Rothschild entities (Fed. R. Evid. 801(d)(2), 803(6)), as well as through testimony of the signatories to those licenses or witnesses for each corporate signatory either at deposition under Fed. R. Civ. P. 30(b)(1), (6), or at trial.

For documents regarding the Rothschild entities' prior litigation, *e.g.*, Exs. 4-6, 27-49, 69-72, Discord could present admissible evidence at trial showing their contents through business records of those entities (Fed. R. Evid. 801(d)(2), 803(6)) and testimony of their witnesses either at deposition under Fed. R. Civ. P. 30(b)(1), (6), or at trial.

Finally, for James Bottomley's blog post, Ex. 73, Discord could present admissible evidence at trial showing its contents through testimony of Mr. Bottomley either at deposition or at trial.

Thus, for each document Discord submitted, not only does plaintiff not contest its contents, but also Discord could present admissible evidence showing those contents at trial. The Court should overrule plaintiffs' inapposite evidentiary objections. *See Fraser*, 342 F.3d at 1036-37; *see supra*.

**B.    Discord's Request for Judicial Notice Passes the Correct Evidentiary Standard**

Discord's Request for Judicial Notice, Docket No. 21, explained how the Court should take notice of specific facts which are "not subject to reasonable dispute" and which can be "accurately and

readily determined from sources whose accuracy cannot reasonably be questioned"—namely, litigation activity by the Rothschild entities, which the Court or anyone else can verify by accessing public documents on PACER.  RJN ¶¶ 1-340; Fed. R. Evid. 201(b)(2); *see, e.g.*, *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (citation omitted).

Tellingly, although plaintiff can access not only the PACER records from which Discord compiled the request but also the Rothschild entities' litigation records showing the same information, plaintiff does not claim that any facts within that notice are either "subject to reasonable dispute" or cannot be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); RJN ¶¶ 1-340.  Instead, plaintiff levels seven objections under other Rules of Evidence, from hearsay to best evidence.  Opp. at 4-8.  Yet again, plaintiff misreads the law.  Courts take judicial notice of facts, not documents, and facts judicially noticed under Rule 201 cannot be hearsay or not the best evidence, as they are independent of any source.  Applying this rule, this Court has prevented other parties from making the kind of objections that plaintiff does here.  For example, in *Dimas v. JPMorgan Chase Bank, N.A.*, No. 17-5205 (N.D. Cal.), defendant sought judicial notice of records from PACER and other public sources.  *Dimas*, Docket No. 15-1 (Oct. 16, 2017).  Plaintiff objected on grounds including Fed. R. Evid. 802 & 901.  *Dimas*, Docket No. 16-2 (Oct. 30, 2017).  The Court overruled these objections, noting that plaintiffs did "not actually identify any facts that they dispute," and that "[j]udicial notice of these documents is appropriate."  *Dimas v. JPMorgan Chase Bank, N.A.*, No. 17-5205, 2018 WL 809508, at *5-6 (N.D. Cal. Feb. 9, 2018).

Similarly, in *Deal v. Countrywide Home Loans, Inc.*, No. 09-1643, 2013 WL 3157914 (N.D. Cal. June 20, 2013), defendants asked the Court to "take judicial notice of documents recorded in the Official Records of Alameda County." *Id.* at *1.  Plaintiff objected on hearsay grounds.  *See id.*  But the Court found that, "because Plaintiff does not challenge the authenticity of these documents, the Court may take judicial notice of them." *Id.*  So too here:  plaintiff neither identifies any facts in dispute, nor challenges the authenticity of PACER's database, from which the facts in Discord's request can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  The Court should follow its usual practice and take judicial notice as Discord requested.

**CONCLUSION**

Plaintiff asks this Court to intervene on its behalf, but fails to honor its simplest and most basic obligation in doing so: establishing the jurisdiction of the Court. Plaintiff's failure is fatal. For the reasons stated above and in Discord's motion, the Court should dismiss this action for lack of standing.

Date: April 19, 2024

Respectfully submitted,

_____
Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
Francesca M. S. Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
24-703@cases.warrenlex.com

*Attorneys for Defendant Discord Inc.*