# EXHIBIT 75

Case 5:24-cv-00703-PCP   Document 26-2   Filed 04/19/24   Page 1 of 2

2261 MARKET STREET, NO. 606
SAN FRANCISCO, CALIFORNIA, 94114

# Warren Kash Warren

WARRENKASHWARREN.COM
+1 (415) 895 2940

April 3, 2024

**By Electronic Mail**

Randall Garteiser
Garteiser Honea PLLC
119 West Ferguson Street
Tyler, Texas, 75702
rgarteiser@ghiplaw.com

Re:   Display Technologies, LLC v. Discord Inc., No. 24-703 (N.D. California)

Dear Mr. Garteiser:

I write in response to your email of this past Monday, April 1, regarding plaintiff's response to Discord's motion to dismiss this action. As an initial matter, you indicated that we filed the motion to dismiss on Thursday, March 28, but that is incorrect; we did so on Friday, March 29.

You have asked for more time to respond to our motion to dismiss. We suggest the industry standard one-week extension for both opposition and reply, which would put your opposition on Friday, April 19, and our reply on Friday, May 3. To meet the Court's requirement of two weeks to consider the papers before hearing on Thursday, May 16, we are willing to shave one day off our time, giving us a six-day extension of time to file until Thursday, May 2. Please confirm this schedule is acceptable to you, and we will prepare a stipulation.

Finally, your email includes the statement that "Display Technologies' Deadline" is a "Deadline to file an amended complaint OR opposition to dismiss and Reply to Answer." To the extent that the "OR" in this phrase implies that filing an amended complaint could affect plaintiff's deadline to respond to the motion to dismiss, it does so incorrectly. Although an amended complaint could substitute for a response to a motion to dismiss in some situations, such as a motion under Rule 12(b)(6) challenging sufficiency of the allegations in a complaint, the situation here is quite different. As you know, Discord's pending motion makes a factual attack, using evidence from outside the complaint, to argue that plaintiff had no standing as of the date of filing. Under these circumstances, no amendment to the complaint can moot the motion. Indeed, an amended complaint is not even a cognizable response to a factual attack on jurisdiction, because "[o]nce a factual attack has been made, the plaintiff has the burden to provide proof of jurisdiction 'under the same evidentiary standard that governs in the summary judgment context.'" *Cheng v. Speier*, 609 F. Supp. 3d 1046, 1051 (N.D. Cal. 2022), *aff'd*, No. 22-16170, 2023 WL 4490352 (9th Cir. July 12, 2023) (citing *Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014)).

We look forward to briefing the motion and resolving this issue. I hope we can agree quickly on the briefing schedule and turn to the merits. Thank you for your continued time and courtesy in this matter.

Very Truly Yours,

Matthew Warren

cc:   Patent Asset Management Counsel (ghpam@ghiplaw.com)