Randall T. Garteiser (CA State Bar No. 231821)
    rgarteiser@ghiplaw.com
Christopher A. Honea (CA State Bar No. 232473)
    chonea@ghiplaw.com
GARTEISER HONEA – IP TRIAL BOUTIQUE
119 W Ferguson, Tyler, TX  75702
Telephone: (888) 908-4400

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC**<br>    Plaintiff,<br><br>v.<br><br>**DISCORD INC.,**<br>    Defendants. | **Case No. 5:24-cv-703**<br><br>**Jury Trial Demanded** |

## SUPPLEMENTAL FILING IN RESPONSE TO COURT'S MINUTE ORDER

## (DKT 30)

Plaintiff Display Technologies, LLC files this additional evidence in support of its opposition to Defendant Discord, Inc.'s motion to dismiss. Here, a parent company, Patent Asset Management, LLC (Dkt. 22) retains no rights to initiate enforcement proceedings or control settlements, for its subsidiary Display Technologies, LLC.  This is shown in the PTO filings of ownership.  Mere ownership of a subsidiary does not confer standing on the parent to sue for infringement of its subsidiary's patents. *See Deere & Company v. Kinze Manufacturing, Inc.*, 683 F.Supp.3d 904 (2023); *Alarm.com, Inc. v. SecureNet Technologies LLC,* 345 F.Supp.3d 544 (2018)).

Defendant's alleged evidence, upon close inspection, indicates that in prior agreements involving PAM's subsidiary Display Technologies, LLC, where a license was

provided to a licensee of its asserted patents, as with Valve Corporation, other subsidiaries now under PAM provided not a license, but instead a covenant not to sue. To clarify, as the plaintiff, Display Technologies, provided a patent license to the assert patents it asserted.  Then, other subsidiaries under the control of PAM, with director Liegh Rothschild provided NOT A PATENT LICENSE, but a covenant not to sue.  This is apparent by the evidence already in the record, just respectfully, confusingly presented to the Court in an attempt to portray Plaintiff in a negative light.

Defendant Discord invites judicial error by inviting the Court to hold that a parent company cannot tell a subsidiary what **not** to do.  What Discord conflates is the ability to tell a subsidiary what not to do – like initiate a lawsuit for patent infringement, with what a parent cannot do – issue a third party a license to patents owned by a subsidiary. There is no evidence before this Court that the latter exists.  And the prior is a corporate necessity and reality that a wholly owned subsidiary must follow the instructions of its parent company.  That is why in the Valve global settlement a different signature block exists for Display Technologies, LLC.

Dated: May 23, 2024

Respectfully submitted,
GARTEISER HONEA, PLLC

*/s/ Randall Garteiser*
Randall Garteiser
CA State Bar No. 231821
rgarteiser@ghiplaw.com
Christopher A. Honea
CA State Bar No. 232473
chonea@ghiplaw.com
**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420

**Attorneys for Plaintiff**