```
 1                    UNITED STATES DISTRICT COURT

 2                   NORTHERN DISTRICT OF CALIFORNIA

 3                          SAN JOSE DIVISION

 4

 5     DISPLAY TECHNOLOGIES, LLC,      )   C-24-00703 PCP
                                       )
 6                       PLAINTIFF,    )   SAN JOSE, CALIFORNIA
                                       )
 7               VS.                   )   MAY 16, 2024
                                       )
 8     DISCORD INC.,                   )   PAGES 1-14
                                       )
 9                       DEFENDANT.    )
       _____ )
10

11

12                      TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE P. CASEY PITTS
13                   UNITED STATES DISTRICT JUDGE

14

15     A P P E A R A N C E S:

16     FOR THE PLAINTIFF:    GARTEISER HONEA
                             BY:  RANDALL T. GARTEISER (BY ZOOM)
17                           119 WEST FERGUSON
                             TYLER, TEXAS  75702
18

19     FOR THE DEFENDANT:    WARREN KASH WARREN LLP
                             BY:  MATTHEW S. WARREN
20                           2261 MARKET STREET, NO. 606
                             SAN FRANCISCO, CALIFORNIA  94114
21

22

23     OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                   CERTIFICATE NUMBER 9595
24

25             PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                   TRANSCRIPT PRODUCED WITH COMPUTER
```

```
1        SAN JOSE, CALIFORNIA                      MAY 16, 2024
2                        P R O C E E D I N G S
3           (COURT CONVENED AT 10:51 A.M.)
4              THE CLERK:  ALL RIGHT.  CALLING THE NEXT CASE THIS
5    MORNING, 24-CV-703, DISPLAY TECHNOLOGIES VERSUS DISCORD, ON
6    TODAY FOR THE MOTION TO DISMISS.
7        WILL THE PARTIES PLEASE APPROACH AND STATE THEIR
8    APPEARANCES FOR THE RECORD, BEGINNING WITH PLAINTIFF'S COUNSEL.
9              MR. GARTEISER:  GOOD MORNING, YOUR HONOR.
10       IT'S RANDALL GARTEISER APPEARING VIA ZOOM.  I APOLOGIZE
11   I'M NOT THERE IN PERSON.
12             THE COURT:  OKAY.  GOOD MORNING.
13             MR. WARREN:  GOOD MORNING, YOUR HONOR.
14       MATTHEW WARREN OF WARREN KASH WARREN APPEARING FOR
15   DEFENDANT DISCORD.
16             THE COURT:  GOOD MORNING.
17       SO WE ARE HERE ON DISCORD'S MOTION TO DISMISS, SO I WILL
18   START BY HEARING FROM THE DEFENDANT.
19             MR. WARREN:  SURE.  LET ME OPEN WITH THE QUESTION
20   THAT I'M SURE IS UPPERMOST IN THE COURT'S MIND, WHICH IS, AFTER
21   THE FEDERAL CIRCUIT'S INTERVENING RULING IN THE
22   ZEBRA TECHNOLOGIES CASE HANDED DOWN AFTER THE BRIEFING ON THIS
23   MOTION AND SUBJECT TO OUR STATEMENT OF RECENT DECISION, SHOULD
24   THIS COURT STILL DISMISS THIS ACTION?  AND I AM HAPPY TO SAY
25   THAT THE ANSWER TO THAT QUESTION IS YES.
```

1           IN ZEBRA TECHNOLOGIES, THE COURT OF APPEALS DID FOUR
2    THINGS:
3           FIRST, IT REAFFIRMED ITS PRIOR PANEL DECISIONS, AND WE
4    KNOW THIS FOR TWO REASONS.  ONE, FEDERAL CIRCUIT PANELS DON'T
5    OVERRULE PRIOR PANEL DECISIONS.  ONLY THE EN BANC COURT CAN DO
6    THAT.  IF THE COURT NEEDS A CITATION FOR THAT, THE DECKERS
7    CASE, 752 F.3D 949, 964, IS AN EXAMPLE.
8           BUT THE ZEBRA TECHNOLOGIES OPINION WENT PAST THAT AND
9    EXPRESSLY REAFFIRMED ALL OF THE CASES THAT IT CITED.
10          SECOND, THE FEDERAL CIRCUIT SAID THAT THE HOLDING OF THE
11   WIAV CASE -- THAT'S W-I-A-V FOR THE COURT REPORTER -- IS
12   LIMITED TO CASES INVOLVING EXCLUSIVE LICENSEES.  THE COURT
13   FOUND THAT WHEN CONSIDERING CONSTITUTIONAL STANDING, DIFFERENT
14   RULES APPLY TO PATENTEES AND EXCLUSIVE LICENSEES.
15          NOW, I WILL VERY QUICKLY DROP A FOOTNOTE HERE AND SAY WE
16   DISAGREE WITH THAT CONCLUSION.  WE THINK THAT ARTICLE III
17   REQUIRES INJURY IN FACT.  THE PATENT RIGHT IS THE RIGHT TO
18   EXCLUDE.  IF A PARTY DOESN'T HAVE THE RIGHT TO EXCLUDE, THAT
19   PARTY CAN'T SUFFER INJURY TO ITS PATENT RIGHT, AND WE DON'T SEE
20   A CONSTITUTIONAL REASON TO VARY THAT ANALYSIS BASED ON WHO THE
21   PLAINTIFF IS.
22          HOWEVER, WE RECOGNIZE THAT THIS COURT WILL APPLY THE
23   FEDERAL CIRCUIT'S PRECEDENT, SO HAVING DROPPED THAT FOOTNOTE, I
24   WILL RETURN TO DISCUSSING THAT PRECEDENT.
25          THIRD, RETURNING TO THE FEDERAL CIRCUIT'S DECISION, THE

1   ZEBRA TECHNOLOGIES PANEL SAID THAT BECAUSE WIAV DOES NOT APPLY

2   TO STANDING QUESTIONS INVOLVING PATENTEES, COURTS MUST RESOLVE

3   THOSE QUESTIONS UNDER ITS EXISTING CASES ADDRESSING STANDING

4   CHALLENGES TO SUITS BROUGHT BY THE PATENTEE, AND THE COURT

5   CITED AND REAFFIRMED TWO CASES, ALFRED E. MANN AND

6   ASPEX EYEWEAR.

7       AND BECAUSE ZEBRA TECHNOLOGIES FOLLOWED THOSE TWO CASES,

8   WE SHOULD NOW CONSIDER ALFRED E. MANN AND ASPEX EYEWEAR.

9       ALFRED E. MANN CONCERNED THREE PARTIES:  AMF, THE PATENT

10  OWNER AND PLAINTIFF; AB, THE LICENSEE; AND COCHLEAR, THE

11  ALLEGED INFRINGER.

12      COCHLEAR ARGUED, AND THIS IS A QUOTE FROM THE CASE, QUOTE,

13  "THAT AB'S RIGHT TO SUBLICENSE IS ESSENTIALLY UNFETTERED,

14  LEAVING OPEN THE POSSIBILITY THAT EVEN THOUGH AMF COULD BRING

15  SUIT AGAINST AN ACCUSED INFRINGER, AB COULD TERMINATE THAT SUIT

16  BY GRANTING AN INEXPENSIVE OR EVEN COST-FREE SUBLICENSE TO THE

17  INFRINGER.  COCHLEAR FURTHER ARGUES THAT THIS UNFETTERED

18  ABILITY OF AB TO FRUSTRATE AMF-INITIATED LITIGATION BY

19  SUBLICENSING ACCUSED INFRINGERS RENDERS AMF'S RIGHT TO SUE

20  ILLUSORY," CLOSED QUOTE.  THAT'S ON PAGE 1362.

21      AND THE COURT EXPLAINED THAT IN A STILL EARLIER CASE,

22  QUOTE, "WE HELD THAT A LICENSEE'S RIGHT TO GRANT ROYALTY-FREE

23  SUBLICENSES TO DEFENDANTS SUED BY THE LICENSOR RENDERED

24  ILLUSORY THE LICENSOR'S RIGHT TO SUE," CLOSED QUOTE.  I'M STILL

25  ON 1362.

1          AND THE COURT, QUOTE, "DISTINGUISHED AN EARLIER CASE IN
2   WHICH THE LICENSOR'S RIGHT TO SUE WAS NOT ILLUSORY BECAUSE ANY
3   SUBLICENSES THE LICENSEE MIGHT GRANT INCLUDED THE REQUIREMENT
4   TO PAY ROYALTIES," CLOSED QUOTE.  I'M STILL ON 1362.
5          THE COURT THEN APPLIED THIS RULE AND IT HELD THAT, QUOTE,
6   "AB'S RIGHT TO SUBLICENSE IS SIMILARLY FETTERED.  ANY
7   SUBLICENSE THAT AB GRANTS MUST INCLUDE SPECIFIED PASSTHROUGH
8   ROYALTIES," CLOSED QUOTE.  AS A RESULT, QUOTE, "AB'S RIGHT TO
9   SUBLICENSE DOES NOT RENDER ILLUSORY AMF'S RIGHT TO SUE ACCUSED
10  INFRINGERS," CLOSED QUOTE.  I'M STILL ON PAGE 1362.
11         SO THAT'S THE ALFRED E. MANN CASE.
12         LET'S TURN TO ASPEX EYEWEAR.  IN ASPEX EYEWEAR, THE COURT
13  AGAIN FOUND A, QUOTE, "VIRTUALLY UNRESTRICTED AUTHORITY TO
14  SUBLICENSE," CLOSED QUOTE, AND THIS IS PAGE 1342 OF THAT
15  DECISION.
16         BUT THE COURT ALSO FOUND THAT THIS RIGHT WAS, QUOTE,
17  "UNQUESTIONABLY VALID FOR ONLY A LIMITED PERIOD OF TIME,"
18  CLOSED QUOTE -- STILL ON PAGE 1342 -- AND THAT LIMITATION, THAT
19  FETTER, USING THE TERM THAT WE SEEM TO KEEP USING, ON THE RIGHT
20  TO SUBLICENSE WAS ENOUGH TO ALLOW THE PATENTEE TO SUE.
21         SO THAT BRINGS US BACK TO THE FOURTH AND THE FINAL THING
22  THAT THE FEDERAL CIRCUIT DID IN ZEBRA TECHNOLOGIES, WHICH WAS
23  TO APPLY THE RULE IT HAD PREVIOUSLY SET FORTH IN ALFRED E. MANN
24  AND ASPEX EYEWEAR TO THE FACTS BEFORE IT.
25         SUMMARIZED VERY QUICKLY, THE PATENTEE AND PLAINTIFF IN

| | |
|---|---|
| 1 | ZEBRA TECHNOLOGIES, WHICH HAD THE EXTREMELY UNCREATIVE NAME OF |
| 2 | INTELLECTUAL TECH, LLC, HAD BORROWED MONEY SUBJECT TO A |
| 3 | SECURITY INTEREST, AND THE AGREEMENT COVERING THAT INTEREST |
| 4 | GAVE THE LENDER THE ABILITY TO LICENSE INTELLECTUAL TECH'S |
| 5 | PATENTS ON TWO CONDITIONS:  FIRST, THERE MUST BE AN ONGOING |
| 6 | EVENT OF DEFAULT; AND, SECOND, IT MUST BE DURING THE |
| 7 | AGREEMENT'S TERM.  THIS IS AT STAR 2 OF ZEBRA TECHNOLOGIES. |
| 8 | APPLYING THE RULE OF ALFRED E. MANN AND ASPEX EYEWEAR TO |
| 9 | THOSE FACTS, THE COURT SAID THAT, QUOTE, "MAIN STREET AND |
| 10 | I.T.'S SHARED ABILITY TO LICENSE WHILE A DEFAULT EXISTED DID |
| 11 | NOT DIVEST I.T., THE PATENT OWNER, OF ALL EXCLUSIONARY RIGHTS," |
| 12 | CLOSED QUOTE, AND THAT'S STAR 6 OF THE WESTLAW PAGINATION. |
| 13 | ZEBRA TECHNOLOGIES THUS ENDS WITH A RELATIVELY SIMPLE |
| 14 | APPLICATION OF THE STANDARD FROM ASPEX EYEWEAR AND |
| 15 | ALFRED E. MANN.  ASPEX EYEWEAR ALREADY SAID THAT A TIME-LIMITED |
| 16 | ABILITY TO LICENSE ISN'T THE UNFETTERED ABILITY THAT RENDERS |
| 17 | ILLUSORY THE PATENTEE'S RIGHT TO SUE. |
| 18 | THAT'S VERY DIFFERENT FROM THE SITUATION BEFORE THIS |
| 19 | COURT.  IN OUR MOTION, WE ARGUED THAT BOTH PATENT ASSET |
| 20 | MANAGEMENT AND MR. LEIGH ROTHSCHILD HIMSELF COULD DO WHATEVER |
| 21 | THEY WANTED, THAT IS, THAT THEIR LICENSE RIGHTS WERE |
| 22 | UNFETTERED.  THERE'S THAT WORD AGAIN. |
| 23 | SO PLAINTIFF'S OPPOSITION TO OUR MOTION WAS THEIR CHANCE |
| 24 | TO SHOW US ANY FETTERS THAT EXIST ON THOSE RIGHTS. |
| 25 | AND THE COURT KNOWS WHAT HAPPENED NEXT.  RATHER THAN ARGUE |

1    AGAINST ANY OF THE POINTS THAT WE MADE, THE PLAINTIFF WAIVED
2    ALL OF THEM.
3         THEY SAID, WE'RE THE PATENTEE, THAT'S THE END OF IT.
4         BUT <u>ALFRED E. MANN</u> AND <u>ASPEX EYEWEAR</u> CONFIRM, AND
5    <u>ZEBRA TECHNOLOGIES</u> REAFFIRMS, THAT IS NOT THE END OF IT.  IF
6    ANOTHER PARTY HAS AN UNFETTERED RIGHT TO LICENSE, THE PATENT
7    OWNER'S RIGHT TO SUE IS ILLUSORY AND IT HAS NO ARTICLE III
8    STANDING.
9         WE EXPLAINED WHY PATENT ASSET MANAGEMENT AND
10   MR. LEIGH ROTHSCHILD HAVE THOSE UNFETTERED RIGHTS.  PLAINTIFF
11   CHOSE NOT TO RESPOND.
12        PLAINTIFF HAS PRESENTED NEITHER ANY ARGUMENT THAT PATENT
13   ASSET MANAGEMENT OR MR. ROTHSCHILD HAVE ANY FETTERS ON THEIR
14   ABILITY TO LICENSE, NOR ANY FACTS TO SUPPORT ANY SUCH ARGUMENT.
15        PLAINTIFF'S CHOICE NOT TO PRESENT EVIDENCE OR ARGUMENT HAS
16   CONSEQUENCES.  PLAINTIFF HAS WAIVED ANY OPPOSITION TO OUR
17   ARGUMENT.  THE COURT SHOULD, THEREFORE, DISMISS THIS CASE FOR
18   LACK OF STANDING.
19        AND WITH THAT, I'M HAPPY TO ANSWER THE COURT'S QUESTIONS.
20        THE COURT:  NO.  I THINK I -- IT'S BEEN HELPFUL TO
21   ME, SO I WILL GIVE PLAINTIFF AN OPPORTUNITY TO RESPOND.
22        MR. GARTEISER:  THANK YOU, YOUR HONOR.
23        COUNSEL IS CORRECT, I MISINTERPRETED THEIR, THEIR MOTION.
24   I DIDN'T UNDERSTAND HOW THEY COULD THINK THE COURT DIDN'T HAVE
25   SUBJECT MATTER JURISDICTION, BECAUSE THE COURT IS A COURT OF

1    LIMITED JURISDICTION AND YOU HAVE SUBJECT MATTER OVER THIS.
2         SO I THOUGHT IT WAS MORE OF A STANDING ISSUE, AND I TRIED
3    TO ADDRESS THAT BY SHOWING THAT THE PATENTS ARE ASSIGNED TO THE
4    PLAINTIFF.
5         I'M NOT -- I REALLY DON'T KNOW WHAT ELSE TO DO BESIDES
6    THAT.
7         AND IN OUR CORPORATE DISCLOSURE STATEMENT, WE STATE THAT
8    PATENT ASSET MANAGEMENT IS THE PARENT COMPANY OF, OF
9    DISPLAY TECHNOLOGIES, AND ALSO -- SO I DON'T REALLY KNOW KIND
10   OF WHERE, WHERE WE'RE AT.  I'M A LITTLE BIT CONFUSED AS TO
11   THEIR ARGUMENT.
12        AND -- BUT ANYWAY, YEAH, HE'S RIGHT, WE BELIEVE WE OWN THE
13   PATENT.  WE MADE THAT --
14            THE COURT:  I MEAN, I --
15            MR. GARTEISER:  GO AHEAD, SIR, YOUR HONOR.
16            THE COURT:  NO, IT SEEMED CLEAR -- THE ARGUMENT THEY
17   WERE MAKING IS THAT THE -- THAT THE FACT THAT REGARDLESS OF
18   PATENT OWNERSHIP, THE FACT THAT IT APPEARS, OR AT LEAST THEY'VE
19   INTRODUCED EVIDENCE SUGGESTING THAT OTHER PARTIES HAVE SOME
20   KIND OF RIGHT TO LICENSE THE PATENT THEMSELVES MEANS THAT, YOU
21   KNOW, THAT THERE'S NOT EXCLUSIVITY -- THAT THERE'S NO INJURY,
22   WHICH IS A SEPARATE -- YOU KNOW, THERE'S A SEPARATE ISSUE OF
23   THIS COURT'S JURISDICTION UNDER ARTICLE III IS THAT THERE HAS
24   TO BE AN INJURY IN FACT, AND SO THAT IF THERE IS NO INJURY IN
25   FACT BECAUSE THERE'S NO EXCLUSIVITY, THEN THAT SEEMS TO BE A

1        PRETTY CLEAR ARGUMENT THEY WERE MAKING.

2            AND I SEE, YOU KNOW, IT'S -- THE ZEBRA TECHNOLOGIES CASE

3    CERTAINLY SEEMS TO SUGGEST THIS IS A RATHER FACT-SPECIFIC

4    ANALYSIS, AND I COULD CERTAINLY SEE, YOU KNOW, A SITUATION

5    WHERE WE DON'T -- WE DON'T KNOW.  IT SEEMS LARGELY A BLACK BOX

6    IN TERMS OF WHAT THE RELATIONSHIPS ARE BETWEEN THESE PARTIES

7    AND WHETHER THE RIGHT TO LICENSE IS FETTERED OR UNFETTERED.

8            BUT THAT COMES BACK TO THE FACT THAT, YOU KNOW, A 12(B) --

9    THIS KIND OF MOTION IS -- IN THE OLD SCHOOL, WE'D SAY IT'S A

10   SPEAKING MOTION AND IT'S -- IT CAN BE BASED ON THE FACTS AND

11   THE EVIDENCE AND THAT IT IS PLAINTIFF'S BURDEN IN RESPONDING TO

12   A 12(B)(1) MOTION TO PRODUCE EVIDENCE.

13           SO I THINK -- I MEAN, WHY ISN'T IT THE CASE THAT PLAINTIFF

14   HAS SORT OF LOST -- HAS FAILED TO SATISFY THEIR BURDEN,

15   REQUIRING GRANTING OF THE MOTION?

16           MR. GARTEISER:  YOUR HONOR, AT THE PLEADING STAGE, WE

17   THOUGHT THAT PLEADING THAT -- I OBVIOUSLY, LIKE I SAID, I -- I

18   APOLOGIZE.  I DON'T KNOW WHAT ELSE TO SAY.  I'VE NEVER HAD TO

19   DEAL WITH AN ISSUE LIKE THIS BEFORE.

20           AND AS FAR AS PLEADING, I MEAN, I DON'T KNOW HOW -- LIKE,

21   WHAT DO I NEED TO DO?  LIKE, GET A DECLARATION FROM THE OWNER?

22   THE DIRECTOR?  I --

23           THE COURT:  YEAH, I MEAN, IT'S AN EVIDENTIARY

24   STANDARD.  IT'S NOT A PLEADING STANDARD.  IF THERE'S A

25   CHALLENGE TO JURISDICTION -- TO MY JURISDICTION UNDER 12(B)(1),

1   RULE 12(B)(1), THAT CAN BE -- IT CAN BE A FACIAL CHALLENGE
2   BASED ON THE COMPLAINT ITSELF.
3        BUT IT CAN ALSO BE A FACTUAL CHALLENGE, IN WHICH CASE, YOU
4   KNOW, IF THERE'S A CHALLENGE AND THERE'S AN EVIDENTIARY SUPPORT
5   FOR THAT CHALLENGE, THEN IT'S THE PLAINTIFF'S BURDEN TO PRODUCE
6   EVIDENCE.
7        SO, YES, IT WOULD HAVE TO BE EVIDENCE, YOU KNOW,
8   DECLARATIONS AND OTHER EVIDENCE THAT WOULD ESTABLISH THAT, IN
9   FACT, DISPLAY TECHNOLOGIES, YOU KNOW, DOES -- THAT ANY --
10  EITHER THAT NO OTHER PARTIES HAVE THE RIGHT TO LICENSE THESE
11  PATENTS AND THAT MR. ROTHSCHILD AND THE OTHER ENTITIES THAT
12  HAVE BEEN IDENTIFIED DON'T ACTUALLY HAVE THE RIGHT TO LICENSE,
13  NOTWITHSTANDING THE SUGGESTION IN THE EVIDENCE THAT THEY PUT
14  FORWARD THAT THEY DO; OR CONVERSELY, I THINK NOW UNDER
15  <u>ZEBRA TECHNOLOGIES</u>, THAT THOSE RIGHTS THAT ARE FETTERED IN A
16  FASHION THAT WOULD ALLOW DISPLAY TECHNOLOGIES TO CONTINUE
17  PURSUING THIS CASE.
18            MR. GARTEISER:  OKAY, YOUR HONOR.  I UNDERSTAND.
19       WE RESPECTFULLY ASK FOR A -- FOR 30 DAYS OR TWO WEEKS, OR
20  A WEEK EVEN, TO AMEND OUR PLEADING OR -- I DON'T KNOW.  I
21  JUST -- I JUST DON'T FEEL LIKE WE SHOULD GET DISMISSED AND NOT
22  BE ALLOWED TO AMEND THE COMPLAINT AT THIS EARLY STAGE AND GO UP
23  ON APPEAL ON THIS JUST TO COME BACK DOWN, OR NOT.
24            THE COURT:  OKAY.  I MEAN, I -- AGAIN, I THINK
25  THAT -- YOU KNOW, OBVIOUSLY THE INTERESTS OF JUSTICE ARE IN

| | |
|---|---|
| 1 | FAVOR OF RULING ON THE MERITS GENERALLY RATHER THAN THROUGH |
| 2 | DEFAULT, ALTHOUGH THIS IS A -- YOU KNOW, I DO THINK THAT |
| 3 | THEY'VE LAID OUT THEIR ARGUMENT CLEARLY, SO I UNDERSTOOD IT |
| 4 | FROM THEIR OPENING BRIEF, SO I WILL SAY THAT. |
| 5 | LET ME HEAR FROM OPPOSING -- FROM DEFENSE COUNSEL, WHO HAS |
| 6 | A LOOK OF EXASPERATION A LITTLE BIT, YOU'LL SEE.  BUT LET ME |
| 7 | HEAR FROM HIM AND THEN WE CAN -- I WILL TELL YOU WHAT I'M |
| 8 | THINKING OF DOING, BUT I HAVEN'T MADE A DECISION YET.  I MAY |
| 9 | TAKE SOME TIME TO DECIDE. |
| 10 | MR. WARREN:  YEAH.  I MEAN, THE WIDOWS AND ORPHANS |
| 11 | ARGUMENT THAT I'M HEARING FROM OPPOSING COUNSEL I THINK IS |
| 12 | PARTICULARLY INAPPROPRIATE GIVEN THAT OPPOSING COUNSEL |
| 13 | REPRESENTS AN INTERLOCKING NETWORK OF COMPANIES THAT EXIST FOR |
| 14 | THE PURPOSE OF ASSERTING PATENTS IN LITIGATION, AND WE PROVIDED |
| 15 | A REQUEST FOR JUDICIAL NOTICE WHERE WE HAD COUNTED ALL OF THE |
| 16 | CASES THAT THEY HAVE FILED FROM I BELIEVE JANUARY 1ST, 2021, |
| 17 | THROUGH MARCH 29TH, THE DAY THAT WE FILED. |
| 18 | SINCE THEN, THEY HAVE FILED 15 MORE CASES, WHICH IS MORE |
| 19 | THAN TWO CASES PER WEEK, AND IT IS A SLIGHTLY HIGHER RATE OF |
| 20 | CASES PER WEEK THAN THEY FILED BEFORE WE FILED OUR MOTION. |
| 21 | AND, YOU KNOW, I -- IN EXHIBIT 74, THERE IS A LETTER THAT |
| 22 | I SENT TO OPPOSING COUNSEL, WHICH WAS RELATED TO ANOTHER ISSUE, |
| 23 | WHERE HE HAD TALKED ABOUT AMENDING THE COMPLAINT, AND I QUOTED |
| 24 | TO HIM THAT UNDER 12(B)(1), WHEN WE MAKE WHAT YOUR HONOR CALLED |
| 25 | A SPEAKING MOTION, THEY HAVE TO RESPOND WITH EVIDENCE, AND THEY |

1       KNEW THAT.
2              AND I THINK THIS IS PART OF A PATTERN, AND I THINK THIS IS
3       PART OF A PATTERN WHERE THE ROTHSCHILD COMPANIES ARE MAKING
4       THESE LOWBALL OFFERS, AND WE'VE DOCUMENTED IN OUR PAPERS HOW
5       THEY'VE ADMITTED TO MAKING LOWBALL OFFERS IN PLEADINGS THAT
6       THEY FILED ON DAMAGES ISSUES TO VARIOUS COURTS.
7              WE'VE PUT IN THAT THE FIRST OFFER THEY MADE TO US WAS
8       $30,000, AND LUCKILY MY CLIENT, I THINK, HAD THE, YOU KNOW,
9       FORESIGHT AND UNDERSTANDING TO SAY THAT THEY WOULD -- THEY
10      WOULD RATHER PAY ME TO ASSERT THIS ISSUE THAN PAY THE
11      PLAINTIFF.
12             AND THE IDEA THAT WHEN I ASSERT THIS ISSUE -- AND I'M GLAD
13      YOUR HONOR THINKS WE ASSERTED IT CLEARLY -- AND THEN
14      IMMEDIATELY CALLED YOUR HONOR'S ATTENTION TO THE INTERVENING
15      FEDERAL CIRCUIT CASE, AS WE ARE SUPPOSED TO, THE DAY THAT IT
16      CAME OUT, AND I'VE EXPLAINED TO YOUR HONOR WHY WE STILL WIN
17      UNDER THAT FEDERAL COURT CASE, AND HIS RESPONSE IS, I WANT MORE
18      TIME.  YOU KNOW, YOU CAN'T BRING A CASE IN THE COURT AND THEN
19      SAY, THE RULES DON'T APPLY TO ME, AND THAT SEEMS TO ME TO BE
20      WHAT HE'S SAYING.
21             THE COURT: OKAY.  I -- I UNDERSTAND YOUR FRUSTRATION
22      AND TAKE YOUR POINT.
23             I DO THINK, ESPECIALLY GIVEN THE INTERVENING AUTHORITY AND
24      THE LACK OF CLARITY ABOUT WHAT'S ACTUALLY -- WHAT -- HOW THESE
25      COMPANIES ARE RELATED, WHICH ULTIMATELY SEEMS TO BE THE REAL

1     MERITS QUESTION UNDER <u>ZEBRA TECHNOLOGIES</u>, I'M RELUCTANT TO
2     ESSENTIALLY RULE AGAINST THE PLAINTIFF ON WHAT IS EFFECTIVELY A
3     DEFAULT OR A WAIVER ISSUE.
4          I THINK WHAT I'M INCLINED TO DO IS POSTPONE SUBMISSION OF
5     THIS MOTION FOR A PERIOD OF TWO WEEKS.  I WILL REQUIRE
6     PLAINTIFF TO FILE ANY FURTHER EVIDENCE THAT THEY WANT TO SUBMIT
7     IN SUPPORT OF THEIR OPPOSITION -- I'M NOT INVITING ANOTHER
8     OPPOSITION BRIEF, BUT IF THEY WANT TO SUBMIT FURTHER EVIDENCE
9     REGARDING -- THAT'S RESPONSIVE TO THE ISSUES THAT HAVE BEEN
10    RAISED, THEY WILL DO SO WITHIN ONE WEEK OF TODAY'S DATE, AND
11    THEN I WILL PROVIDE DEFENSE -- I WILL PROVIDE DEFENDANT WITH A
12    WEEK TO RESPOND.
13         AND WHEN THE DEFENDANT'S RESPONSE IS SUBMITTED, IS FILED,
14    WE WILL TAKE THE MOTION UNDER SUBMISSION AT THAT TIME AND PLAN
15    ON DECIDING THE MOTION WITHOUT FURTHER HEARING.
16              MR. GARTEISER:  OKAY, YOUR HONOR.  I APPRECIATE THAT.
17         AND I DID HAVE AN OUTSTANDING ISSUE WITH RESPECT TO MY
18    DISCOVERY OBJECTIONS THAT I RAISED.  I DON'T KNOW IF THE COURT
19    WANTS TO TAKE THOSE UNDER SUBMISSION.
20              THE COURT:  THOSE WILL BE -- THOSE WILL BE -- TO THE
21    EXTENT NEEDED OR APPROPRIATE, THEY WILL BE ADDRESSED IN ANY
22    DECISION THAT I ISSUE.
23              MR. GARTEISER:  OKAY.  THANK YOU, YOUR HONOR.
24              THE COURT:  OKAY.
25              MR. WARREN:  THANK YOU, YOUR HONOR.

```
1              THE COURT:  OKAY.  THANK YOU.
2              THE CLERK:  THIS MATTER IS CONCLUDED.
3         (THE PROCEEDINGS WERE CONCLUDED AT 11:07 A.M.)
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

<u>CERTIFICATE OF REPORTER</u>

    I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

    THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

_____
LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

DATED: MAY 28, 2024