Randall Garteiser (State Bar No. 231821)
Christopher A. Honea (State Bar No. 232473)
rgarteiser@ghiplaw.com
chonea@ghiplaw.com
GARTEISER HONEA, PLLC
119 W. Ferguson Street
Tyler, Texas, 75702
+1 (903) 705-7420

*Attorneys for Plaintiff Display Technologies, LLC*

Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
Francesca M. S. Germinario (State Bar No. 326208)
24-703@cases.warrenlex.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendant Discord Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>DISCORD INC.,<br><br>     Defendant. | Case No. 5:24-cv-00703-PCP<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Under Federal Rule of Civil Procedure 16, Civil Local Rules 16-9 and 16-10, the Standing Order for All Judges of the Northern District of California, this Court's Standing Order, the Court's Order Granting Stipulation to Reset the Initial Case Management Conference and Related Deadlines (Docket No. 28), and in advance of the Initial Case Management Conference set for Thursday, June 13, at 1:00 p.m. PDT, plaintiff Display Technologies, LLC and defendant Discord Inc. submit this Joint Case Management Statement.  All statements below are joint unless otherwise indicated.[1]

//

//

//

---

[1] **Plaintiff's Statement:** Counsel for Plaintiff, who lives in Texas, requests to appear remotely should the Court not take the CMC off calendar in view of the parties' joint submission and agreement on the schedule.

**I.     Jurisdiction and Service**

Plaintiff asserts claims arising under 35 U.S.C. § 271 *et seq*. Compl. ¶ 11. Defendant does not contest venue or personal jurisdiction in this matter. The parties dispute plaintiff's standing and therefore the Court's subject matter jurisdiction. *See infra* § IV.A.

**II.    Facts**

On February 6, 2024, plaintiff sued defendant in this Court. Docket No. 1. The complaint asserts U.S. Patent Nos. 9,300,723 and 8,671,195, and asserts that "Defendant has infringed and continues to infringe Claims 22, 24, 27, 29 and 30 of the '723 Patent," and that "Defendant has infringed and continues to infringe, claims 1, 6, 7, 9, 17, 18, 19, 21, 23 of the '195 Patent." Compl. ¶¶ 15, 21. The principal factual issues in dispute known to the parties are:

- Whether defendant infringes any of the asserted claims;
- Whether the asserted claims are valid;
- Whether the asserted claims are enforceable;
- Whether the asserted claims are directed to patentable subject matter;
- The appropriate damages for any infringement;
- Whether any infringement is willful; and
- Whether any other forms of relief are due to any party.

Many of these issues present mixed questions of fact and law, but for convenience the parties have listed each issue only once. The parties may raise additional issues that arise over the course of this action.

**III.   Legal Issues**

The principal legal issues in dispute known to the parties are:

**Plaintiff's Statement:**

- Claim Construction of Disputed terms;
- Summary Judgment of Infringement.

**Defendant's Statement:**

- Whether plaintiff has standing to bring this action;
- The proper construction of disputed claim terms, if any;

//

- Whether the case is "exceptional" within the meaning of 35 U.S.C. § 285, entitling the prevailing party to reasonable attorney's fees.

Many of these issues present mixed questions of fact and law, but for convenience the parties have listed each issue only once. The parties may raise additional issues that arise over the course of this action.

## IV. Motions

### A. Pending Motion

One motion is pending before the Court. On March 29, 2024, defendant filed a motion to dismiss for lack of standing. Docket No. 19; *see* Docket Nos. 20, 21. On April 12, 2024, plaintiff filed its opposition. Docket No. 24. On April 19, 2024, defendant filed its reply. Docket No. 25; *see* Docket No. 26. On May 1, 2024, defendant filed a statement of recent decision. Docket No. 29. On May 16, 2024, the Court held a hearing on this motion. Docket Nos. 30, 34. On May 23, 2024, plaintiff filed its supplemental brief. Docket No. 33. Defendants' supplemental brief is due today.

### B. Prior Motions

On April 25, 2024, the parties stipulated to reset the initial case management conference from May 16, 2024, to June 6, 2024. Docket No. 27. On April 29, 2024, the Court granted the stipulation, modifying the case management conference date to June 13, 2024. Docket No. 28.

### C. Anticipated Motions

Should the Court deny defendant's motion to dismiss for lack of standing, defendant anticipates filing a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) based on the asserted patents' lack of patentable subject matter. Otherwise, the parties anticipate filing dispositive and non-dispositive motions as appropriate as the case progresses.

## V. Amendment of Pleadings

The parties may amend their pleadings as appropriate. The parties included their proposed deadline for amendment of pleadings in their proposed schedule. *See infra* § XV.

## VI. Evidence Preservation

Plaintiff and defendant confirm that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, located on the Court's website at https://www.cand.uscourts.gov/filelibrary/1117/ESI_Guidelines-12-1-2015.pdf.

Plaintiff and defendant confirm that they have instituted reasonable document retention procedures to maintain relevant documents, electronic or otherwise, until this dispute is resolved.

**VII.    Disclosures**

On May 23, 2024, the parties conducted their conference under Fed. R. Civ. P. 26(f).  Initial disclosures under Fed. R. Civ. P. 26(a)(1) are due on June 6, 2024.

**VIII.    Discovery**

Discovery opened on May 23, 2024, following the conclusion of the parties' conference under Fed. R. Civ. P. 26(f).  As of this filing, neither party has served discovery requests in this matter in order to reduce costs at the trial court level, pursuant to Rule 1, should the Court grant the pending motion to dismiss.

**IX.    Class Action**

Not applicable here.

**X.    Related Cases**

Plaintiff asserts the patents at issue here in the following pending cases:

- *Display Technologies, LLC v. Roche Diabetes Care, Ltd.*, No. 23-585 (E.D. Tex.);
- *Display Technologies, LLC v. Dexcom, Inc.*, No. 23-589 (E.D. Tex.);
- *Display Technologies, LLC v. Sirius XM Radio Inc.*, No. 23-591 (E.D. Tex.);
- *Display Technologies, LLC v. Wondershare Technology Grp.*, No. 24-46 (E.D. Tex.).

Defendant's request for judicial notice described other related cases.  *See generally* Docket No. 21.

**XI.    Relief**

**A.    Plaintiff's Requested Relief (Plaintiff's Statement)**

Plaintiff's complaint requests the following relief:

(a)    Enter judgment for Plaintiff on this Complaint for patent infringement counts;

(b)    Award Plaintiff damages resulting from Defendants willful infringement in accordance with 35 U.S.C. § 284; et al.;

(d)    Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Docket No. 1 at 49-50.  Plaintiff intends to calculate damages using a reasonable royalty basis based off

of Discord's revenue (including advertisement) using the *Georgia Pacific* Factors, and multiplying that by the number of Discord users. Here, patent infringement damages are challenging and expensive to calculate given there is no widget being sold, instead it is based on a majority of advertising revenue of Discord that creates difficulties in calculating "no less than a reasonable royalty."

### B. Defendant's Requested Relief (Defendant's Statement)

Defendant's answer requests the following relief:

(A) Enter judgment that Discord does not infringe any claims of U.S. Patent Nos. 9,300,723 and 8,671,195 literally or under the doctrine of equivalents;

(B) Enter judgment that U.S. Patent Nos. 9,300,723 and 8,671,195 are invalid;

(C) Declare that this case is exceptional under 35 U.S.C. § 285; and

(D) Award Discord its costs, disbursements, attorneys' fees, and such further and additional relief as the Court deems appropriate.

Docket No. 18 at 8. Defendant proposes to calculate its damages according to the laws governing reasonable attorney's fees following successful defense of an exceptional case. To the extent that plaintiff seeks damages from defendant, plaintiff should take nothing because defendant has not infringed any valid and enforceable claim of any asserted patent. To the extent that this action results in a finding that defendant infringed a valid and enforceable claim of an asserted patent, as a non-practicing entity plaintiff should receive no more than a reasonable royalty.

## XII. Settlement and ADR

On May 23, 2024, the parties conferred regarding Alternative Dispute Resolution, and defendant filed its ADR Certification under ADR L.R. 3-5(b). Docket No. 32.

**Plaintiff's Statement:** Plaintiff prefers Magistrate Judge Early Neutral Evaluation.

**Defendant's Statement:** Defendant prefers Court-sponsored mediation under ADR Rule 6. Plaintiff has not filed a timely ADR Certification under ADR L.R. 3-5(b), and should do so promptly.

## XIII. Other References

The parties do not presently believe that the case is suitable for referral to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

//

### XIV. Narrowing of Issues

Resolution of defendant's pending motion to dismiss, *see supra* § IV.A, or defendant's anticipated motion for judgment on the pleadings, *see supra* § IV.C, may substantially narrow the issues for resolution in this action. Otherwise, the parties have not identified any issues that can be narrowed by agreement or motion at this time. As the case progresses, the parties will cooperate in good faith to identify issues where narrowing may be possible. Likewise, as trial approaches, the parties will cooperate in good faith to identify means to expedite the presentation of evidence.

### XV. Scheduling

Subject to the Court's availability, the parties propose the schedule below, which tracks the governing rules and the Court's practice, with a few slight modifications to avoid holidays and to keep deadlines on Thursdays rather than other days of the week. Although the parties have proposed dates for various hearings and for trial, of course, all such dates are subject to the Court's convenience.

| Event | Proposed Date |
| --- | --- |
| Joint Case Management Statement | Thursday, May 30, 2024 |
| Initial Disclosures | Thursday, June 6, 2024 |
| Initial Case Management Conference | Thursday, June 13, 2024 |
| Disclosure of Asserted Claims and Infringement Contentions with Accompanying Disclosures | Thursday, June 27, 2024 |
| Defendants Serve N.D. Cal. Invalidity Contentions | Thursday, August 15, 2024 |
| Serve Claim Terms | Thursday, August 29, 2024 |
| Parties Exchange Preliminary Claim Constructions and Extrinsic Evidence | Thursday, September 19, 2024 |
| Damages Contentions | Thursday, October 3, 2024 |
| Joint Claim Construction and Prehearing Statement and Expert Reports | Thursday, October 17, 2024 |
| Responsive Damages Contentions | Thursday, October 31, 2024 |
| Complete ADR | Thursday, November 14, 2024 |
| Last Day to Amend Pleadings | Thursday, November 14, 2024 |
| Close of Claim Construction Discovery | Thursday, November 14, 2024 |

| Event | Proposed Date |
|---|---|
| Plaintiff Serves Opening Claim Construction Brief | Thursday, December 5, 2024 |
| Defendant Serves Responsive Claim Construction Brief | Thursday, December 19, 2024 |
| Plaintiff Serves Reply Brief | Thursday, December 26, 2024 |
| *Markman* Hearing | Thursday, January 9, 2025 |
| Disclosures Under Patent L.R. 3-7 | No later than 30 days after service by the Court of its Claim Construction Ruling. |
| Close of Fact Discovery | Thursday, April 17, 2025 |
| Open Expert Reports | Thursday, May 8, 2025 |
| Rebuttal Expert Reports | Thursday, June 5, 2025 |
| Reply Expert Reports | Thursday, June 26, 2025 |
| Close of Expert Discovery | Thursday, July 17, 2025 |
| Dispositive and *Daubert* Motions | Thursday, July 24, 2025 |
| Opposition to Dispositive and *Daubert* Motions | Thursday, August 14, 2025 |
| Reply to Dispositive and *Daubert* Motions | Thursday, August 28, 2025 |
| Dispositive and *Daubert* Motions Hearing | Thursday, September 18, 2025 |
| Final Pretrial Conference | Tuesday, October 21, 2025 |
| Trial | Monday, November 3, 2025 |

**XVI.  Trial**

The plaintiff and defendant demanded a trial by jury.  The parties request that the Court reserve five days for trial.

**XVII. Disclosure of Non-Party Interest Entities or Persons**

On March 4, 2024, defendant filed its Rule 7.1 Disclosure (Docket No. 12) and Certification of Conflicts and Interested Entities under Civil Local Rule 3-15 (Docket No. 13), which it restates here.

On April 5, 2024, plaintiff filed its Rule 7.1 Disclosure (Docket No. 22) and Certificate of Interested Entities under Civil Local Rule 3-15 (Docket No. 23), which it restates here.

//

**XVIII. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XIX.    Patent-Related Issues Under Patent Local Rule 2-1(b)**

**A.    Local Patent Rule 2-1(b)(1): Proposed to the Patent Local Rules**

Other than modifications to the schedule, *see supra* § XV, the parties do not propose any modifications to the Patent Local Rules.

**B.    Local Patent Rule 2-1(b)(2): Scope and Timing of Claim Construction Discovery**

The parties will evaluate whether any claim construction discovery beyond what is already contemplated by the Patent Local Rules is necessary after the exchange of preliminary claim constructions and extrinsic evidence.

**C.    Local Patent Rule 2-1(b)(3): Proposed Format of Claim Construction Hearing**

The parties defer to the Court's preferences for holding claim construction hearings.  In general, the parties believe that the argument should proceed term by term, with plaintiff arguing each term before defendant.  The parties anticipate argument of each term should not occupy more than ten minutes per side.  The parties do not anticipate live testimony.

**D.    Local Patent Rule 2-1(b)(4): How Parties Intend to Educate the Court**

The parties defer to the Court's preferences for technology tutorials; if the Court would like to receive a technology tutorial, the parties will present one in the Court's preferred format.

**E.    Local Patent Rule 2-1(b)(5): Non-Binding, Good-Faith Estimate of Damages Range**

**Plaintiff's Statement:**  Plaintiff states about $250,000, not including willfulness, due to the difficulty in obtaining a reasonable royalty when there is no widget being sold.  This leads to infringers practicing efficient infringement where unless a patentee files a complaint for patent infringement there is no patent license.  Plaintiff is not representing the Discord is practicing efficient infringement.  Instead, Plaintiff has to discount its reasonable royalty and apportionment, then reduce that amount based upon the uncertainties of litigation.  Unfortunately, these practical issues with obtaining a reasonable royalty in practicality have led to a devaluation of the licensing agreements. Plaintiff will revise its number once it obtains revenue numbers from Discord and consults with its damages expert.

**Defendant's Statement:** Defendant states that it is not seeking damages except attorney's fees should the Court find this case exceptional, which will depend on factors including the effort defendant has expended.

## XX. Other Matters That Facilitate Just, Speedy and Inexpensive Disposition

The parties do not have further proposals at this time.

Date: May 30, 2024

Respectfully submitted,

/s/ Randall Garteiser
Randall Garteiser (State Bar No. 231821)
Christopher A. Honea (State Bar No. 232473)
GARTEISER HONEA, PLLC
119 W. Ferguson Street
Tyler, Texas, 75702
+1 (903) 705-7420
rgarteiser@ghiplaw.com
chonea@ghiplaw.com

*Attorneys for Plaintiff Display Technologies, LLC*

Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
Francesca M. S. Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
24-703@cases.warrenlex.com

*Attorneys for Defendant Discord Inc.*

### SIGNATURE ATTESTATION

Under Local Rule 5-1(i)(3), I attest that I have obtained concurrence in the filing of this document from the other signatories.

Date: May 30, 2024

Matthew S. Warren