UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| DISPLAY TECHNOLOGIES, LLC, | ) | C-24-00703 PCP |
| PLAINTIFF, | ) | SAN JOSE, CALIFORNIA |
| VS. | ) | JUNE 13, 2024 |
| DISCORD INC., | ) | PAGES 1-24 |
| DEFENDANT. | ) | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE P. CASEY PITTS
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

FOR THE PLAINTIFF: GARTEISER HONEA
BY: RANDALL T. GARTEISER (BY ZOOM)
119 WEST FERGUSON
TYLER, TEXAS 75702

FOR THE DEFENDANT: WARREN KASH WARREN LLP
BY: MATTHEW S. WARREN
2261 MARKET STREET, NO. 606
SAN FRANCISCO, CALIFORNIA 94114

OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED WITH COMPUTER

SAN JOSE, CALIFORNIA JUNE 13, 2024

P R O C E E D I N G S

(COURT CONVENED AT 1:00 P.M.)

THE COURT: PLEASE BE SEATED.

THE CLERK: CALLING CASE NUMBER 24-CV-703, DISPLAY TECHNOLOGIES, LLC, VERSUS DISCORD INC., ON TODAY FOR THE CASE MANAGEMENT CONFERENCE.

WILL THE PARTIES PLEASE STATE THEIR APPEARANCES FOR THE RECORD, BEGINNING WITH THE PLAINTIFF.

MR. GARTEISER: GOOD MORNING, YOUR HONOR.

RANDALL GARTEISER APPEARING ON BEHALF OF THE PLAINTIFF, DISPLAY TECHNOLOGIES.

THE COURT: GOOD MORNING. GOOD AFTERNOON, ACTUALLY. SORRY.

MR. WARREN: GOOD AFTERNOON, YOUR HONOR.

MATTHEW WARREN OF WARREN KASH WARREN FOR DEFENDANT DISCORD INC.

THE COURT: OKAY. AND FEEL FREE TO APPROACH THE BENCH IF YOU'RE COMFORTABLE. I'M SURE WE'LL PROBABLY HAVE A CONVERSATION TODAY RATHER THAN ARGUMENT.

SO I APPRECIATE THE PARTIES HAVING PROVIDED A THOROUGH CASE MANAGEMENT STATEMENT AND BEING LARGELY IN AGREEMENT.

THERE WERE TWO TOPICS THAT I THOUGHT IT WOULD MAKE SENSE TO ADDRESS TODAY. SO THE FIRST IS THE QUESTION OF ADR, THAT -- YOU KNOW, THERE'S A -- THE PARTIES -- I THINK THE PLAINTIFF HAD

DEMONSTRATED AN INTEREST IN EARLY NEUTRAL EVALUATION. THE DEFENDANTS HAVE EXPRESSED A PREFERENCE FOR COURT SPONSORED MEDIATION.

YOU KNOW, PRESUMABLY -- AND I TAKE THAT TO MEAN THE COURT'S VOLUNTARY MEDIATION PROGRAM WITH OUR CORE MEDIATORS; IS THAT CORRECT?

MR. WARREN: YES, ADR RULE 6.

THE COURT: OKAY. SO, YOU KNOW, IS THERE A REASON THAT WE -- YOU KNOW, THAT THE PLAINTIFF DOESN'T WANT TO PURSUE THAT APPROACH?

MR. GARTEISER: YOUR HONOR, I DON'T -- I DON'T THINK THERE'S A PROBLEM PURSUING THAT APPROACH AT ALL.

THE COURT: OKAY.

MR. GARTEISER: WE'RE JUST KIND OF COST SENSITIVE. BUT BOTH OF THEM ARE GOING TO INCUR COSTS.

THE COURT: WELL, BUT THERE -- AND THE SERVICES IN EITHER INSTANCE -- SO LET ME MAKE IT CLEAR. ONE, WE DON'T HAVE A MAGISTRATE JUDGE EARLY NEUTRAL EVALUATION APPROACH. THE APPROACHES ARE THE EARLY NEUTRAL EVALUATION AND COURT SPONSORED MEDIATION APPROACH, WHICH ARE BOTH CONDUCTED NOT BY OUR MAGISTRATE JUDGES, BUT BY PRIVATE ATTORNEYS WHO ARE PART OF A BENCH OF TRAINED MEDIATORS AND EVALUATORS WHO ARE APPOINTED TO HANDLE THE MATTER, AND THAT IS AT NO COST TO THE PARTIES.

SO THAT THE -- YOU KNOW, THERE'S A HALF DAY, I THINK A HALF DAY OF MEDIATION. IF YOU GO WITH THAT APPROACH, THERE

WILL BE SOMEONE WHO WILL PROVIDE A HALF DAY OF MEDIATION SERVICES AT NO COST TO THE PARTIES.

AND GENERALLY, AS MR. WARREN MAY KNOW, I WON'T REFER CASES TO A MAGISTRATE JUDGE FOR A SETTLEMENT CONFERENCE IN THE FIRST INSTANCE. I DO WANT THE PARTIES TO PURSUE ANOTHER ADR APPROACH INITIALLY.

SO IF THE PARTIES ARE IN AGREEMENT ON THE COURT -- ON USING THE COURT SPONSORED MEDIATION PROGRAM, I WOULD JUST ASK THAT THE PARTIES, WITHIN 14 DAYS, FILE A STIPULATION TO THAT EFFECT, AND THERE'S A FORM TO DO THAT.

MR. GARTEISER: OKAY.

THE COURT: AND ONCE THAT HAPPENS, WE WILL PUT A REFERENCE IN AND THE COURT WILL APPOINT A MEDIATOR TO WORK WITH YOU ON THAT ISSUE.

AND THEN TALKING ABOUT THE CALENDAR IN THIS CASE, I APPRECIATE THE DETAIL THAT'S BEEN PROVIDED, AND I DON'T SEE AN ISSUE WITH THE CALENDAR -- LET ME SEE -- EXCEPT THAT I THINK -- AND WHAT I WILL PROBABLY DO IS I WILL -- WHEN I ISSUE A SCHEDULING ORDER, I WILL MOVE THE PRETRIAL CONFERENCE AND TRIAL DATES BACK, ONE, BECAUSE I DON'T THINK THEY'RE AVAILABLE, BUT ALSO, I WANT TO -- I WANT MORE TIME -- WE HAVE ABOUT A MONTH AND A HALF UNDER THIS CALENDAR BETWEEN THE HEARING ON DISPOSITIVE AND DAUBERT MOTIONS AND TRIAL, AND I'M GOING TO NEED SOME MORE TIME TO GET THAT DECISION OUT AFTER THE HEARING, AND PRESUMABLY THE PARTIES WILL WANT SOME TIME TO ACCOUNT FOR

THAT IN THEIR TRIAL PREPARATIONS.

MR. WARREN: THAT'S FINE, YOUR HONOR.

YOUR HONOR GAVE US A GUIDELINE OF 18 MONTHS. I THINK WE CAME IN AT JUST UNDER 17 MONTHS WITH THIS.

THE COURT: OKAY.

MR. WARREN: SO YOU HAVE SOME TIME TO, TO --

THE COURT: OKAY.

MR. WARREN: YOU UNDERSTAND WHAT I'M SAYING.

THE COURT: I APPRECIATE THAT, YEAH.

SO I'LL MOVE IT BACK. THAT'S MY DOING. I APPRECIATE YOU COMING UP WITH A SCHEDULE THAT WOULD WORK IN THAT TIMEFRAME.

THE OTHER ISSUE I WANTED TO DISCUSS TODAY IS I APPRECIATE THE PARTIES' SUPPLEMENTAL BRIEFING ON THE PENDING MOTION TO DISMISS.

HAVING REVIEWED THAT BRIEFING, I DO THINK THAT -- I REMAIN UNCERTAIN ABOUT THE STANDING ISSUE AND WHETHER -- YOU KNOW, AS A FACTUAL MATTER, WHETHER STANDING HAS BEEN ESTABLISHED.

BUT I'M ALSO NOT CERTAIN THAT I'M IN A POSITION TO DISMISS THE CASE ON THE BASIS OF LACK OF STANDING AT THIS POINT BECAUSE THERE'S AN INCREDIBLE AMOUNT OF -- A LACK OF CLARITY ABOUT THE RIGHTS OF THE VARIOUS ENTITIES AT ISSUE WITH RESPECT TO THAT, WITH RESPECT TO LICENSING AND ITS IMPACT ON STANDING UNDER THE FEDERAL CIRCUIT'S ANALYSIS OF THAT QUESTION.

AND SO, YOU KNOW, I THINK WHAT I WOULD BE INCLINED TO DO IS GRANT THE MOTION FOR JURISDICTIONAL DISCOVERY, ALTHOUGH

I'M -- DISCOVERY IS NOW OPEN, PRESUMABLY, SO I'M NOT SURE THAT I ACTUALLY NEED TO FORMALLY GRANT THE MOTION.

BUT WHAT I WOULD PROPOSE IS KEEPING THE -- HOLDING OFF ON SUBMITTING -- YOU KNOW, I WILL WITHDRAW SUBMISSION OF THE MOTION FOR -- TO DISMISS FOR LACK OF JURISDICTION AND PROVIDE THE PARTIES WITH A PERIOD OF TIME TO ENGAGE IN THAT KIND OF JURISDICTIONAL DISCOVERY, AND THEN TO SUBMIT SUPPLEMENTAL -- YOU KNOW, I WOULD SAY 15 PAGE SUPPLEMENTAL BRIEFS WITH ANY APPROPRIATE EVIDENCE DEALING WITH THIS QUESTION, WITH THE HOPE BEING THAT WE CAN GET THE FACTS SQUARED AS TO THE VARIOUS PARTIES' RIGHTS AND THEN WE CAN ADDRESS THE STANDING ISSUE ON THAT GROUND.

THAT'S WHAT I THINK WOULD MAKE SENSE.

SO MY QUESTION, I GUESS TO BOTH PARTIES, IS WHETHER YOU'RE AMENABLE TO THAT, AND IF SO, WHAT THE TIMEFRAME SHOULD BE FOR CONDUCTING THAT DISCOVERY AND GETTING SUPPLEMENTAL BRIEFS ON THAT ISSUE.

MR. WARREN: SO I'M HAPPY TO GO FIRST.

OBVIOUSLY, YOU KNOW, OUR VIEW IS THAT -- AND I WAS REALLY EXCITED TO GET TO CITE THE CASE OF THE CHIMINEY SWEEP'S JEWEL TO THE COURT.

OUR VIEW IS THAT THEY HAD THEIR CHANCE, AND THE FACT THAT THEY DIDN'T PROVIDE ANY EVIDENCE IS ENOUGH AND WE SHOULD WIN FOR THAT REASON. IT SOUNDS LIKE I'M NOT GOING TO WIN ON THAT ARGUMENT, BUT OBVIOUSLY THAT'S OUR VIEW.

THE COURT: I UNDERSTAND.

MR. WARREN: AND I'M GOING TO -- WE BELIEVE THAT.

IF THERE IS GOING TO BE JURISDICTIONAL DISCOVERY, WE ARE HAPPY TO DO IT. I WOULD HAVE TWO PREFERENCES.

MY FIRST PREFERENCE WOULD BE -- AND I MAY LOSE THIS ARGUMENT, TOO, BUT I'LL TRY -- MY FIRST PREFERENCE WOULD BE TO HOLD OFF ON EVERYTHING ELSE, INCLUDING, YOU KNOW, THE NEXT DEADLINE IS THE PLAINTIFF'S, RIGHT? IT'S THEIR INFRINGEMENT CONTENTIONS, AND THAT'S CURRENTLY DUE, ACCORDING TO THE SCHEDULE, ON JUNE 27TH, WHICH IS VERY CLOSE WITH THE LOCAL RULES DATE. THAT MAY ACTUALLY BE THE LOCAL RULES DATE. I DON'T DO DEADLINES ON MONDAYS. IT SEEMS LIKE THAT'S A TERRIBLE IDEA FOR EVERYBODY'S WORK/LIFE BALANCE.

SO IT WOULD BE MY PREFERENCE TO POSTPONE THE PATENT LOCAL RULES SCHEDULE. THAT IS GOING TO POTENTIALLY ENDANGER THE COURT'S DESIRE TO GET THE, GET THE CASE DONE IN 18 MONTHS FROM TODAY.

SO THAT'S A BALANCE THAT I THINK YOUR HONOR SHOULD THINK ABOUT.

THE COURT: UM-HUM.

MR. WARREN: SEPARATELY, IF WE ARE GOING TO DO JURISDICTIONAL DISCOVERY, THEN I THINK IT WOULD BE HELPFUL FOR THE COURT TO MODIFY THE TIME TO RESPOND TO -- I DON'T WANT TO -- I'LL PROPOUND DISCOVERY NEXT WEEK. I DON'T WANT TO WAIT 30 DAYS TO GET MY RESPONSES AND OBJECTIONS.

THE COURT: UM-HUM.

MR. WARREN: AND I WILL PREVIEW RIGHT NOW THAT -- AND, YOU KNOW, I'M TRYING TO PREEMPT SOME DISCOVERY DISPUTES, RIGHT, BUT I WILL PREVIEW RIGHT NOW THAT THOSE -- THAT DISCOVERY SHOULD INCLUDE LICENSES THAT WERE EXECUTED BY LEIGH ROTHSCHILD, WHICH WOULD INCLUDE ANYTHING WHERE HE'S APPEARING AS AN INDIVIDUAL AND ANYTHING LIKE THAT.

I WOULD ARGUE THEY SHOULD GIVE US THE LICENSING HISTORY FOR ALL THE ENTITIES, BUT I'LL SETTLE FOR ANYTHING THAT HE EXECUTED AS AN INDIVIDUAL AND THAT PATENT ASSET MANAGEMENT EXECUTED, AND ALSO LICENSING CORRESPONDENCE, LET'S SAY, GOING BACK TWO YEARS FROM THOSE COMPANIES.

AND THE REASON I WANT THAT OBVIOUSLY IS I CURRENTLY HAVE TWO EXAMPLES, RIGHT? I HAVE THE EXAMPLE FOR ME, AND I HAVE THE EXAMPLE FOR VALVE, WHICH THEY PUT ON THE DOCKET, AND 100 PERCENT OF THOSE EXAMPLES I THINK SUPPORT OUR CASE AND WE PUT THAT IN OUR BRIEFS AND WE'VE EXPLAINED WHY THAT IS.

SO I THINK IT IS EXTREMELY LIKELY THAT THERE IS GOLD IN THEM THAR HILLS.

AND I KNOW THAT IN A LOT OF PATENT LITIGATION CASES, COMPANIES GET VERY GRUMPY ABOUT PROVIDING LICENSING CORRESPONDENCE AND THEY SAY, "NO, NO, NO, YOU GET THE FINAL AGREEMENT AND THE FINAL AGREEMENT IS ALL YOU GET."

I DON'T THINK THAT APPLIES IN THIS CASE BECAUSE WE HAVE ESSENTIALLY SAID THAT THERE'S THIS UNFETTERED RIGHT TO OFFER

THESE LICENSES, AND IT IS SOMETHING THAT, AGAIN, WE HAVE TWO EXAMPLES, IT'S ONGOING IN THOSE TWO EXAMPLES.

AND SO IF THE COURT SENDS US OUT FOR JURISDICTIONAL DISCOVERY, I'M GOING TO REQUEST ALL THAT STUFF, AND IF THE PLAINTIFF COMES BACK AND SAYS, "WELL, YOU CAN'T HAVE IT," THEN WE'RE GOING TO HAVE A DISCOVERY DISPUTE AND THAT'S JUST GOING TO SLOW EVERYTHING DOWN, AND I WOULD ASSUME THAT THE COURT WOULD BE INTERESTED IN EXPEDITIOUS RESOLUTION OF THIS.

THE COURT: I AM CERTAINLY INTERESTED IN EXPEDITIOUS RESOLUTION.

YOU KNOW, IF THERE'S A DISPUTE, THAT WILL GO TO THE MAGISTRATE JUDGE IN THE FIRST INSTANCE, AND I DON'T THINK WE NEED TO RESOLVE THE FULL SCOPE OF DISCOVERY HERE.

IT STRIKES ME AS WHAT'S MOST IMPORTANT -- I WILL SAY, IT STRIKES ME AS WHAT'S MOST IMPORTANT IS NOT NECESSARILY WHAT HAS BEEN OFFERED, BUT ULTIMATELY WHAT ARE THESE VARIOUS PARTIES' RIGHTS AS BETWEEN EACH OTHER AND WHAT RIGHTS DO THEY RETAIN?

A PARTY CAN BE MAKING REPRESENTATIONS ABOUT RIGHTS IT DOESN'T HAVE, CORRECT?

SO JUST TO BE CLEAR, I THINK PART OF THE CONCERN I HAVE UNDER THE EXISTING RECORD IS THAT THAT IS A BLACK HOLE THAT WE DON'T HAVE RECORDS ONE WAY OR THE OTHER ON, AND THAT'S WHAT I'M HOPING THE PARTIES CAN -- YOU KNOW, THEY CAN GET INTO DISCOVERY AS NEEDED TO ADDRESS THIS ISSUE, BUT THAT'S PARTICULARLY AN AREA THAT I THINK I WOULD LIKE TO HAVE ADDRESSED.

LET ME HEAR FROM PLAINTIFF'S COUNSEL ON WHAT YOU THINK THE APPROPRIATE WAY TO ADDRESS THIS PROBLEM IS.

MR. GARTEISER: THANK YOU, YOUR HONOR.

WHAT WE'D LIKE TO DO IS GO AHEAD AND JUST KEEP THE CURRENT SCHEDULE THE PARTIES HAVE STIPULATED TO, AND WE CAN AGREE TO RESPOND TO DISCOVERY IN 20 DAYS.

ONE OF THE MAIN THINGS THAT WOULD HELP, I THINK, THE PARTIES -- AND HELP ME, TOO -- WHEN I GIVE THE UPDATE TO MY CLIENT IS, IS THE OVERALL REACHING LEGAL ISSUE OF CAN A PARENT COMPANY TELL A SUBSIDIARY NOT TO DO SOMETHING?

SO IN CONTEXT, YOU KNOW, PATENT ASSET MANAGEMENT IS THE PARENT COMPANY. WE CERTAINLY BELIEVE THAT IT WOULD BE IMPROPER FOR IT TO BE THE RULE THAT IT CANNOT TELL A SUBSIDIARY NOT TO SUE SOMEBODY.

SO, SO THE PARENT COMPANY SHOULD BE ABLE TO TELL A SUBSIDIARY, "HEY, YOU CAN'T SUE SOMEONE."

SO IF YOU'RE SONY AND THERE'S 20 SUBSIDIARIES AND THE PARENT COMPANY FOR SONY SAYS, "HEY, WE DON'T WANT YOU GOING OFF AND SUING SAMSUNG OR APPLE BECAUSE IT'LL CREATE A BUNCH OF PROBLEMS FOR US," THEN THAT'S FINE.

AND IT DOESN'T FOLLOW -- AND THIS SEEMS TO BE THE PROBLEM AND WHY I DIDN'T EVEN SEE THE ISSUE AT FIRST -- IT DOESN'T FOLLOW THAT THAT IS HOW A RIGHT TO A LICENSE. THE PARENT COMPANY STILL CANNOT ISSUE A LICENSE. ONLY THE SUBSIDIARY WHO OWNS THE PATENT AND HAS THE RIGHT TO ASSERT IT CAN DO THAT, CAN

ISSUE A PATENT LICENSE.

THE COURT: I MEAN, IS IT -- YOU KNOW --

MR. GARTEISER: THAT'S MY RUB.

THE COURT: SO, I MEAN, THAT'S THE ARGUMENT, AS I UNDERSTAND IT.

WHAT I THINK -- WHAT I DON'T HAVE IS, YOU KNOW, CLEAR EVIDENCE FROM EITHER PARTY ABOUT THAT THAT IS THE NATURE OF THE RELATIONSHIP, THAT THAT'S ALL THAT'S GOING ON.

THAT'S WHY WE NEED, I THINK, FACTUAL DISCOVERY. I THINK WE NEED TO KNOW EXACTLY WHAT THE TERMS OF THE RELATIONSHIP BETWEEN PATENT ASSET MANAGEMENT AND MR. ROTHSCHILD AND DISCORD ARE AND WHAT POWERS EACH OF THE PARTIES RETAINS WITH RESPECT TO THE PATENTS.

AND, YOU KNOW, THAT'S A FACTUAL MATTER THAT HASN'T BEEN, IN MY VIEW, ADEQUATELY ADDRESSED IN THE BRIEFING AND THE FACTS THAT HAVE BEEN SUBMITTED TO THIS POINT.

ONCE WE HAVE THAT, PRESUMABLY, THEN THE PARTIES WILL, IN THEIR SUPPLEMENTAL BRIEFS, EXPLAIN WHAT THEY VIEW ABOUT THE LEGAL SIGNIFICANCE OF THAT TO THE QUESTION OF STANDING.

BUT THAT'S -- I DON'T -- I'M NOT GOING TO -- I DON'T THINK IT'S APPROPRIATE TO DECIDE THIS ISSUE IN THE ABSTRACT ON A RECORD THAT DOESN'T PROVIDE SUFFICIENT DETAIL.

SO THE QUESTION I JUST HAVE IS IF THERE'S -- YOU KNOW, THEY CERTAINLY RAISE SOME QUESTIONS ABOUT STANDING HERE, AND I DO THINK THAT THAT'S ENOUGH, SO THERE IS A REASONABLE ARGUMENT

TO -- YOU KNOW, I WANT TO GET THIS RESOLVED QUICKLY. I MEAN, DO WE THINK -- DO WE THINK WE COULD GET THE DISCOVERY DONE AND THE BRIEFS FILED BY MID-SEPTEMBER?

MR. GARTEISER: I BELIEVE SO, YOUR HONOR. I DON'T -- I REALLY DON'T WANT TO HAVE ALL THE DISCOVERY BE ONE WAY IN THIS CASE, AND SO -- I MEAN, OBVIOUSLY --

THE COURT: WELL, BUT THE RIGHT -- THERE'S A PRELIMINARY ISSUE, RIGHT? IF THERE'S NO STANDING, THEN THERE'S NO CASE. AND THE STANDING REALLY IS APPROPRIATELY FOCUSSED ON THE PLAINTIFF. I MEAN, THAT'S THE QUESTION HERE IS THE PLAINTIFF'S STANDING.

AND SO THAT -- YOU KNOW, THAT DOES ARGUE FOR, FOR THIS KIND OF -- THAT'S KIND OF WHAT JURISDICTIONAL DISCOVERY IS ABOUT. WE'RE TRYING TO FIGURE OUT IF I HAVE ANY POWER HERE TO DO ANYTHING, AND THAT FOCUS IS ON -- FOR THIS QUESTION, THAT FOCUS IS ON THE PLAINTIFF.

MR. GARTEISER: AND, YOUR HONOR, TO -- TO THEN HELP OUT, TO GET THIS RESOLVED, THIS PRELIMINARY ISSUE RESOLVED EARLY, I MEAN, I THINK IT'S IMPORTANT THAT WE FOCUS ON THE FINISHED, SIGNED DOCUMENTS.

SO IF A SIGNED DOCUMENT HAS A SIGNATURE BLOCK FOR, LET'S SAY, DISPLAY TECHNOLOGIES, AND IT HAS A SEPARATE SIGNATURE BLOCK FOR PATENT ASSET MANAGEMENT, THEN THAT WOULD BE SOMETHING THAT'S RELEVANT AND RESPONSIVE TO THIS ISSUE.

NOW, ALL THE BACK AND FORTH IN EMAILS, THAT, UNDER RULE 1

IN A CASE LIKE THIS WHERE WE'VE KIND OF CAPPED OUR DAMAGES BASED ON THE RATIONALE I'VE MENTIONED, YOU KNOW, WE DON'T FEEL LIKE THAT'S NECESSARY TO GET INTO.

AND, HONESTLY, I MIGHT HAVE A HARDER TIME GETTING SOME OF THAT INFORMATION BECAUSE PRIOR COUNSEL PASSED AWAY, JAY JOHNSON, WHO WAS HANDLING A LOT OF THIS. THAT WAS ABOUT 18 MONTHS AGO.

SO I HAVE MY EMAILS, BUT I JUST REALLY THINK THAT WOULD BE INAPPROPRIATE TO GET INTO ALL THE COMMUNICATIONS BACK AND FORTH.

THE COURT: I MEAN, I DON'T THINK -- AGAIN, I DON'T WANT TO ADDRESS EXPECTED DISCOVERY DISPUTES IN THE ABSTRACT AT THIS TIME ONE WAY OR THE OTHER. THERE WILL BE A PROCESS FOR THAT.

I DO THINK -- I WILL TAKE YOUR POINT AND I WILL SHORTEN -- WITH RESPECT TO ANY DISCOVERY REQUESTS THAT ARE SUBMITTED, I WILL SHORTEN THE DEADLINE TO RESPOND TO 14 DAYS. I THINK WE DO NEED TO GET THIS MOVING, SO I WILL ASK THAT RESPONSES BE PROVIDED WITHIN 14 DAYS, WITH THE UNDERSTANDING THAT THE PARTIES WILL -- YOU KNOW, IF THERE ARE DISPUTES, THAT I WILL SAY ANY CHALLENGES TO THE PARTIES' RESPONSE WILL BE DUE -- YOU KNOW, THEY SHOULD BE SUBMITTED WITHIN A WEEK OF THAT.

MR. WARREN: A WEEK AFTER GETTING THE RESPONSES?

THE COURT: YEAH. IS THAT FEASIBLE?

MR. WARREN: I MEAN, I WOULD ARGUE FOR TWO WEEKS

AFTER THAT. IT DEPENDS ON THE MAGISTRATE PROCEDURE, YOUR HONOR. IS IT GOING TO BE A JOINT LETTER? IS IT GOING TO BE --

THE COURT: I THINK WHAT I'M GOING TO DO -- LET'S DO IT THIS WAY: RESPONSES WITHIN 21 DAYS, AND TO THE EXTENT THOSE ARE DOCUMENTS, THOSE ARE REQUESTS FOR PRODUCTION, I UNDERSTAND YOU MAY NOT HAVE EVERY DOCUMENT PREPARED AT THE TIME, BUT TO THE EXTENT THAT THERE ARE DOCUMENTS THAT CAN BE -- THAT ARE AVAILABLE AND READY FOR PRODUCTION, THOSE SHOULD BE PRODUCED ALONG WITH THE RESPONSES; AND THEN I WANT ANY OBJECTIONS TO THE RESPONSES WITHIN 14 DAYS; AND THEN I WILL GIVE THE PARTIES, SAY, TWO WEEKS TO TRY TO RESOLVE THOSE RESPONSES. IF THEY'RE UNABLE TO DO SO, THEY CAN PRESENT ME WITH A JOINT LETTER BRIEF OUTLINING THE ISSUES, AND I BELIEVE THAT'S SET FORTH IN MY STANDING ORDER.

MR. WARREN: IT IS.

THE COURT: SO I WILL RETAIN THE DISCOVERY ISSUES HERE.

SO I HOPE THAT -- I DO EXPECT THE PARTIES TO WORK IN GOOD FAITH TO RESOLVE THOSE DISPUTES SO THAT I SHOULDN'T HAVE TO DECIDE ANYTHING, BUT I WILL ENCOURAGE BOTH PARTIES THAT THERE -- THAT THIS IS FOCUSSED ON THE PARTIES' RIGHTS, NOT SORT OF PRIMARILY ON SECONDARY ISSUES OF RIGHTS. THERE IS A RULE -- THE RULES DO REQUIRE THINKING ABOUT BURDENSOMENESS OF REQUESTS IN RELATIONSHIP TO THE ISSUES THAT ARE THERE.

SO I REALLY DON'T WANT TO SEE THE PARTIES BACK BEFORE ME

ON A DISCOVERY DISPUTE, AND SO I WANT YOU TO ENGAGE IN THE, YOU KNOW, THE FULLEST POSSIBLE MEET AND CONFER TO FIGURE OUT, YOU KNOW, A POSITION BETWEEN -- IF THERE REMAINS A DISPUTE ABOUT PLAINTIFF ONLY WANTS TO GIVE THE INCREDIBLY NARROW SET OF DOCUMENTS AND DEFENDANT WANTS TO SEE THE WORLD, FIND SOME PLACE IN BETWEEN THAT.

AND THAT'S WHAT I WOULD EXPECT THE PARTIES TO MAKE EVERY POSSIBLE EFFORT TO DO, WITH AN UNDERSTANDING THAT IF THEY DON'T DO SO, I MAY VERY WELL TAKE A BASEBALL ARBITRATION APPROACH TO THE DISPUTE, WHICH MEANS I CHOOSE ONE SIDE'S POSITION OR THE OTHER SIDE'S POSITION INSTEAD OF STRIKING GROUND IN THE MIDDLE.

SO I DON'T WANT YOU TO STAKE OUT POSITIONS ON THE ASSUMPTION THAT I'LL COME DOWN SOMEWHERE IN THE MIDDLE IF I DON'T BUY YOUR ARGUMENTS.

SO I DO THINK THERE ARE ENOUGH QUESTIONS THAT I'M INCLINED TO ACCEPT THE PROPOSAL THAT WE NOT SET A FURTHER CASE SCHEDULE AT THIS TIME, BECAUSE IF I DON'T HAVE JURISDICTION, THEN THERE'S NO REASON TO SET A CASE SCHEDULE.

SO I WILL ASK, IS THREE MONTHS SUFFICIENT FOR THIS PROCESS, DO YOU THINK?

MR. WARREN: I THINK IT IS, YOUR HONOR. I WANT TO -- I KNOW THE COURT HAS REPEATEDLY TOLD US NOT TO PREVIEW DISCOVERY ISSUES, BUT I WOULD SAY THAT I THINK THREE MONTHS IS ACCEPTABLE. THAT'S GOING TO HAVE TO INCLUDE AT LEAST ONE DEPOSITION OF A 30(B)(6) AND ONE DEPOSITION OF MR. ROTHSCHILD.

THAT MAY BE ALL ONE DEPOSITION.

THE COURT: I PRESUMED AS MUCH. I PRESUME THAT THERE WILL BE A NEED FOR DEPOSITIONS, TOO.

MR. WARREN: OKAY.

THE COURT: SO WHAT I WOULD PROPOSE IS THAT WE SET A DEADLINE OF NOVEMBER -- OF SEPTEMBER 13TH FOR THE PARTIES, FRIDAY, SEPTEMBER 13TH FOR THE PARTIES TO FILE SUPPLEMENTAL BRIEFS OF NO MORE THAN 15 PAGES ADDRESSING, YOU KNOW -- AND INCLUDING AS NEEDED EVIDENCE GENERATED THROUGH DISCOVERY ADDRESSING THE PLAINTIFF'S STANDING, OR LACK THEREOF, AND HOW THE EVIDENCE THAT HAS BEEN GENERATED BEARS UPON THAT ISSUE.

MR. GARTEISER: YOUR HONOR?

MR. WARREN: MAY I --

THE COURT: GO AHEAD.

MR. WARREN: SORRY.

MR. GARTEISER: NO, SORRY.

MR. WARREN: MAY I SUGGEST, SUPPLEMENTAL BRIEFS ALWAYS FRUSTRATE THE HECK OUT OF ME BECAUSE YOU END UP SHIPS PASSING IN THE NIGHT.

SOMEBODY SHOULD GO FIRST AND THEN THE OTHER PERSON SHOULD GO LATER. I'M HAPPY TO GO LATER. BUT I WOULD RATHER SOMEBODY GO FIRST AND THEN SOMEBODY GET A VERY SHORT REPLY IN ORDER TO AVOID THE SITUATION THAT THERE ARE SORT OF TWO BRIEFS THAT ARE COMING AT THIS IN A DIFFERENT WAY AND THERE'S NO WAY TO ENGAGE. I THINK IT WOULD BE MORE HELPFUL FOR THE COURT TO HAVE A

RESPONSE.

THE COURT: MR. GARTEISER.

MR. GARTEISER: I WAS JUST GOING TO SUGGEST THAT MAYBE AS PART OF THIS, WE CAN PROVIDE A DECLARATION, SOMETHING TO SHOOT AT. SO THAT'S WHAT I WAS GOING TO ASK.

AND THE SUPPLEMENTAL BRIEFING, I DIDN'T WANT TO VIOLATE THE COURT'S INSTRUCTIONS AND PROVIDE A DECLARATION FROM MR. ROTHSCHILD AS TO THE CORPORATE STRUCTURE BECAUSE OF THE REASONS WE DISCUSSED AT THE LAST HEARING.

SO I -- AT THIS STAGE IT ALMOST FEELS LIKE, I DON'T KNOW, I SHOULD PROVIDE SOMETHING SO THAT THEN HE CAN FIGHT ABOUT IT IN -- MAYBE -- IT'LL PROBABLY COME OUT -- YOU KNOW WHAT, YOUR HONOR? IT'LL PROBABLY COME OUT IN RFP'S, REQUESTS FOR PRODUCTION, AND INTERROGATORIES.

THE COURT: YES, PRESUMABLY IT WILL COME OUT IN -- YOU KNOW, I WOULD SAY, YOU KNOW, PRESUMABLY MR. ROTHSCHILD WILL BE DEPOSED, AND SO IF -- YOU KNOW, AND HE WILL BE BOUND BY THAT DEPOSITION TESTIMONY AND CANNOT CONTRADICT THAT TESTIMONY WITH A DECLARATION AT A LATER POINT.

SO I THINK THAT THE PROPOSAL TO HAVE THIS DONE MAKES SENSE. I THINK WE ARE STILL HERE ON DEFENDANT'S MOTION, SO I THINK IT MAY MAKE SENSE TO SAY HAVE DEFENDANTS FILE THEIR BRIEF BY SEPTEMBER 13TH, FRIDAY, SEPTEMBER 13TH, AND THEN TO HAVE PLAINTIFFS FILE THEIR RESPONSE, IF ANY, BY FRIDAY, SEPTEMBER 27TH.

MR. WARREN: OKAY. MAY I HAVE A FIVE PAGE REPLY, YOUR HONOR, A WEEK LATER?

THE COURT: SURE. I'LL GIVE YOU A FIVE PAGE REPLY BY -- AGAIN, BECAUSE WE'RE HERE ON DEFENDANT'S MOTION IN THE FIRST INSTANCE, BY FRIDAY, OCTOBER 4TH.

MR. WARREN: PERFECT.

MR. GARTEISER: AND, YOUR HONOR, JUST ONE THING ON THIS. CAN WE HAVE A DEADLINE CERTAIN TO HAVE A PROTECTIVE ORDER IN PLACE FOR THE CONFIDENTIAL INFORMATION? I JUST WANT TO MAKE SURE THAT WE GET THAT DONE.

THE COURT: I MEAN, I GUESS -- I'M ASSUMING THAT THERE SHOULDN'T BE ANY REASON THAT -- I MEAN, HOPEFULLY THE PARTIES CAN WORK THAT THROUGH.

BUT I WILL SAY -- OKAY, WE -- I WILL EXPECT THERE TO BE EITHER A STIPULATED PROTECTIVE ORDER ON FILE WITHIN 14 DAYS, OR A, YOU KNOW, AN EXPLANATION. PURSUANT TO MY PROCEDURE, IF THERE IS A DISPUTE THAT THE PARTIES ARE UNABLE TO RESOLVE, YOU CAN PRESENT THAT TO ME THROUGH A LETTER BRIEF.

MR. GARTEISER: THANK YOU, YOUR HONOR. BECAUSE THE BIGGEST PROBLEM PLAINTIFFS AND I HAVE IS SOURCE CODE PROVISIONS.

AND SEPARATELY, YOUR HONOR, WE REALLY NEED A TRIAL DATE, BECAUSE OTHER FORUMS -- YOU KNOW, WE HAVE CASES IN TEXAS. I COULD HAVE TRIED TO FILE THIS CASE IN TEXAS. INSTEAD, I TRIED TO FOLLOW THE AIA AND FILE IT IN THE NORTHERN DISTRICT OF

CALIFORNIA. IT'S NOT CONVENIENT, AND THERE WERE THREE OR FOUR OTHER CASES ALREADY PENDING IN TEXAS.

AND SO, YOU KNOW, TRYING TO ESTABLISH THE AIA, NOW I'VE GOT TO WORRY ABOUT A COMPLETELY DIFFERENT FORUM, AND THAT'S THE PTAB, PATENT AND TRADEMARK APPEAL BOARD.

AND WHAT I MEAN BY THAT IS IF WE DON'T HAVE A TRIAL DATE, THEN I CAN'T RUN THE ANALYSIS AND THE -- I'M NOT EVEN SAYING DISCORD, BUT ANOTHER DEFENDANT OR SOME UNNAMED THIRD PARTY CALLED UNIFIED PATENTS THAT REPRESENTS A CONSORTIUM OF COMPANIES THAT I ARGUE PRACTICE EFFICIENT INFRINGEMENT, WILL THEN FILE A PTAB ACTION OR INTER PARTES REVIEW AND THEN TRY TO STAY THIS CASE ALTOGETHER.

SO WE REALLY DID TRY TO PUT SOME EFFORT INTO COMING UP WITH A TRIAL DATE THAT BOTH PARTIES COULD AGREE TO, AND I JUST HATE TO -- I'M NOT SAYING WE CAN'T GO AND CHANGE IT NEXT TIME YOU SEE US IF YOU FOUND OUT THERE'S NO STAYING THIS AND THE CASE IS GONE, BUT I REALLY NEED, AS A PLAINTIFF THAT HAS COMMITTED TO TRYING THIS CASE IN YOUR DISTRICT, TO KEEP IT HERE, AND THE ONLY WAY I CAN DO THAT IS IF WE HAVE A TRIAL DATE.

THAT'S THE ONLY KIND OF BIGGER ISSUE THAT I JUST WANTED TO BRING UP AT THIS CMC.

THE COURT: I MEAN, THAT DOESN'T -- I DON'T UNDERSTAND HOW -- I MEAN, THE CASE IS HERE, I HAVE POWER OVER THE CASE. I WILL DECIDE WHAT THE SCHEDULE IN THIS CASE WILL

BE.

I'M NOT SURE HOW WHETHER I'VE SET A TRIAL DATE OR NOT BEARS ON ANY OF THAT.

MR. GARTEISER: WHERE IT BEARS, YOUR HONOR, IS WHEN A UNIFIED PATENT OR SOME OTHER THIRD PARTY FILES AN INTER PARTES REVIEW IN ANOTHER -- IN THE PTAB COURT TO CHALLENGE THE PATENT.

SO NOW ALL OF A SUDDEN, YOU KNOW, WE'RE TRYING TO RESOLVE THE ISSUE IN ONE FORUM, IN YOUR FORUM, AND NOW WE HAVE TO WORRY ABOUT RESOLVING IT IN ANOTHER FORUM.

AND WHAT DETERMINES WHETHER THE -- THE PART I LEFT OUT THAT'S IMPORTANT IS THAT THE COURT, OR THE PATENT AND TRADEMARK BOARD, THE PTAB, THEY LOOK AT WHETHER YOU HAVE A TRIAL DATE OR NOT TO DETERMINE WHETHER THEY'RE GOING TO IMPLEMENT OR NOT.

SO IF IT'S GOING TO TAKE LONGER THAN, LET'S SAY, 18 MONTHS TO GET TO TRIAL, THEN THEY MIGHT IMPLEMENT THEIR, THEIR DUPLICATUS PROCEEDING.

AND THERE'S NO REAL VALUE TO THE PLAINTIFF OTHER THAN -- YOU KNOW, BECAUSE IT'S NOT GOING TO BE BINDING ON, ON THIS COURT BECAUSE, AGAIN, IT'S THIS CONSORTIUM, THIS OTHER THIRD PARTY THAT'S DOING THIS ARGUMENT.

THAT'S ALL.

THE COURT: YEAH, I'M NOT GOING TO -- I'M NOT GOING TO SET A TRIAL DATE SOLELY ON THE BASIS OF THE WAY IT MIGHT IMPACT A DECISION ABOUT INTER PARTES REVIEW BY THE PTAB.

I DON'T THINK THAT'S AN APPROPRIATE ROLE FOR ME TO BE

PLAYING INTO THAT. I THINK THAT GOES BEYOND THE SCOPE OF WHAT WE ARE CONCERNED WITH HERE, YOU KNOW.

SO I AM NOT INCLINED TO SET A TRIAL DATE AT THIS TIME WITHOUT KNOWING WHETHER, YOU KNOW, I HAVE JURISDICTION TO DECIDE THIS CASE, AND I DO THINK WE NEED TO DO THAT.

I THINK WE'VE TALKED THROUGH A PROCESS, WE CAN HOPEFULLY GET THAT RESOLVED IN THE NEXT FOUR MONTHS, AND, YOU KNOW, THAT IS A DELAY, BUT IT'S A DELAY THAT THERE'S AN IMPORTANT ENOUGH ISSUE HERE THAT I'M WILLING TO COUNTENANCE.

SO MY PLAN -- I THINK THAT WE SHOULD UNDERTAKE THIS DISCOVERY AS WE'VE DISCUSSED AND THE SUPPLEMENTAL BRIEFING THAT WE'VE DISCUSSED. I WILL PRESUME IT'S -- PRESUMABLY THE DEFENDANTS WOULD PREFER TO STAY ALL THE DISCOVERY PENDING THE RESOLUTION OF THIS ISSUE, AND I THINK THAT'S APPROPRIATE BECAUSE, AGAIN, WE DON'T KNOW WHAT'S HAPPENING.

SO WE WILL PROCEED ON THE SCHEDULE -- WITH RESPECT TO THE JURISDICTIONAL DISCOVERY, WE WILL PROCEED ON THE SCHEDULE THAT WE'VE DISCUSSED IN THE MANNER WE'VE DISCUSSED.

IF THINGS CHANGE AND THERE'S A NEED TO RETURN TO THE COURT FOR RELIEF FROM THE STAY, FOR RELIEF FROM THIS ORDER, TO CHANGE, YOU KNOW, I'M AVAILABLE, AND THE PARTIES OBVIOUSLY -- AGAIN, I WILL INSIST THAT THEY MEET AND CONFER IN GOOD FAITH OVER THIS ISSUE, BUT I'M AVAILABLE TO RESOLVE THOSE ISSUES.

WE CAN SET A FURTHER STATUS CONFERENCE. I THINK ACTUALLY IT MAY MAKE SENSE TO, TO DO SO MAYBE --

NICOLE, IS AUGUST 8TH AVAILABLE?

THE CLERK: IT IS, YOUR HONOR.

THE COURT: OKAY. I'M GOING TO JUST SET A FURTHER STATUS CONFERENCE FOR 1:00 P.M. ON AUGUST 8TH. HOPEFULLY THAT WORKS FOR BOTH SIDES.

MR. WARREN: I TURNED OFF MY PHONE FOR THIS HEARING.

MR. GARTEISER: YES.

THE COURT: WE CAN FIND ANOTHER DATE IF FOR WHATEVER REASON THAT ENDS UP BEING THERE, BUT I THINK IT'LL BE USEFUL JUST TO CHECK IN AT THAT POINT TO MAKE SURE THINGS HAVE PROGRESSED AND TO MAKE SURE WE'RE ON SCHEDULE -- WE'RE ON THE PATH TO GET THIS RESOLVED.

MR. WARREN: THAT MAKES TOTAL SENSE, YOUR HONOR.

IF I COULD RAISE ONE OTHER RELATED/UNRELATED ISSUE. I STILL DON'T HAVE MY INITIAL DISCLOSURES, WHICH WERE DUE A WEEK AGO.

I WAS COMING HERE, I WAS GOING TO SAY, "WELL, I HAVEN'T REALLY BEEN PREJUDICED BY NOT GETTING MY INITIAL DISCLOSURES," BUT NOW THAT YOUR HONOR HAS GIVEN ME A VERY TIGHT DISCOVERY SCHEDULE, I KIND OF HAVE BEEN PREJUDICED.

SO I WANT TO MAKE SURE THAT I GET THOSE, AND I JUST WANT TO MAKE SURE THAT -- THE COURT HAS GIVEN US VERY TIGHT DEADLINES, 21 DAYS, 14 DAYS, SO ON AND SO FORTH.

YOU KNOW, WE'VE HAD A LIMITED NUMBER OF DEADLINES THAT THE PLAINTIFF HAS HAD TO DO, THE ADR CERTIFICATION, THE INITIAL

DISCLOSURES, AND THE PLAINTIFF HAS MISSED THEM, AND I JUST WANT TO MAKE SURE THAT WE'RE GOING TO STICK TO THOSE DEADLINES.

THE COURT: IS THERE ANY REASON THAT THOSE INITIAL DISCLOSURES CAN'T BE PROVIDED BY MONDAY?

MR. GARTEISER: NO, YOUR HONOR. I ALREADY TOLD OPPOSING COUNSEL THAT THEY WOULD HAVE THEM TODAY.

THE COURT: OKAY. WELL, THEN, I'LL ORDER THAT THEY BE PROVIDED BY MONDAY, AND I HOPE THAT THEY ARE PROVIDED TODAY.

DID WE LOSE --

MR. GARTEISER: I'M HERE.

THE COURT: OKAY.

MR. GARTEISER: THAT'S MY POKER FACE.

THE COURT: OKAY. I THINK THAT -- THAT RESOLVES CERTAINLY THE ISSUES I PLANNED ON RAISING.

ARE THERE ANY OTHER ISSUES THAT THE PARTIES WANTED TO ADDRESS TODAY?

MR. WARREN: NO, YOUR HONOR.

MR. GARTEISER: YOUR HONOR, JUST AS YOU BEGIN, YOU KNOW, YOUR TENURE ON THE BENCH, I JUST WANT TO BE AWARE THAT THERE'S THIS ASPECT OF -- THERE'S THE DIFFERENCE BETWEEN THE SIZES OF THE PLAINTIFF AND THE DEFENDANT, OR THE DEFENDANT AND THE PLAINTIFF, THE PARTIES, AND I THINK THAT RULE 1 TRIES TO ADDRESS THAT. I DON'T THINK THAT IT ALWAYS DOES A GOOD JOB, AND I JUST BRING THAT UP FOR SOMETHING THE COURT TO KNOW WHEN WE'RE INVOLVED IN THIS CASE.

THE COURT: I AM VERY WELL AWARE. IN MY LIFE AS A PRIVATE LAWYER, I OFTEN REPRESENTED INDIVIDUAL WORKERS FACING INCREDIBLY WELL RESOURCED EMPLOYERS ON THE OTHER SIDE, SO I'M VERY WELL AWARE OF THE DIFFERENCES BETWEEN PARTIES AND THAT IT'S ALL PARTIES' OBLIGATION TO TARGET THEIR DISCOVERY AND THEIR APPROACH GENERALLY TO THE NEEDS OF THE CASE TO PROMOTE JUST AND EFFICIENT OUTCOMES, AND THAT IS CERTAINLY SOMETHING THAT ALL PARTIES ARE ALLOWED TO KEEP IN MIND.

MR. GARTEISER: THANK YOU, YOUR HONOR. THAT'S ALL I HAVE.

MR. WARREN: THANK YOU, YOUR HONOR.

THE COURT: OKAY. THANK YOU.

WE'LL SEE YOU ON AUGUST 8TH, AND I HOPE I DON'T HAVE TO RESOLVE ANY DISPUTES BETWEEN THAT TIME.

MR. WARREN: WE ALL HOPE THAT, YOUR HONOR.

MR. GARTEISER: THANK YOU.

THE COURT: THANK YOU.

MR. GARTEISER: THANK YOU.

THE CLERK: THANK YOU. THIS MATTER IS CONCLUDED.

(THE PROCEEDINGS WERE CONCLUDED AT 1:31 P.M.)

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

Lee-Anne Shortridge

LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

DATED: JULY 11, 2024