Randall T. Garteiser (CA State Bar No. 231821)
rgarteiser@ghiplaw.com
GARTEISER HONEA – IP TRIAL BOUTIQUE
119 W Ferguson, Tyler, TX  75702
Telephone: (888) 908-4400

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,** | Case No.: 5:24-cv-00703-PCP |
| Plaintiff, | |
| v. | PLAINTIFF'S CORRECTED OBJECTIONS DISCORD'S THIRD-PARTY SUBPOENA TO TD BANK REGARDING NON-PARTY PATENT ASSET MANAGEMENT, LLC'S PROTECTED INFORMATION |
| **DISCORD INC**., | |
| Defendant | |

Pursuant to Rules 45(d)(2)(b) of the Federal Rules of Civil Procedure, Display

Technologies, LLC ("Display Technologies" or "Plaintiff"), by and through counsel, provides

the following objections to Discord Inc. ("Discord" or "Defendant") Subpoena purportedly

served on TD Bank on or about July 1, 2024, and attached hereto as **Exhibit A.**

**PRELIMINARY STATEMENT**

The responses provided herein are made solely for the purpose of discovery in this case

and are not to be construed as an intention to waive Plaintiff's objections. Plaintiff expressly

reserves his objections including any objections to the admissibility of any responses, material or

information as evidence in this or in any subsequent proceedings, including the trial of this action

or any related proceedings; any objections to the use of the responses, material or information in

any other matter not expressly enumerated herein; any objections to the subject matter of the

responses, material or information that is provided herein or as a result of the Defendant's

Subpoena to a third party for documents related to a third party; or any objections to the authenticity, materiality, competency, relevancy, protections, rights, or privileges that pertain to the responses, material or information provided to Defendant's subpoena.

Agreement to provide information responsive to a particular request is not an admission of relevance, materiality, or admissibility of the responses, material or information provided, nor shall any response herein be construed as an admission, concession, regarding the same. Nor shall an agreement to provide information responsive to a particular request be construed as a waiver by Plaintiff of any right, privilege, or protection afforded by law.

## GENERAL OBJECTIONS TO SUBPOENA

In addition to the objections stated in the specific responses to the Subpoena, the following objections (the "General Objections") apply to all of the Subpoena requests for documents. The following General Objections are hereby incorporated by reference into the individual responses to the Requests for Admission and have the same force and effect as if fully set forth in the responses to the Requests for Admission. Plaintiff objects as follows:

1.      Plaintiff objects to the Requests to the extent that they seek information that is not relevant to the subject matter of this proceeding or is not reasonably calculated to lead to the discovery of admissible evidence.

2.      Plaintiff objects to the Requests as improper and unduly burdensome to the extent that they purport to impose upon Plaintiff any obligations or requirements broader than those set forth in the Federal Rules of Civil Procedure or rules otherwise applicable to this matter.

3.      Plaintiff objects to the Requests to the extent that they call for information that is a matter of public record or otherwise routinely available to all parties.

OBJECTIONS TO DISCORD'S SUBPOENA TO TD BANK FOR NON-PARYT PROTECTED INFORMATION

4.      Plaintiff objects to the Requests to the extent that they are duplicative or designed to

harass.

5.      Plaintiff objects to the Requests to the extent that they seek information that is protected

from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege

or immunity from discovery. Inadvertent disclosure of any such privileged information shall not

constitute a waiver of any applicable privilege or any other ground for objecting to discovery

with respect to such privileged information.

6.      If applicable, Plaintiff objects to the Requests to the extent that they seek information

regarding documents or materials that are not in Plaintiff's possession, custody, or control.

7.      Plaintiff objects to the Requests for Admission to the extent that they state a legal

conclusion, or assume or appear to assume that any fact, event, or assumption is true. By

responding to any such Request, Plaintiff does not concede the correctness of any such

conclusion or assumption.

8.      Plaintiff objects to these Requests to the extent they seek information from third parties to

this litigation about third parties to this litigation.

9.      Plaintiff objects to these Requests to the extent that they were served in a manner outside

the scope of the Court's Minute Order allowing discovery limited to the jurisdictional dispute as

follows the Court stated as follows:

> Minute Entry for proceedings held before Judge P. Casey Pitts: Initial Case Management Conference held on 6/13/2024.
> The Court orders jurisdictional discovery on the issue of whether plaintiff Display has standing to bring this lawsuit. Responses to discovery requests must be produced within 21 days and any discovery disputes may be submitted within 14 days thereafter, but the Court expects the parties to work together towards the resolution of such disputes.
> Any discovery disputes that do come before the Court will be resolved pursuant to the procedures in Judge Pitts's Standing Order.

OBJECTIONS TO DISCORD'S SUBPOENA TO TD BANK FOR NON-PARYT PROTECTED INFORMATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant Discord must file a 15-page supplemental brief by September 13, 2024 based on the evidence obtained from jurisdictional discovery. Display must respond with its 15-page opposition brief by September 27, 2024. If it so chooses, Discord may file a 5-page reply brief by October 4, 2024. All other discovery will be stayed pending jurisdictional discovery and the Court will not issue a case schedule at this time.

The Court also sets a status conference for August 8, 2024 at 01:00 PM.

**SPECIFIC OBECTIONS TO DISCORD'S THIRD-PARTY SUBPOENA TO TD BANK REGARDING THIRD-PARTY PATENT ASSET MANGEMENT, LLC**

**DOCUMENT REQUEST NO. 1:**

*Bank statements dated on or after January 1, 2021, concerning accounts owned, managed by, or for the benefit of Patent Asset Management, LLC, a Florida Limited Liability Company.*

**Objections and Responses to Document Request No. 1.**

Objection is made to the scope of this discovery request being outside the proportionality of Rule 26(b)(1), is not relevant, not appropriate in its scope for an issue on jurisdictional discovery.

Objection is made to the vague phrase "concerning accounts owned" as ambiguous and undefined, not allowing a response to be provided.

Objection is made to the vague phrase "managed by" as ambiguous and undefined, not allowing a response to be provided.

Objection is made to the vague phrase "for the benefit of" as ambiguous and undefined, not allowing a response to be provided.  It is also vague as to timing of when any benefit is supposed to be conveyed and what benefit that involves.

Patent Asset Management, LLC is not a party to the litigation in Norther District of California, that is the basis for serving this subpoena.  Compliance with this subpoena is prejudicial to plaintiff and third-party Patent Asset Management, LLC as Defendant Discord served this subpoena without first obtaining leave of the scope as this is outside the scope of the Court's Minute Order, which made no indication that subpoenas on third parties would be allowed on a standing defense, which is an issue of capacity that Plaintiff has established under

OBJECTIONS TO DISCORD'S SUBPOENA TO TD BANK FOR NON-PARYT PROTECTED INFORMATION

as the owner of the patents-in-suit and Rule 17(b)(2) as company incorporated under the laws of the State of Texas.

Objection is made to the relevancy of bank statements of a non-party (Patent Asset Management, LLC). Objection is also made for the improper attempt to obtain non-redacted confidential, financial information without providing proper notice to non-party that owns the confidential financial information and which Discord failed to even provide TD Bank a copy of the Protective Order governing this confidential, protected material the is plainly non-public information of a non-party. T

Discord also failed to join the subject of the subpoena, Patent Asset Management, LLC as a party to this litigation to first establish capacity of plaintiff is insufficient, thus making this subpoena presently not appropriate under Rule 26(b)(1) among others. Here, under Discord's alter ego theory, Patent Asset Management, LLC is the victim of the alleged patent infringement lawsuit brought by the patent owner Display Technologies, LLC. As such, Discord must have joined Patent Asset Management, LLC as a necessary party before it can properly serve a subpoena for its bank records or bank information from another non-party bank, here TD Bank. Discord did not do so before it served a subpoena on TD Bank to obtain non-party Patent Asset Management's personal and confidential bank records of Patent Asset Management, LLC, that are not relevant to a lawsuit involving Display Technologies, LLC.

Jurisdiction is not proper over the Florida company, Patent Asset Management Company in a case involving one its subsidiaries, and as such will not produce documents relating to it.

Subject to the foregoing, respondent will produce documents related Know Your Customer and Customer Identification Procedures documents solely to Display Technologies, LLC.

Plaintiff and/or TD Bank are available to meet and confer to attempt a resolution.

**DOCUMENT REQUEST NO. 2:**
*Bank records including transaction records, account opening documents, documents concerning signature authority, and Know Your Customer and Customer Identification Procedures documents, dated on or after January 1, 2021, concerning accounts owned, managed by, or for the benefit of Patent Asset Management, LLC, a Florida Limited Liability Company.*

OBJECTIONS TO DISCORD'S SUBPOENA TO TD BANK FOR NON-PARYT PROTECTED INFORMATION

**Objections and Responses to Document Request No. 2.**

Objection is made to the scope of this discovery request being outside the proportionality of Rule 26(b)(1), is not relevant, not appropriate in its scope for an issue on jurisdictional discovery.

Objection is made to the vague phrase "concerning accounts owned" as ambiguous and undefined, not allowing a response to be provided.

Objection is made to the vague phrase "managed by" as ambiguous and undefined, not allowing a response to be provided.

Objection is made to the vague phrase "for the benefit of" as ambiguous and undefined, not allowing a response to be provided.  It is also vague as to timing of when any benefit is supposed to be conveyed and what benefit that involves.

Discord also failed to join the subject of the subpoena, Patent Asset Management, LLC as a party to this litigation to first establish capacity of plaintiff is insufficient, thus making this subpoena presently not appropriate under Rule 26(b)(1) among others.   Here, under Discord's alter ego theory, Patent Asset Management, LLC is the victim of the alleged patent infringement lawsuit brought by the patent owner Display Technologies, LLC.  As such, Discord must have joined Patent Asset Management, LLC as a necessary party before it can properly serve a subpoena for its bank records or bank information from another non-party bank, here TD Bank. Discord did not do so before it served a subpoena on TD Bank to obtain non-party Patent Asset Management's personal and confidential bank records of Patent Asset Management, LLC, that are not relevant to a lawsuit involving Display Technologies, LLC.

Objection is made to the relevancy of bank statements of a non-party (Patent Asset Management, LLC).  Objection is also made for the improper attempt to obtain non-redacted confidential, financial information without providing proper notice to non-party that owns the confidential financial information and which Discord failed to even provide TD Bank a copy of the Protective Order governing this confidential, protected material the is plainly non-public information of a non-party.

Jurisdiction is not proper over the Florida company, Patent Asset Management Company in a case involving one its subsidiaries, and as such will not produce documents relating to it.

OBJECTIONS TO DISCORD'S SUBPOENA TO TD BANK FOR NON-PARYT PROTECTED INFORMATION

Subject to the foregoing, respondent will produce documents related Know Your Customer and Customer Identification Procedures documents solely to Display Technologies, LLC.

Plaintiff and/or TD Bank are available to meet and confer to attempt a resolution.

Jurisdiction is not proper over the Florida company, Patent Asset Management Company, LLC, in a case involving one its subsidiaries, will not produce documents relating to the amount of money controlled or owned by itself or its subsidiaries.

Subject to the foregoing, respondent will produce documents related Know Your Customer and Customer Identification Procedures documents solely to Display Technologies, LLC.

Plaintiff and/or TD Bank are available to meet and confer to attempt a resolution.


**Attachments:**

**Exhibit A** - A copy of the subpoena to TD Bank for non-party Patent Asset Management, LLC bank documents and account information.


DATED:  July 15, 2024                              Respectfully served,

/s/ *Randall Garteiser*
Randall T. Garteiser
(CA State Bar No. 231821)
rgarteiser@ghiplaw.com
GARTEISER HONEA – IP TRIAL BOUTIQUE
119 W Ferguson, Tyler, TX  75702
Telephone: (888) 908-4400

*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon all counsel of record via email on July 15, 2024.

OBJECTIONS TO DISCORD'S SUBPOENA TO TD BANK FOR NON-PARYT PROTECTED INFORMATION

1

A copy was also served via email on TD Bank's legal department.

2

3

4

/s/ *Randall Garteiser*
Randall Garteiser

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTIONS TO DISCORD'S SUBPOENA TO TD BANK FOR NON-PARYT PROTECTED INFORMATION