C. Todd Norris (SBN 181337)
Duane Morris LLP
One Market Plaza, Spear Tower, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax:           +1 415 957 3001
E-mail:  CTNorris@DuaneMorris.com

*Attorneys for Non-Party, TD Bank*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DISTRICT

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DISCORD, INC.,<br><br>　　　　　　　Defendant. | Case No. 5:24-cv-00703-PCP<br><br>**NON-PARTY TD BANK'S OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

Non-Party TD Bank ("**TD Bank**"), by and through its attorneys, Duane Morris LLP, responds to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("**Responses**"), as follows:

## GENERAL OBJECTIONS

1.　The Subpoena imposes burdens or requirements that are inconsistent with the Federal Rules of Civil Procedure, or seeks to impose an unreasonable burden or would otherwise create burden, hardship, or oppression beyond that authorized under the Federal Rules of Civil Procedure, or seeks discovery beyond that authorized under the Federal Rules of Civil Procedure.

2.　The Subpoena's requests for documents and scope of the requests are overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the matter considering: (i) the nature and scope of the litigation, including the importance and complexity of the issues and the amounts at stake; (ii) the relevance of electronically

stored information and its importance to the court's adjudication in the given case; (iii) the cost, burden, and delay that may be imposed on the a non-party to the litigation to deal with electronically stored information; (iv) the ease of producing electronically stored information and whether substantially similar information is available with less burden; and (v) any other factors relevant under the circumstances.

3. The Subpoena is improper to the extent that it requires production or identification of data, documents and information subject to the attorney/client privilege, the attorney work-product doctrine, or any other statutory or common law doctrine or privilege. TD Bank will not produce privileged information or documents.

4. The Subpoena's requests for documents are vague and ambiguous, or contain undefined terms.

5. The Subpoena seeks documents that are protected from disclosure by Federal law and regulation or state law and regulation.

6. The Subpoena's requests for documents are cumulative and/or duplicative.

7. The Subpoena seeks the production of documents, data, and information that constitute trade secrets, are confidential, privileged, sensitive, or proprietary to TD Bank and/or its customer. The Subpoena seeks documents in the custody, possession or control of third parties, and from whom documents can be directly obtained.

8. The Subpoena incorporates, includes, or relies on factual and legal assumptions and/or characterizations that are incorrect, speculative, or unsubstantiated.

9. The Subpoena violates Federal Rule of Civil Procedure 45(d)(1) by imposing undue burden and expense on TD Bank.

10. These objections to the Subpoena are based on information presently known to TD Bank, and all rights are reserved to amend and/or supplement these objections.

11. A response to the Subpoena does not constitute a representation that any such documents or information exist or are in the possession, custody, or control of TD Bank, and is not a waiver of any rights, remedies or privilege or similar statutory or common law protection.

## SPECIFIC OBJECTIONS

Subject to the foregoing General Objections, all of which are hereby specifically incorporated into each of the objections below to the individual requests, the following are specific additional objections to each individually numbered request:

### RESPONSES

**DOCUMENT REQUEST NO. 1:**

Bank statements dated on or after January 1, 2021, concerning accounts owned, managed by, or for the benefit of Patent Asset Management, LLC, a Florida Limited Liability Company.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

TD Bank objects to this request on the grounds that it seeks the production of confidential customer documents, data, and information and TD Bank's customer has objected to the production of such records. TD Bank further objects to the production of these records because they request the confidential bank records of a Florida entity and Florida law prohibits the disclosure of such records without the consent of the customer. *See* Fla. Stat. § 655.059.

TD Bank also objects that this request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the matter considering: (i) the nature and scope of the litigation, including the importance and complexity of the issues and the amounts at stake; (ii) the relevance of electronically stored information and its importance to the court's adjudication in the given case; (iii) the cost, burden, and delay that may be imposed on the a non-party to the litigation to deal with electronically stored information; and (iv) the ease of producing electronically stored information and whether substantially similar information is available with less burden.

TD Bank will not produce any documents in response to this request unless and until such time as it's customer's objections have been resolved by the Court or by agreement of the parties.

**DOCUMENT REQUEST NO. 2:**

Bank records including transaction records, account opening documents, documents concerning signature authority, and Know Your Customer and Customer Identification Procedures documents,

dated on or after January 1, 2021, concerning accounts owned, managed by, or tor the benefit of Patent Asset Management, LLC, a Florida Limited Liability Company.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

TD Bank objects to this request on the grounds that it seeks the production of confidential customer documents, data, and information and TD Bank's customer has objected to the production of such records. TD Bank further objects to the production of these records because they request the confidential bank records of a Florida entity and Florida law prohibits the disclosure of such records without the consent of the customer. *See* Fla. Stat. § 655.059.

TD Bank also objects on the grounds that this request is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, or not proportional to the needs of the matter considering: (i) the nature and scope of the litigation, including the importance and complexity of the issues and the amounts at stake; (ii) the relevance of electronically stored information and its importance to the court's adjudication in the given case; (iii) the cost, burden, and delay that may be imposed on the a non-party to the litigation to deal with electronically stored information; and (iv) the ease of producing electronically stored information and whether substantially similar information is available with less burden.

TD Bank further objects on the ground that this request fails to identify an item or category of documents with reasonable particularity. To the extent that this over broad request may be construed to seek the production of privileged attorney-client communications and attorney-work product, TD Bank objects to the request on those grounds. TD Bank will not produce any privileged documents in response to this request.

TD Bank objects to the request for its internal policies and procedures concerning Know Your Customer procedures because these are propriety documents that contain sensitive and highly confidential information about account openings that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. TD Bank is a non-party to this litigation and should not have to provide such confidential materials where these issues are not involved in the ultimate dispute and where there is a potential for abuse of the discovery process by using it to discover information

about TD Bank that is unrelated to this lawsuit.

TD Bank will not produce any documents in response to this request unless and until it's customer's objections have been resolved by the Court or by agreement of the parties.

DATED: July 16, 2024             Respectfully submitted,

                                 DUANE MORRIS LLP


                                  /s/  *C. Todd Norris*
                                 C. Todd Norris (SBN 181337)

                                 *Attorneys for Non-Party, TD Bank*

*DISPLAY TECHNOLOGIES, LLC v. DISCORD INC.*
**United States District Court, Northern District of California, Case No.: 5:24-cv-00703-PCP**

**PROOF OF SERVICE**

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is Duane Morris LLP, One Market Plaza, Spear Tower, Suite 2200, San Francisco, California 94015-1127. On the date set forth below, I served the following document(s):

**NON-PARTY TD BANK'S OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

on the interested party(ies) in this action in the following manner:

☐ **BY U.S. MAIL**: I enclosed the documents in a sealed envelope or package addressed to the person(s) set forth below, and placed the envelope for collection and mailing following our ordinary business practices, which are that on the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California, in a sealed envelope with postage fully prepaid. OR
☐ I enclosed the documents in a sealed envelope or package addressed to the person(s) set forth below, and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☐ **BY MESSENGER SERVICE**: I enclosed the documents in an envelope or package addressed to the person(s) set forth below and providing the package(s) to a professional messenger service for same day delivery service.

☒ **BY ELECTRONIC SERVICE**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY ELECTRONIC SERVICE TO THE CM/ECF SYSTEM**: In accordance with Federal Rules of Civil Procedure, I hereby certify that on the below date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to all parties of record according to the preferences chosen by those parties within the CM/ECF system. The transmission was reported as complete and without error.

| | |
|---|---|
| Randall T. Garteiser, Esq.<br>Christopher A. Honea, Esq.<br>GARTEISER HONEA – IP TRIAL BOUTIQUE<br>119 W Ferguson<br>Tyler, TX  75702<br>Telephone: (888) 908-4400 | Attorneys for Plaintiff,<br>DISPLAY TECHNOLOGIES, LLC and Non-Party PATENT ASSET MANAGEMENT, LLC<br><br>TEL.:     (888) 908-4400<br>EMAIL:  rgarteiser@ghiplaw.com<br>              ghpam@ghiplaw.com<br>              cjensen@ghiplaw.com<br>              litigation@ghiplaw.com<br><br>**VIA ECF FILING AND E-MAIL** |

| | |
|---|---|
| Matthew S. Warren, Esq.<br>Erika H. Warren, Esq.<br>Francesca Miki Shima Germinario, Esq.<br>Warren Kash Warren LLP<br>2261 Market Street<br>San Francisco, CA  94114 | Attorneys for Defendant,<br>DISCORD INC.<br><br>TEL.:      (415) 895-2940<br>E-MAIL:   erika@warrenkashwarren.com<br>                francesca@warrenkashwarren.com<br>                matt@warrenkashwarren.com<br>                24-703@cases.warrenlex.com<br><br>**VIA ECF FILING AND E-MAIL** |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on July 16, 2024, at San Francisco, California.

_____
Jean Marie Reed