Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
Francesca M. S. Germinario (State Bar No. 326208)
24-703@cases.warrenlex.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendant Discord Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC, | Case No. 5:24-cv-00703-PCP |
| Plaintiff, | **ADMINISTRATIVE MOTION TO FILE UNDER SEAL BY DEFENDANT DISCORD INC.** |
| v. | |
| DISCORD INC., | |
| Defendant. | |

Defendant Discord Inc. respectfully submits this administrative motion under Civil L.R. 7-11 and 79-5 to seal portions of Exhibits 4, 5 and 6 to its discovery letter brief, and motion to consider whether another party's material should be sealed regarding information in the discovery letter brief arguably derived from documents designated confidential by plaintiff Display Technologies, LLC.

**I.       Discord's Motion to Seal**

    **A.       The Court Should Apply the Good Cause Standard to Discord's Motion**

The Court of Appeals applies two standards to motions to seal court filings, called "compelling reasons" and "good cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Which standard to apply "will turn on whether the motion is more than tangentially related to the merits of a case" or "able to significantly affect the disposition of the issues in the case." *Id.* at 1100-01. For documents that do not meet these criteria, such as "sealed materials attached to a discovery motion

unrelated to the merits of a case," a party seeking to seal "need only satisfy the less exacting 'good cause' standard." *Id.* at 1097 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Discord's motion seeks only to seal "materials attached to a discovery motion unrelated to the merits of a case," *Ctr. for Auto Safety*, 809 F.3d at 1097, and thus the "good cause" standard applies.

**B.    There is Good Cause to Seal the Material in Discord's Motion**

Discord requests that the Court seal the following portions of documents:

| Document | Portions of Document to Be Sealed |
|---|---|
| Exhibit 4 to the Discovery Letter Brief, Docket No. 54-4. | Line 7:19-21. |
| Exhibit 5 to the Discovery Letter Brief, Docket No. 54-5. | Lines 9:1-3, 10:12-14, 12:4-6, 13:14-16, 15:2-4, 16:9-11, 17:16-18, 19:2-4, 20:6-8, 21:10-12, 22:16-18, 23:21-23. |
| Exhibit 6 to the Discovery Letter Brief, Docket No. 54-6. | Lines 5:17-23, 6:1-2, 7:6-10, 8:3-6, 9:7-11, 10:8-12, 10:20-21, 11:12-16, 12:4-10, 12:20-23, 13:1, 13:14-17, 14:5-8, 14:17-21, 15:7-11, 15:20-23, 16:1, 16:19-22, 17:1. |

The "good cause standard" is a less stringent standard than the "compelling reasons" standard and "comes from Rule 26(c)(1) which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Ctr. for Auto Safety*, 809 F.3d at 1097. That is so here; the narrowly tailored portions of documents that Discord seeks to seal contain allegations that are unsupported and irrelevant to any issue in this case. *See generally* Declaration of Matthew S. Warren in Support of Administrative Motion to File Under Seal by Defendant Discord Inc., concurrently filed with this motion. Although it is not required to meet the "good cause" standard, even after Discord's proposed redactions, the public will be able to understand the nature of the parties' pending discovery dispute. The Court should therefore seal these portions.[1]

---

[1] The Court would reach the same result even under the "compelling reasons" standard. Examples of compelling reasons "include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).

II.     **Motion to Consider Whether Another Party's Material Should be Sealed**

The discovery letter brief contains information subject to claims of confidentiality by plaintiff. Discord Inc. makes no claim of confidentiality over these materials, but makes this application to allow Display Technologies, LLC to submit declarations under Civil L.R. 79-5(f).

Discord's administrative motion to consider whether another party's material should be sealed includes the following portions of documents:

| Document | Portions of Document to Be Sealed |
|---|---|
| Discovery Letter Brief, Docket No. 54. | Lines 1:21-22, 1:38, 1:41-43, 2:3-5, 3:5-6. |

## CONCLUSION

In view of the foregoing, Discord requests that the identified excerpts be filed under seal.

Date:  July 30, 2024

Respectfully submitted,

_____
Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
Francesca M. S. Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
24-703@cases.warrenlex.com

*Attorneys for Defendant Discord Inc.*