July 30, 2024                                                                                         **REDACTED VERSION OF DOCUMENT**
                                                                                                                                                        **FILED UNDER SEAL**

**By Electronic Filing**

The Honorable P. Casey Pitts
United States District Judge
United States District Court for the Northern District of California
Robert F. Peckham Federal Building and U.S. Courthouse
Courtroom 8, 4th Floor
280 South First Street
San Jose, California, 95113

**Re:**     Display Technologies, LLC v. Discord Inc., No. 5:24-cv-00703-PCP (N.D. California)

Dear Judge Pitts:

The parties respectfully submit this joint discovery letter. On June 17, defendant Discord Inc. served Jurisdictional Requests for Production (JRFPs, Ex. 1); Jurisdictional Interrogatories (JIs, Ex. 2); and Jurisdictional Requests for Admission (JRFAs, Ex. 3). On July 8, plaintiff Display Technologies, LLC served responses and objections. (Exs. 4-6.) On July 9, plaintiff produced documents from Display ███████████; on July 12, plaintiff produced documents from Display ███████████, and confirmed its production was complete. The parties met and conferred on July 9, 11, and 12, but could not resolve these disputes. Discord provided its portion of this letter on July 16; plaintiff provided its portion on July 30.

**1.**     **Discord's Statement**

Plaintiff's contempt of this Court continues. In its opposition and its supplemental brief, plaintiff provided only one fact: that it owns the asserted patents. Plaintiff's interrogatory responses state only the same fact. Plaintiff has not produced even documents it admitted are relevant during the recent status conference. Plaintiff also seeks to bar almost any inquiry, including requests that merely *mention* its principal Leigh Rothschild, by claiming that information is not 'in its files.' Plaintiff will continue its standard strategy of evasion and delay until the Court orders otherwise.

        **A.**     **Plaintiff's Production in Response to Discord's Jurisdictional Discovery**

Plaintiff denied all of Discord's JRFAs, refused to respond to Discord's JIs except to note that it owns the patents-in-suit, and produced ███ pages before reporting on July 12 that its production was complete. 1,045 pages are prosecution histories from the P.T.O. or plaintiff's filings downloaded from the Texas Secretary of State, all of which Discord already had. Of the ███ other pages, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████

        **B.**     **Plaintiff Must Search Documents Accessible to Its Principal**

Many of plaintiff's objections depend on its assertion that Discord may seek only documents or information 'in the files' of plaintiff itself, and may not seek documents or information 'in the files' of Mr. Rothschild or his other companies—which includes documents or information even mentioning those companies or Mr. Rothschild. *E.g.*, JRFAs 1-9. Plaintiff's argument fails factually and legally. On the facts, there is no reason to believe the Rothschild entities have

The Honorable P. Casey Pitts
United States District Judge

July 30, 2024
Page 2

different 'files.'  Plaintiff refused to explain any such differences, *see, e.g.,* JRFP 23 & JI 13, likely because none exist.  Mr. Rothschild has repeatedly referred to his companies' files collectively, *see, e.g.*, Docket Nos. 20-35 ¶¶ 4-5, 20-37 ¶¶ 4-5, 20-39 ¶¶ 4-5, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Plaintiff has admitted these records are undifferentiated by claiming to separate them based on the contents of the documents themselves, for example, by claiming that settlements including a Display Technologies signature block are 'in the files' of plaintiff, but that settlements *not* including such a block are not.  If the Rothschild entities' records were already separated, plaintiff would not need to separate them after collection by reviewing each document and applying its counsel's conception of what falls in its 'files.'

Legally, however, it does not matter if the Rothschild entities have integrated or separated files.  Because any and all of their files are accessible to Mr. Rothschild, manager and ultimate owner of plaintiff, he must search them in response to Discord's discovery requests.  A party must provide "information available from a non-party if the information is 'readily obtainable' from that entity."  *Doe v. AT&T*, No. 11-4603, 2012 WL 1669882, at *2 (N.D. Cal. May 14, 2012).  "A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative."  *Brown v. Fambrough*, No. 09-573, 2011 WL 1466601, at *3-4 (E.D. Cal. Apr. 18, 2011).  Applying these rules, Apple had to produce Qualcomm and Intel documents because "Apple's engineers can access" the "requested documents in the Qualcomm and Intel repositories."  *Apple Inc. v. Wi-LAN Inc.*, No. 14-2235, 2017 WL 11680855, at *4 (S.D. Cal. Nov. 28, 2017).  Just as Apple's engineers had to search all the files they could access, so must Mr. Rothschild, the manager and ultimate owner of plaintiff, search all the files *he* can access, which includes all the files of all his companies.  *Id.*

Separately, Discord seeks documents "relevant to determining whether an alter ego relationship exists," *Del Campo v. Am. Corrective Counseling Servs.*, No. 01-21151, 2008 WL 4858502, at *1 (N.D. Cal. Nov. 10, 2008), regarding which courts have extended discovery to documents held by non-parties.  *Chesapeake Operating, Inc. v. Stratco Operating Co.*, 2009 WL 426101, at *8 & n.5 (M.D. La. 2009) (collecting cases).  Finally, there is no burden here; Mr. Rothschild keeps his companies' records close, *see supra*, and producing documents without limiting them by company would end up being *less* burdensome than the path plaintiff has chosen, which requires analysis of each document to determine which company purportedly has it 'in its files.'  The Court should therefore require plaintiff to produce all documents accessible to its principal Leigh Rothschild, including all documents in 'the files' of any of Mr. Rothschild's companies.

### C.   Plaintiff Must Respond to Discord's Jurisdictional Discovery

The Softballs.  JRFPs 1-4 and JIs 1-3 simply ask plaintiff to support *its own previous arguments* to this Court.  *Compare, e.g.*, JRFP 2 & JI 2 *with* Docket No. 33 & Docket No. 46 at 10.  But plaintiff responded only that it owns the patents, Ex. 5 at 5:15-16, otherwise refused to answer the interrogatories, *see generally id.*, and produced no responsive documents.  Similarly, JRFPs 8-10 ask plaintiff to supply documents that it contends work *against* a finding of alter ego.  Plaintiff should have such evidence readily available if it exists.  Again, however, plaintiff

The Honorable P. Casey Pitts
United States District Judge

July 30, 2024
Page 3

produced nothing.  The Court should order plaintiff's prompt production of relevant documents and information, and preclude plaintiff from making any arguments it does not disclose.

<u>The Global Agreements</u>.  JRFPs 5-7 and JI 4 seek agreements showing Mr. Rothschild's and Patent Asset Management's ability to license the Rothschild companies' patents and relevant related documents.  Plaintiff previously conceded the relevance of these documents, *see* Docket No. 46 at 12:21-24, but then produced only agreements counsel deemed to be 'in the files' of plaintiff, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  Discord already has one such agreement, with GNOME (Docket No. 20-72), and there are likely many more, unless the Rothschild entities made global agreements only through plaintiff, which the GNOME license confirms is not correct.  The Court should order plaintiff's prompt responses to these requests.

<u>The Reality Checks</u>.  JRFAs 1-4 seek confirmation of facts plaintiff has either explicitly admitted or not previously contested.  Nevertheless, plaintiff objected and refused to answer any of them.  The Court should order plaintiff to promptly enter an unqualified admission or denial.

<u>The Business Plans and Communications</u>.  JRFPs 11-14 seek communications between the companies and their business plans, including as shared with potential or actual investors.  These documents will show that the Rothschild companies operate as a single entity, and thus that the assertion entities are alter egos of Patent Asset Management and Mr. Rothschild, depriving them of standing.  The Court should order plaintiff's prompt responses to these requests.

<u>The Admit-or-Explains</u>.  JRFAs 5-15 seek admissions regarding the relationship between Mr. Rothschild, Patent Asset Management and the assertion entities; JRFPs 15-25 and JIs 5-15 seek information and documents only for denied admissions.  The Court noted its search for facts on the "nature of the relationship" between these parties, Docket No. 46 at 11:6-13, but plaintiff has frustrated this search.  *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246-47 (9th Cir. 1981).  The Court should order plaintiff to promptly enter an unqualified admission or denial to each of these JRFAs and, for each denial, to provide responses to the corresponding JRFP and JI.

## 2.   Plaintiff's Statement

The Court has allowed Discord to pursue jurisdictional discovery and stayed all other discovery in this case under in a Minute Order entered at the last Status Conference.  But Discord is serving discovery beyond the scope of Rule 26(b)(1) on the narrowly tailored issue of standing of Plaintiff Display Technologies, LLC.  <u>Display now moves in this letter for clarification of the scope of this Court's minute order</u>, as under Rule 26(c).

Discord has improperly subpoenaed the bank records for Patent Asset Management, LLC, the parent company of the Plaintiff.  Damages discovery is not taking place, and bank account records for a parent company and any subsidiaries is an invasion of privacy of third parties not involved in this litigation.  Plaintiff asked Defendant to limit its subpoena and its discovery on Plaintiff to just be limited to the named party, but Defendant refused, insisting on bringing this issue to the Court after the parties met and conferred a few times.

The Honorable P. Casey Pitts
United States District Judge

July 30, 2024
Page 4

Discord also served at least 5 (five) subpoenas on third parties that did not involve any of the patents-in-suit. This is not acceptable when the victim of patent infringement is the Plaintiff, and there is no dispute among even the alleged other non-joined victims Patent Asset Management, LLC and Leigh Rothschild that the registered owner of the asserted patents-in-suit is Plaintiff Display Technologies, LLC.

Rule 17 titled "Plaintiff and Defendant; Capacity; Public Officers" governs <u>capacity</u> for a plaintiff. Fed. R. Civ. P. 17(a). Rule 17(a) titled "Real Party In Interest" is applicable to standing. Rule 17(a) recites, in pertinent part that, "An action must be prosecuted in the name of the real party in interest." *Id.* Here, the patent owner is the plaintiff, Display Technologies, LLC. Subject Matter jurisdiction is proper in this District Court under the Patent Statutes, including 1391(c). Under Section 1400(b), Personal Jurisdiction and Venue are both proper in this District as Discord has its headquarters in this District. Title 28 U.S.C. § 1400(b) ("§1400(b), provides that: '[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.'"). As such, standing is established and rebutted by the hearsay evidence with no exception that applies, which Discord provided to the Court prompting the Court ask for additional discovery on the standing issue.

To the extent that a party in the year 2016, specifically Valve Corporation, wanted a signature from Mr. Leigh Rothschild to push an agreement over the finish line is not relevant, or "evidence" of a "lack of standing" for a third party accused of patent infringement that was never meant to be a beneficiary of that agreement to attempt to create a standing dispute. Also, it is an affirmative defense that Discord has morphed into an Alter Ego defense, but again, the victim of patent infringement is the plaintiff Display Technologies, LLC, not Discord.

Plaintiff has indicated repeatedly that it has capacity to bring this lawsuit and under Defendant Discord's position, the other victims that may attempt to recover from Discord for patent infringement are only either or both Leigh Rothschild the director of Display Technologies, LLC or the parent company of the plaintiff Display Technologies, LLC.

None of the case law involves a third party being asked to produce documents, but instead it is an actual named party to a lawsuit. Simply put, the case law cited by Discord does not allow it to participate in alter ego discovery without first joining those alleged alter ego non-parties.

At the last CMC Plaintiff identified the disparity in the economic positions of the parties and appreciates the Court's observation of this factor in determining an appropriate scope for discovery and tailoring a discovery order that is not overly broad, expensive to the plaintiff or defendant, impacts parties not named or joined in this litigation, and is costly to third parties that now Discord with its apparently unlimited resources has served more than five subpoenas on non-parties to this litigation involving litigation resolution agreements of non-parties. Simply put, Plaintiff needs the Court to limit discovery to the parties in this lawsuit because the burden is beyond the scope of the alleged patent infringement damages stated to the Court and the defendant in the joint statement to the Court.

The Honorable P. Casey Pitts
United States District Judge

July 30, 2024
Page 5

Discord has engaged in a scorched earth attempt to at best prove the Court should enjoin, if possible, non-parties Patent Asset Management, LLC and Leigh Rothschild. Rule 19(c). The victim of patent infringement is the owner Display Technologies, LLC. Yes, its parent company, Patent Asset Management, LLC, incorporated in Florida, benefits to some amount from this lawsuit. But it Patent Asset Management, LLC, agrees that its subsidiary Display Technologies, LLC is the proper Plaintiff. So the concern of a non-party victim may not compensatory damages upon a finding of patent infringement does not exist here.

As such, information about non-joined parties, Patent Asset Management, LLC and Leigh Rothschild are "not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(1).

Plaintiff has objected on the ground that requests for documents about any "Related Patent" are impermissibly broad, as such requests could include "any patent in the world, regardless of inventorship, that is related to the subject matter of the Patents-in-Suit." (JS1 at 13). Plaintiff's overbreadth objection is well-taken. At this time, defendant has not established how documents regarding any "Related Patent," as that term is defined in the discovery requests, are relevant to any claims or defenses in this action, Because plaintiff's suit against defendant is limited to three patents, defendant's wide-sweeping requests encompassing all "Related Patents" could result in the production of a significant amount of irrelevant documents, while the task of collecting and reviewing this volume of documents could consume an inordinate amount of time on the part of plaintiff. The Court will not permit what amounts to a fishing expedition into documents with little to no apparent probative value and an accompanying burden that is not proportional to the needs of the case. *See Rivera v. NIBCO*, 364 F.3d 1057, 1072 (9th Cir. 2004) (noting that district courts "need not condone the use of discovery to engage in fishing expeditions").

For these reasons, because the requests seek discovery that would exceed the bounds of Rule 26(b)(1), the Court narrows the scope of the requests by excluding demands for documents and things concerning any "Related Patent." *See Kajeet, Inc. v. Qustodio, LLC*, SA CV 18-1519-JAK (PLAx), C. D. Cal. October 22, 2019) (J. Abrams).

Respectfully Submitted,

*/s/ Randall Garteiser*  
Randall Garteiser (State Bar No. 231821)   Matthew S. Warren (State Bar No. 230565)
GARTEISER HONEA, PLLC   WARREN KASH WARREN LLP

*Attorneys for Plaintiff Display Technologies, LLC*   *Attorneys for Defendant Discord Inc.*

**SIGNATURE ATTESTATION**

Under Local Rule 5-1(i)(3), I attest that I have obtained concurrence in the filing of this document from the other signatories.

Date:   July 30, 2024

_____
Matthew S. Warren