# EXHIBIT 1

Case 5:24-cv-00703-PCP   Document 54-1   Filed 07/30/24   Page 1 of 7

Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
Francesca M. S. Germinario (State Bar No. 326208)
24-703@cases.warrenlex.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendant Discord Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>DISCORD INC.,  )<br>)<br>Defendant.  )<br>_____ ) | Case No. 5:24-cv-00703-PCP<br><br>**FIRST SET OF JURISDICTIONAL REQUESTS FOR PRODUCTION BY DEFENDANT DISCORD INC.** |

Under Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Order granting jurisdictional discovery, defendant Discord Inc. requests that plaintiff Display Technologies, LLC serve written responses to these requests and produce the requested documents and things at Warren Kash Warren LLP, 2261 Market Street, No. 606, San Francisco, California, and then supplement responses as required by Federal Rule of Civil Procedure 26(e).

**DEFINITIONS**

Discord incorporates definitions 1-14 in the concurrently served First Set of Jurisdictional Requests for Admission by Defendant Discord Inc. as if fully set forth herein.

**INSTRUCTIONS**

1.  Under the Court's Order granting jurisdictional discovery, responses and objections, as well as responsive document production, are due twenty-one days after service of these requests.

2. If you object to any portion of any request, respond to the unobjectionable portion and state specifically how you have narrowed your response.

3. If you object to any request on the ground that it is vague or ambiguous, identify the particular words, terms or phrases that you believe make the request vague or ambiguous.

4. If you object to any request because of a claim of privilege, set forth the privilege you claim, the facts on which you rely to support the claim of privilege, and furnish a list identifying each item of information for which privilege is claimed, containing at least the following information:

    (a) all relevant dates including creation and transmission;

    (b) all authors and senders;

    (c) all recipients;

    (d) the general subject matter; and

    (e) any portions of the document over which you claim a privilege.

Identify all persons using name, title and associated entity.

5. In the unlikely event that you find the meaning of any term to be unclear, assume a reasonable meaning, state what your assumed meaning is, and respond using that meaning.

6. If any requests call for production of documents that were previously within your possession, custody, or control, but which are not anymore, identify those documents in a manner sufficient to describe them in a subpoena, and give the name, telephone number, address, and e-mail address of the person or entity last known by you to have possession, custody, or control of them.

## JURISDICTIONAL REQUESTS FOR PRODUCTION

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 1:**

All documents that you contend support your standing to bring claims in this action.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 2:**

All documents in which you contend that Leigh M. Rothschild or Patent Asset Management, LLC agreed to instruct Rothschild Assertion Entities not to bring any claims.

//

//

//

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 3:**

All documents concerning any limitations on the ability of Leigh M. Rothschild or Patent Asset Management, LLC to execute patent licenses or covenants not to sue concerning patents owned by Rothschild Assertion Entities.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 4:**

All agreements concerning a license or covenant not to sue concerning patents owned by Rothschild Assertion Entities that you contend support your standing to bring claims in this action.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 5:**

All agreements concerning a license or covenant not to sue concerning patents owned by Rothschild Assertion Entities to which Leigh M. Rothschild or Patent Asset Management, LLC is a party or which otherwise mention Leigh M. Rothschild or Patent Asset Management, LLC.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 6:**

For each agreement produced in response to Jurisdictional Request for Production No. 5, all documents concerning the decision to include Leigh M. Rothschild or Patent Asset Management, LLC as a party, or to otherwise mention Leigh M. Rothschild or Patent Asset Management, LLC.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 7:**

For each agreement produced in response to Jurisdictional Request for Production No. 5, all communications with any party to the agreement concerning the potential or actual inclusion of Leigh M. Rothschild or Patent Asset Management, LLC in the agreement.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show any payments or other consideration for patent licenses or covenants not to sue entering bank accounts owned by Rothschild Assertion Entities.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 9:**

Any agreements between Leigh M. Rothschild and any Rothschild Assertion Entities.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 10:**

Any agreements between Patent Asset Management, LLC and any Rothschild Assertion Entities.

//

//

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show any communications between Leigh M. Rothschild and any Rothschild Assertion Entities.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show any communications between Patent Asset Management, LLC and any Rothschild Assertion Entities.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 13:**

All documents concerning any business plan concerning Patent Asset Management, LLC or the Rothschild Assertion Entities, including any documents shared with potential or actual investors, funders, consultants, or business partners, including Mavexar LLC.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 14:**

All documents concerning any agreement concerning Patent Asset Management, LLC or the Rothschild Assertion Entities made with any potential or actual investors, funders, consultants, or business partners, including Mavexar LLC.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 15:**

If you deny Jurisdictional Request for Admission No. 5, all documents concerning control of Patent Asset Management, LLC, including all documents concerning ultimate beneficial ownership.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 16:**

If you deny Jurisdictional Request for Admission No. 6, all documents concerning control of each Rothschild Assertion Entity covered by your denial, including all documents concerning ultimate beneficial ownership.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 17:**

If you deny Jurisdictional Request for Admission No. 7, all documents concerning control of each Rothschild Assertion Entity covered by your denial, including all documents concerning ultimate beneficial ownership.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 18:**

If you deny Jurisdictional Request for Admission No. 8, documents sufficient to show all members of each Rothschild Assertion Entity covered by your denial.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 19:**

If you deny Jurisdictional Request for Admission No. 9, documents sufficient to show all members of each Rothschild Assertion Entity covered by your denial.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 20:**

If you deny Jurisdictional Request for Admission No. 10, bank statements for each Rothschild Assertion Entity covered by your denial from January 1, 2021, to the present.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 21:**

If you deny Jurisdictional Request for Admission No. 11, bank statements for each Rothschild Assertion Entity covered by your denial from January 1, 2021, to the present.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 22:**

If you deny Jurisdictional Request for Admission No. 12, documents sufficient to show employment on February 6, 2024, of all employees of each Rothschild Assertion Entity covered by your denial.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 23:**

If you deny Jurisdictional Request for Admission No. 13, documents sufficient to show all separate books and records of each Rothschild Assertion Entity covered by your denial from January 1, 2021, to the present.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 24:**

If you deny Jurisdictional Request for Admission No. 14, all documents that you contend support your position that Patent Asset Management, LLC was not an alter ego of Leigh M. Rothschild on February 6, 2024.

//
//
//
//
//
//
//

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 25:**

If you deny Jurisdictional Request for Admission No. 15, all documents that you contend support your position that any Rothschild Assertion Entity was not an alter ego of Leigh M. Rothschild on February 6, 2024.

Date:   June 17, 2024                             Respectfully submitted,

/s/ Matthew S. Warren
Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
Francesca M. S. Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
24-703@cases.warrenlex.com

*Attorneys for Defendant Discord Inc.*