# EXHIBIT 2

1

Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
Francesca M. S. Germinario (State Bar No. 326208)
24-703@cases.warrenlex.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

2

3

4

5

6

*Attorneys for Defendant Discord Inc.*

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12

DISPLAY TECHNOLOGIES, LLC,

    Plaintiff,

13

v.

14

15

DISCORD INC.,

16

    Defendant.

17

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 5:24-cv-00703-PCP

**FIRST SET OF JURISDICTIONAL INTERROGATORIES BY DEFENDANT DISCORD INC.**

18

Under Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules of this Court,

19

and the Court's Order granting jurisdictional discovery, defendant Discord Inc. requests that plaintiff

20

Display Technologies, LLC serve written answers to these interrogatories, under oath and signed by the

21

officer making each answer, and then supplement responses as required by Federal Rule of Civil

22

Procedure 26(e).

23

**DEFINITIONS**

24

Discord incorporates definitions 1-14 in the concurrently served First Set of Jurisdictional

25

Requests for Admission by Defendant Discord Inc. as if fully set forth herein.

26

**INSTRUCTIONS**

27

1.    Under the Court's Order granting jurisdictional discovery, responses and objections, as

28

well as responsive document production, are due twenty-one days after service of these interrogatories.

2.      If you object to any portion of any interrogatory, respond to the unobjectionable portion and state specifically how you have narrowed your response.

3.      If you object to any interrogatory on the ground that it is vague or ambiguous, identify the particular words, terms or phrases that you believe make the interrogatory vague or ambiguous.

4.      If you object to any interrogatory because of a claim of privilege, set forth the privilege you claim, the facts on which you rely to support the claim of privilege, and furnish a list identifying each item of information for which privilege is claimed, containing at least the following information:

(a)     all relevant dates including creation and transmission;

(b)     all authors and senders;

(c)     all recipients;

(d)     the general subject matter; and

(e)     any portions of the information over which you claim a privilege.

Identify all persons using name, title and associated entity.

5.      In the unlikely event that you find the meaning of any term to be unclear, assume a reasonable meaning, state what your assumed meaning is, and respond using that meaning.

6.      If any interrogatories call for information previously within your possession, custody, or control, but which is not anymore, identify such information in a manner sufficient to describe them in a subpoena, and give the name, telephone number, address, and e-mail address of the person or entity last known by you to have possession, custody, or control of it.

7.      All interrogatories must be answered in full and in writing.  If any interrogatory cannot be answered fully after exercising reasonable diligence, please so state and answer each such interrogatory to the fullest extent possible, specify the portion of each interrogatory that you claim to be unable to answer fully and completely, state the facts upon which you rely to support your contention that you are unable to answer the interrogatory fully and completely, and state what knowledge, information, or belief you have concerning the unanswered portion of each such interrogatory.

//

//

//

1

**JURISDICTIONAL INTERROGATORIES**

2

**JURISDICTIONAL INTERROGATORY NO. 1:**

3      Describe in detail why you contend that you have standing to bring claims in this action,

4  including identification by production number of all documents produced in response to Jurisdictional

5  Requests for Production Nos. 1 and 4.

6

**JURISDICTIONAL INTERROGATORY NO. 2:**

7      Identify all documents in which you contend that Leigh M. Rothschild or Patent Asset

8  Management, LLC agreed to instruct Rothschild Assertion Entities not to bring any claims, including

9  identification by production number of all documents produced in response to Jurisdictional Request for

10  Production No. 2.

11

**JURISDICTIONAL INTERROGATORY NO. 3:**

12      Describe in detail all limitations on the ability of Leigh M. Rothschild or Patent Asset

13  Management, LLC to execute patent licenses or covenants not to sue concerning patents owned by

14  Rothschild Assertion Entities, including identification by production number of all documents produced

15  in response to Jurisdictional Request for Production No. 3.

16

**JURISDICTIONAL INTERROGATORY NO. 4:**

17      Identify all agreements concerning a license or covenant not to sue concerning patents owned by

18  Rothschild Assertion Entities to which Leigh M. Rothschild or Patent Asset Management, LLC is a

19  party or which otherwise mention Leigh M. Rothschild or Patent Asset Management, LLC, including

20  identification by production number of all documents produced in response to Jurisdictional Request for

21  Production No. 5.

22

**JURISDICTIONAL INTERROGATORY NO. 5:**

23      If you deny Jurisdictional Request for Admission No. 5, describe in detail the ownership of

24  Patent Asset Management, LLC, including a list of all beneficial owners, their shares of ownership, and

25  their roles in management, including identification by production number of all documents produced in

26  response to Jurisdictional Request for Production No. 15.

27  //

28  //

FIRST SET OF JURISDICTIONAL INTERROGATORIES BY DEFENDANT DISCORD INC.

**JURISDICTIONAL INTERROGATORY NO. 6:**

If you deny Jurisdictional Request for Admission No. 6, list the Rothschild Assertion Entities covered by your denial and, for each, describe in detail who controls it and who owns it, including a list of all beneficial owners, their shares of ownership, and their roles in management, including identification by production number of all documents produced in response to Jurisdictional Request for Production No. 16.

**JURISDICTIONAL INTERROGATORY NO. 7:**

If you deny Jurisdictional Request for Admission No. 7, list the Rothschild Assertion Entities covered by your denial and, for each, describe in detail who controls it and who owns it, including a list of all beneficial owners, their shares of ownership, and their roles in management, including identification by production number of all documents produced in response to Jurisdictional Request for Production No. 17.

**JURISDICTIONAL INTERROGATORY NO. 8:**

If you deny Jurisdictional Request for Admission No. 8, list the Rothschild Assertion Entities covered by your denial and, for each, describe in detail its management structure, including all parties with any management authority and a complete description of their areas of authority and roles in management, including identification by production number of all documents produced in response to Jurisdictional Request for Production No. 18.

**JURISDICTIONAL INTERROGATORY NO. 9:**

If you deny Jurisdictional Request for Admission No. 9, list the Rothschild Assertion Entities covered by your denial and, for each, describe in detail its management structure, including all parties with any management authority and a complete description of their areas of authority and roles in management, including identification by production number of all documents produced in response to Jurisdictional Request for Production No. 19.

**JURISDICTIONAL INTERROGATORY NO. 10:**

If you deny Jurisdictional Request for Admission No. 10, list the Rothschild Assertion Entities covered by your denial and, for each, identify all banks and branches at which it has any bank account,

//

1    including identification by production number of all documents produced in response to Jurisdictional

2    Request for Production No. 20.

3    **JURISDICTIONAL INTERROGATORY NO. 11:**

4         If you deny Jurisdictional Request for Admission No. 11, list the Rothschild Assertion Entities

5    covered by your denial and, for each, identify all banks and branches at which it has any bank account,

6    including identification by production number of all documents produced in response to Jurisdictional

7    Request for Production No. 21.

8    **JURISDICTIONAL INTERROGATORY NO. 12:**

9         If you deny Jurisdictional Request for Admission No. 12, list the Rothschild Assertion Entities

10   covered by your denial and, for each, list all of its employees on February 6, 2024, including

11   identification by production number of all documents produced in response to Jurisdictional Request for

12   Production No. 22.

13   **JURISDICTIONAL INTERROGATORY NO. 13:**

14        If you deny Jurisdictional Request for Admission No. 13, list the Rothschild Assertion Entities

15   covered by your denial and, for each, describe in detail its separate books and records, including

16   identification by production number of all documents produced in response to Jurisdictional Request for

17   Production No. 23.

18   **JURISDICTIONAL INTERROGATORY NO. 14:**

19        If you deny Jurisdictional Request for Admission No. 14, describe in detail why you contend that

20   Patent Asset Management, LLC was not an alter ego of Leigh M. Rothschild on February 6, 2024,

21   including identification by production number of all documents produced in response to Jurisdictional

22   Request for Production No. 24.

23   //

24   //

25   //

26   //

27   //

28   //

1

**JURISDICTIONAL INTERROGATORY NO. 15:**

2

    If you deny Jurisdictional Request for Admission No. 15, list the Rothschild Assertion Entities

3

covered by your denial and, for each, describe in detail why you contend that it was not an alter ego of

4

Leigh M. Rothschild on February 6, 2024, including identification by production number of all

5

documents produced in response to Jurisdictional Request for Production No. 25.

6

Date:   June 17, 2024                               Respectfully submitted,

7

8

_____

Matthew S. Warren (State Bar No. 230565)

9

Erika H. Warren (State Bar No. 295570)

Francesca M. S. Germinario (State Bar No. 326208)

10

WARREN KASH WARREN LLP

2261 Market Street, No. 606

11

San Francisco, California, 94114

+1 (415) 895-2940

12

+1 (415) 895-2964 facsimile

24-703@cases.warrenlex.com

13

14

*Attorneys for Defendant Discord Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST SET OF JURISDICTIONAL INTERROGATORIES BY DEFENDANT DISCORD INC.