# EXHIBIT 3

Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
Francesca M. S. Germinario (State Bar No. 326208)
24-703@cases.warrenlex.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendant Discord Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC, | Case No. 5:24-cv-00703-PCP |
| Plaintiff, | **FIRST SET OF JURISDICTIONAL REQUESTS FOR ADMISSION BY DEFENDANT DISCORD INC.** |
| v. | |
| DISCORD INC., | |
| Defendant. | |

Under Rules 26 and 36 of the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Order granting jurisdictional discovery, defendant Discord Inc. requests that plaintiff Display Technologies, LLC serve written answers to these requests for admission, under oath and signed by the officer making each answer, and then supplement responses as required by Federal Rule of Civil Procedure 26(e).

**DEFINITIONS**

1. The term "concerning" means concerning, constituting, contradicting, comprising, commenting on, containing, describing, discussing, embodying, evidencing, identifying, involving, mentioning, pertaining to, referring to, reflecting, regarding, relating to, responding to, stating, supporting, tending to support or refute, relating or referring (directly or indirectly) to or in any way, in whole or in part.

2. The term "including" means including without limitation.

3. The term "entity" means any entity other than a natural person, including any business or legal entity including any company, corporation, proprietorship, association, joint venture or partnership.

4. The term "control" of an entity means direct or indirect ownership of that entity, or the direct or indirect right to exercise at least 50% of the voting power or ownership interest of that entity, or the direct or indirect right to make binding decisions for that entity.

5. The term "affiliates" of an entity shall mean any entity that the entity controls, or is controlled by, or is under common control with the entity.

6. The term "standing" shall mean a plaintiff's standing to bring suit.

7. The term "document" includes all documents and electronically stored information as defined in Rule 34 of the Federal Rules of Civil Procedure.

8. The term "communications" includes any transmission, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand or question by any medium, whether by written, oral or other means.

9. The singular includes the plural and vice versa.

10. The terms "or" and "and" shall be both conjunctive and disjunctive.

11. The words "any" and "each" shall include the word "all."

12. A verb in any tense shall mean the verb in all other tenses.

13. The terms "you" and "your" mean plaintiff Display Technologies, LLC, Patent Asset Management, LLC, their officers, directors, principals, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, including Leigh M. Rothschild; as well as any subsidiaries, parents, affiliates, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other entities, whether foreign or domestic, that are controlled, controlled by, or under common control with Display Technologies, LLC or Patent Asset Management, LLC, and all predecessors and successors in interest to such entities.

14. The term "Rothschild Assertion Entities" means all entities that have asserted patent infringement claims and are under the control of Leigh M. Rothschild or Patent Asset Management, LLC, including Analytical Technologies, LLC, Audiometric Analytics Technologies, LLC, Battery

Conservation Innovations, LLC, Be TopNotch Wyoming, LLC, Coding Technologies, LLC, Contiguity LLC, Digital Verification Systems, LLC, Display Technologies, LLC, Distribution Intelligence Systems, LLC, Drug Information Retrieval System, LLC, Electronic Edison Transmission Technologies, LLC, Electronic Receipts Delivery Systems LLC, Geographic Location Innovations, LLC, Informative Technology Systems, LLC, Integrated Technology Solutions LLC, Location Based Services, LLC, Mobile Health Innovative Solutions, LLC, Pay As You Go, LLC, Product Association Technologies, LLC, Qualitative Data Solutions, LLC, Quantum Technology Innovations, LLC, RFID Technology Innovations, LLC, Rothschild Biometric Systems, LLC, Rothschild Broadcast Distribution Systems, LLC, Rothschild Connected Devices Innovations, LLC, Rothschild Digital Confirmation, LLC, Rothschild Digital Media Innovations, LLC, Rothschild Location Technologies LLC, Rothschild Patent Imaging LLC, Rothschild Storage Retrieval Innovations, LLC, Scanning Technologies Innovations, LLC, Social Positioning Input Systems, LLC, Speech Transcription, LLC, Symbology Innovations, LLC, Touchpoint Projection Innovations LLC, Wyoming Intellectual Property Holdings, LLC, and Wyoming Technology Licensing, LLC.

## INSTRUCTIONS

1. Under the Court's Order granting jurisdictional discovery, responses and objections, as well as responsive document production, are due twenty-one days after service of these requests.

2. If you object to any portion of any request, respond to the unobjectionable portion and state specifically how you have narrowed your response.

3. If you object to any request on the ground that it is vague or ambiguous, identify the particular words, terms or phrases that you believe make the request vague or ambiguous.

4. If you object to any request because of a claim of privilege, set forth the privilege you claim, the facts on which you rely to support the claim of privilege, and furnish a list identifying each item of information for which privilege is claimed, containing at least the following information:

    (a) all relevant dates including creation and transmission;

    (b) all authors and senders;

    (c) all recipients;

    (d) the general subject matter; and

(e) any portions of the document over which you claim a privilege. Identify all persons using name, title and associated entity.

5. In the unlikely event that you find the meaning of any term to be unclear, assume a reasonable meaning, state what your assumed meaning is, and respond using that meaning.

6. If any requests call for production of documents that were previously within your possession, custody, or control, but which are not anymore, identify those documents in a manner sufficient to describe them in a subpoena, and give the name, telephone number, address, and e-mail address of the person or entity last known by you to have possession, custody, or control of them.

## JURISDICTIONAL REQUESTS FOR ADMISSION

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 1:**

Admit that Leigh M. Rothschild is a party to agreements concerning a license concerning patents owned by Rothschild Assertion Entities.

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 2:**

Admit that Leigh M. Rothschild is a party to agreements concerning a covenant not to sue concerning patents owned by Rothschild Assertion Entities.

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 3:**

Admit that Patent Asset Management, LLC is a party to agreements concerning a license concerning patents owned by the Rothschild Assertion Entities.

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 4:**

Admit that Patent Asset Management, LLC is a party to agreements concerning a covenant not to sue concerning patents owned by the Rothschild Assertion Entities.

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 5:**

Admit that on February 6, 2024, Leigh M. Rothschild was the ultimate beneficial owner of 100% of Patent Asset Management, LLC.

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 6:**

Admit that on February 6, 2024, Leigh M. Rothschild was the ultimate beneficial owner of 100% of each Rothschild Assertion Entity.

//

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 7:**

Admit that on February 6, 2024, Patent Asset Management, LLC was the immediate parent of each Rothschild Assertion Entity.

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 8:**

Admit that on February 6, 2024, Leigh M. Rothschild was the managing member of each Rothschild Assertion Entity.

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 9:**

Admit that on February 6, 2024, Leigh M. Rothschild was the sole member of each Rothschild Assertion Entity.

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 10:**

Admit that on February 6, 2024, each Rothschild Assertion Entity did not have its own bank account.

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 11:**

Admit that on February 6, 2024, each Rothschild Assertion Entity did not have its own bank account containing more than $1,000.

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 12:**

Admit that on February 6, 2024, each Rothschild Assertion Entity did not have employees.

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 13:**

Admit that on February 6, 2024, each Rothschild Assertion Entity did not maintain separate books and records.

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 14:**

Admit that on February 6, 2024, Patent Asset Management, LLC was an alter ego of Leigh M. Rothschild.

//
//
//
//
//

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 15:**

Admit that on February 6, 2024, each Rothschild Assertion Entity was an alter ego of Leigh M. Rothschild.

Date:   June 17, 2024

Respectfully submitted,

_____
Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
Francesca M. S. Germinario (State Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
24-703@cases.warrenlex.com

*Attorneys for Defendant Discord Inc.*