# EXHIBIT 4
# REDACTED

Randall T. Garteiser (CA State Bar No. 231821)
  rgarteiser@ghiplaw.com
GARTEISER HONEA – IP TRIAL BOUTIQUE
119 W Ferguson, Tyler, TX  75702
Telephone: (888) 908-4400

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,,** | Case No.: 5:24-cv-00703-PCP |
| Plaintiff, | |
| v. | **PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF JURISDICTIONAL REQUESTS FOR PRODUCTION** |
| **DISCORD INC.,** | |
| Defendant | |

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Display Technologies, LLC ("Display Technologies" or "Plaintiff"), by and through counsel, provides the following objections and responses ("Responses") to Discord Inc. ("Discord" or "Defendant") First Set of Jurisdictional Requests for Production (Nos. 1-25).

## PRELIMINARY STATEMENT

The following Responses are based upon the facts, documents, and information presently known and available to Plaintiff. Discovery, investigation, research, and analysis are ongoing in this case and may disclose the existence of additional facts, add meaning or interpretation to known facts or documents, or lead to additions, variations, and/or changes to these Responses. Responses were prepared on Plaintiff's good faith interpretation and understanding of the definitions in the Requests and are subject to correction for inadvertent errors or omissions, if

any. A full or partial response to a Request is not a waiver by Plaintiff of his right to object to any other part of the Request or later supplement its Response to that Request.

As it may become necessary and/or appropriate, Plaintiff expressly reserves the right to supplement his responses. Plaintiff does not assume any obligation beyond the requirements of the Federal Rules to amend or supplement the Responses set forth herein if presently existing, different, or additional information is subsequently discovered. The responses contained herein follow a reasonable search of locations where such responsive materials would likely be found. Responses are based on materials that were located prior and up to the date of this response, and Plaintiff's discovery and investigation of the facts of this case are continuing. Plaintiff does not represent that all files and records in his possession, custody, or control have been searched or reviewed, or that Plaintiff has sought information from every person, source, agent, or entity included or not included in Defendant's Requests as to undertake such an effort would be unduly burdensome, prohibitively expensive, and result in materials that are not relevant or necessary to the needs of this case. Continued discovery, independent investigation, and analysis may result in facts or additional significance regarding the facts that are already known, or wholly new factual conclusions and legal contentions, the result of which would justify supplemental responses that add, change, or diverge from the information provided herein.

The responses provided herein are made solely for the purpose of discovery in this case and are not to be construed as an intention to waive Plaintiff's objections. Plaintiff expressly reserves his objections including any objections to the admissibility of any responses, material or information as evidence in this or in any subsequent proceedings, including the trial of this action or any related proceedings; any objections to the use of the responses, material or information in

any other matter not expressly enumerated herein; any objections to the subject matter of the responses, material or information that is provided herein or as a result of the Defendant's requests; or any objections to the authenticity, materiality, competency, relevancy, protections, rights, or privileges that pertain to the responses, material or information provided to Defendant's requests.

Agreement to provide information responsive to a particular request is not an admission of relevance, materiality, or admissibility of the responses, material or information provided, nor shall any response herein be construed as an admission, concession, regarding the same. Nor shall an agreement to provide information responsive to a particular request be construed as a waiver by Plaintiff of any right, privilege, or protection afforded by law. The general and specific objections set forth below are intended to apply to all information produced or provided pursuant to the Responses.

**GENERAL OBJECTIONS AND RESPONSES TO THE REQUESTS**

In addition to the objections stated in the specific responses to the Requests, the following objections (the "General Objections") apply to all of the Requests. The following General Objections are hereby incorporated by reference into the individual responses to the Requests and have the same force and effect as if fully set forth in the responses to the Requests. Plaintiff objects as follows:

1.      Plaintiff objects to the Requests to the extent that they seek information that is not relevant to the subject matter of this proceeding or is not reasonably calculated to lead to the discovery of admissible evidence.

2.      Plaintiff objects to the Requests as improper and unduly burdensome to the extent that they purport to impose upon Plaintiff any obligations or requirements broader than those set forth in the Federal Rules of Civil Procedure or rules otherwise applicable to this matter.

3.      Plaintiff objects to the Requests to the extent that they call for information that is a matter of public record or otherwise routinely available to all parties.

4.      Plaintiff objects to the Requests to the extent that they are duplicative or designed to harass.

5.      Plaintiff objects to the Requests to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from discovery. Inadvertent disclosure of any such privileged information shall not constitute a waiver of any applicable privilege or any other ground for objecting to discovery with respect to such privileged information.

6.      Plaintiff objects to the Requests to the extent that they seek information regarding documents or materials that are not in Plaintiff's possession, custody, or control.

7.      Plaintiff objects to the Requests to the extent that they state a legal conclusion, or assume or appear to assume that any fact, event, or assumption is true. By responding to any such Request, Plaintiff does not concede the correctness of any such conclusion or assumption.

8.      Plaintiff objects to the Requests on the ground that they are unduly burdensome and premature in light of the fact that Plaintiff is still conducting discovery and that many of the facts are already known by Defendant. Plaintiff has made a good faith effort to respond to each Request in a timely manner. Plaintiff's responses herein are necessarily based solely on the information that is available to Plaintiff on the date of these responses. Plaintiff's investigation is ongoing, and Plaintiff reserves the right to amend, supplement, or withdraw any response or

objection to the Requests as he deems necessary or appropriate in light of information or

knowledge obtained as discovery progresses in this action. To the extent that such materials or

any other materials not discussed below are determined to be responsive to the Requests,

Plaintiff will supplement its responses accordingly.

9.      In responding to the Requests, Plaintiff does not concede that any of the information

provided is relevant or material to the subject matter of this litigation or reasonably calculated to

lead to the discovery of admissible evidence. Plaintiff reserves the right to object to the

admissibility at trial of any of the information produced in response to the Requests.

## RESPONSES TO JURISDICTIONAL REQUESTS FOR PRODUCTION

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 1:**

All documents that you contend support your standing to bring claims in this action.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 1:**

OBJECTION

Plaintiff incorporates by reference the preceding Statement and General Objections as

stated above. Additionally, Plaintiff objects to the definition of "you" as over-inclusive and in

this response any response is limited to only Plaintiff Display Innovations. And plaintiff further

objects to this Request with respect to the vagueness of "All documents" and "claims" as vague

and overinclusive.  Plaintiff further objects to this Request to the extent it seeks information

subject to any duty of confidentiality between Plaintiff and any party or non-party, or to the

extent that it requires information from entities that are not parties to this matter and are not

within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to the

extent that it relies on review or production of electronically stored information from

unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

RESPONSE

Subject to and without waiving the above general and specific objection, Plaintiff responds as follows: To the extent that such documents are relevant, exist and can be located after a reasonable search and without undue burden and expense, Plaintiff will produce responsive, non-privileged documents in his possession, custody, or control. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request as necessary in accordance with all applicable rules and orders of this Court.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 2:**

All documents in which you contend that Leigh M. Rothschild or Patent Asset Management, LLC agreed to instruct Rothschild Assertion Entities not to bring any claims.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 2:**

OBJECTION

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to "All documents" and "you" as over-inclusive as the latter is defined.  Additionally, plaintiff objects to the definition of the use of the term "Rothschild Assertion Entities" as over-inclusive and vague as well as outside the scope of this litigation.  Additionally, plaintiff objects to this Request to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Request to the extent it seeks information subject to any duty of confidentiality between Plaintiff and any party or non-party, or to the extent that it requires information from entities that are not parties to this matter

and are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

RESPONSE

Subject to and without waiving the above general and specific objection, Plaintiff responds as follows: To the extent that such documents are relevant, exist and can be located after a reasonable search and without undue burden and expense, Plaintiff will produce responsive, non-privileged documents in his possession, custody, or control. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request as necessary in accordance with all applicable rules and orders of this Court.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 3:**

All documents concerning any limitations on the ability of Leigh M. Rothschild or Patent Asset Management, LLC to execute patent licenses or covenants not to sue concerning patents owned by Rothschild Assertion Entities.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 3:**

OBJECTION

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████ Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to "All documents" and "you" as over-inclusive as the latter is defined.  Additionally, plaintiff objects to the

definition of the use of the term "Rothschild Assertion Entities" as over-inclusive and vague as well as outside the scope of this litigation.

Additionally, Plaintiff further objects to this Request to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Request to the extent it seeks information subject to any duty of confidentiality between Plaintiff and any party or non-party, or to the extent that it requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

RESPONSE

Subject to and without waiving the above general and specific objection, Plaintiff responds as follows: To the extent that such documents are relevant, exist and can be located after a reasonable search and without undue burden and expense, Plaintiff will produce responsive, non-privileged documents in his possession, custody, or control. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request as necessary in accordance with all applicable rules and orders of this Court.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 4:**

All agreements concerning a license or covenant not to sue concerning patents owned by Rothschild Assertion Entities that you contend support your standing to bring claims in this action.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 4:**

OBJECTION

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to "All documents" and "you" as over-inclusive as the latter is defined.  Additionally, plaintiff objects to the definition of the use of the term "Rothschild Assertion Entities" as over-inclusive and vague as well as outside the scope of this litigation.  Additionally, Plaintiff further objects to this Request to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Request to the extent it seeks information subject to any duty of confidentiality between Plaintiff and any party or non-party, or to the extent that it requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

RESPONSE

Subject to and without waiving the above general and specific objection, Plaintiff responds as follows: To the extent that such documents are relevant, exist and can be located after a reasonable search and without undue burden and expense, Plaintiff will produce responsive, non-privileged documents in his possession, custody, or control. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request as necessary in accordance with all applicable rules and orders of this Court.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 5:**

All agreements concerning a license or covenant not to sue concerning patents owned by Rothschild Assertion Entities to which Leigh M. Rothschild or Patent Asset Management, LLC is a party or which otherwise mention Leigh M. Rothschild or Patent Asset Management, LLC.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 5:**

OBJECTION

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to "All documents" as over-inclusive as the latter is defined.  Additionally, plaintiff objects to the definition of the use of the term "Rothschild Assertion Entities" as over-inclusive and vague as well as outside the scope of this litigation.  Additionally, Plaintiff further objects to this Request to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Request to the extent it seeks information subject to any duty of confidentiality between Plaintiff and any party or non-party, or to the extent that it requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

RESPONSE

Subject to and without waiving the above general and specific objection, Plaintiff responds as follows: To the extent that such documents are relevant, exist and can be located

after a reasonable search and without undue burden and expense, Plaintiff will produce

responsive, non-privileged documents in his possession, custody, or control. Investigation and

discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request

as necessary in accordance with all applicable rules and orders of this Court.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 6:**

For each agreement produced in response to Jurisdictional Request for Production No. 5,

all documents concerning the decision to include Leigh M. Rothschild or Patent Asset

Management, LLC as a party, or to otherwise mention Leigh M. Rothschild or Patent Asset

Management, LLC.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 6:**

<u>OBJECTION</u>

Plaintiff incorporates by reference the preceding Statement and General Objections as

stated above. Additionally, Plaintiff further objects to this Request to the extent that the

information sought is protected by the attorney-client privilege, the attorney work-product

doctrine, or any other available privilege or protection. Plaintiff further objects to this Request to

the extent it seeks information subject to any duty of confidentiality between Plaintiff and any

party or non-party, or to the extent that it requires information from entities that are not parties to

this matter and are not within Plaintiff's possession, custody, or control. Plaintiff further objects

to this Request to the extent that relies on review or production of electronically stored

information from unreasonable sources when accounting for accessibility, the burdens or costs

required to locate, restore, review, and produce such information if it may be found.

<u>RESPONSE</u>

Subject to and without waiving the above general and specific objection, Plaintiff responds as follows: To the extent that such documents are relevant, exist and can be located after a reasonable search and without undue burden and expense, Plaintiff will produce responsive, non-privileged documents in his possession, custody, or control. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request as necessary in accordance with all applicable rules and orders of this Court.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 7:**

For each agreement produced in response to Jurisdictional Request for Production No. 5, all communications with any party to the agreement concerning the potential or actual inclusion of Leigh M. Rothschild or Patent Asset Management, LLC in the agreement.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 7:**

<u>OBJECTION</u>

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to this Request to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Request to the extent it seeks information subject to any duty of confidentiality between Plaintiff and any party or non-party, or to the extent that it requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

<u>RESPONSE</u>

Subject to and without waiving the above general and specific objection, Plaintiff responds as follows: To the extent that such documents are relevant, exist and can be located after a reasonable search and without undue burden and expense, Plaintiff will produce responsive, non-privileged documents in his possession, custody, or control. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request as necessary in accordance with all applicable rules and orders of this Court.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show any payments or other consideration for patent licenses or covenants not to sue entering bank accounts owned by Rothschild Assertion Entities.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 8:**

<u>OBJECTION</u>

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to this Request to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Request to the extent it seeks information subject to any duty of confidentiality between Plaintiff and any party or non-party, or to the extent that it requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

<u>RESPONSE</u>

Subject to and without waiving the above general and specific objection, Plaintiff responds as follows: To the extent that such documents are relevant, exist and can be located after a reasonable search and without undue burden and expense, Plaintiff will produce responsive, non-privileged documents in his possession, custody, or control. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request as necessary in accordance with all applicable rules and orders of this Court.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 9:**

Any agreements between Leigh M. Rothschild and any Rothschild Assertion Entities.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 9:**

OBJECTION

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to this Request to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Request to the extent it seeks information subject to any duty of confidentiality between Plaintiff and any party or non-party, or to the extent that it requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

RESPONSE

Subject to and without waiving the above general and specific objection, Plaintiff responds as follows: To the extent that such documents are relevant, exist and can be located

after a reasonable search and without undue burden and expense, Plaintiff will produce

responsive, non-privileged documents in his possession, custody, or control. Investigation and

discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request

as necessary in accordance with all applicable rules and orders of this Court.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 10:**

Any agreements between Patent Asset Management, LLC and any Rothschild Assertion

Entities.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 10:**

OBJECTION

Plaintiff incorporates by reference the preceding Statement and General Objections as

stated above. Additionally, Plaintiff further objects to this Request to the extent that the

information sought is protected by the attorney-client privilege, the attorney work-product

doctrine, or any other available privilege or protection. Plaintiff further objects to this Request to

the extent it seeks information subject to any duty of confidentiality between Plaintiff and any

party or non-party, or to the extent that it requires information from entities that are not parties to

this matter and are not within Plaintiff's possession, custody, or control. Plaintiff further objects

to this Request to the extent that relies on review or production of electronically stored

information from unreasonable sources when accounting for accessibility, the burdens or costs

required to locate, restore, review, and produce such information if it may be found.

RESPONSE

Subject to and without waiving the above general and specific objection, Plaintiff

responds as follows: To the extent that such documents are relevant, exist and can be located

after a reasonable search and without undue burden and expense, Plaintiff will produce

responsive, non-privileged documents in his possession, custody, or control. Investigation and

discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request

as necessary in accordance with all applicable rules and orders of this Court.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show any communications between Leigh M. Rothschild and

any Rothschild Assertion Entities.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 11:**

OBJECTION

Plaintiff incorporates by reference the preceding Statement and General Objections as

stated above. Additionally, Plaintiff further objects to this Request to the extent that the

information sought is protected by the attorney-client privilege, the attorney work-product

doctrine, or any other available privilege or protection. Plaintiff further objects to this Request to

the extent it seeks information subject to any duty of confidentiality between Plaintiff and any

party or non-party, or to the extent that it requires information from entities that are not parties to

this matter and are not within Plaintiff's possession, custody, or control. Plaintiff further objects

to this Request to the extent that relies on review or production of electronically stored

information from unreasonable sources when accounting for accessibility, the burdens or costs

required to locate, restore, review, and produce such information if it may be found.

RESPONSE

Subject to and without waiving the above general and specific objection, Plaintiff

responds as follows: To the extent that such documents are relevant, exist and can be located

after a reasonable search and without undue burden and expense, Plaintiff will produce

responsive, non-privileged documents in his possession, custody, or control. Investigation and

discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request as necessary in accordance with all applicable rules and orders of this Court.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show any communications between Patent Asset Management, LLC and any Rothschild Assertion Entities.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 12:**

OBJECTION

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to this Request to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Request to the extent it seeks information subject to any duty of confidentiality between Plaintiff and any party or non-party, or to the extent that it requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

RESPONSE

Subject to and without waiving the above general and specific objection, Plaintiff responds as follows: To the extent that such documents are relevant, exist and can be located after a reasonable search and without undue burden and expense, Plaintiff will produce responsive, non-privileged documents in his possession, custody, or control. Investigation and

discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request as necessary in accordance with all applicable rules and orders of this Court.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 13:**

All documents concerning any business plan concerning Patent Asset Management, LLC or the Rothschild Assertion Entities, including any documents shared with potential or actual investors, funders, consultants, or business partners, including Mavexar LLC.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 13:**

OBJECTION

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to this Request to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Request to the extent it seeks information subject to any duty of confidentiality between Plaintiff and any party or non-party, or to the extent that it requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

RESPONSE

Subject to and without waiving the above general and specific objection, Plaintiff responds as follows: To the extent that such documents are relevant, exist and can be located after a reasonable search and without undue burden and expense, Plaintiff will produce responsive, non-privileged documents in his possession, custody, or control. Investigation and

discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request as necessary in accordance with all applicable rules and orders of this Court.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 14:**

All documents concerning any agreement concerning Patent Asset Management, LLC or the Rothschild Assertion Entities made with any potential or actual investors, funders, consultants, or business partners, including Mavexar LLC.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 14:**

OBJECTION

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to this Request to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Request to the extent it seeks information subject to any duty of confidentiality between Plaintiff and any party or non-party, or to the extent that it requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

RESPONSE

Subject to and without waiving the above general and specific objection, Plaintiff responds as follows: To the extent that such documents are relevant, exist and can be located after a reasonable search and without undue burden and expense, Plaintiff will produce responsive, non-privileged documents in his possession, custody, or control. Investigation and

discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request as necessary in accordance with all applicable rules and orders of this Court.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 15:**

If you deny Jurisdictional Request for Admission No. 5, all documents concerning control of Patent Asset Management, LLC, including all documents concerning ultimate beneficial ownership.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 15:**

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, the construct of the request is confusing and vague and incorporates objections that Plaintiff herein made in its responses to Defendant's Request of Admission No. 5.

Plaintiff further objects to this Request to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Request to the extent it seeks information subject to any duty of confidentiality between Plaintiff and any party or non-party, or to the extent that it requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

RESPONSE

Subject to and without waiving the above general and specific objection, Plaintiff responds as follows: To the extent that such documents are relevant, exist and can be located after a reasonable search and without undue burden and expense, Plaintiff will produce

responsive, non-privileged documents in his possession, custody, or control. Investigation and

discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request

as necessary in accordance with all applicable rules and orders of this Court.

Plaintiff is available to meet and confer to attempt a resolution.


**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 17:**

If you deny Jurisdictional Request for Admission No. 7, all documents concerning

control of each Rothschild Assertion Entity covered by your denial, including all documents

concerning ultimate beneficial ownership.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 17:**

Plaintiff incorporates by reference the preceding Statement and General Objections as

stated above. Additionally, the construct of the request is confusing and vague and incorporates

objections that Plaintiff herein made in its responses to Defendant's Request of Admission No. 7.

Plaintiff further objects to this Request to the extent that the information sought is

protected by the attorney-client privilege, the attorney work-product doctrine, or any other

available privilege or protection. Plaintiff further objects to this Request to the extent it seeks

information subject to any duty of confidentiality between Plaintiff and any party or non-party,

or to the extent that it requires information from entities that are not parties to this matter and are

not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to

the extent that relies on review or production of electronically stored information from

unreasonable sources when accounting for accessibility, the burdens or costs required to locate,

restore, review, and produce such information if it may be found.

RESPONSE

Subject to and without waiving the above general and specific objection, Plaintiff responds as follows: To the extent that such documents are relevant, exist and can be located after a reasonable search and without undue burden and expense, Plaintiff will produce responsive, non-privileged documents in his possession, custody, or control. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request as necessary in accordance with all applicable rules and orders of this Court.

Plaintiff is available to meet and confer to attempt a resolution.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 18:**

If you deny Jurisdictional Request for Admission No. 8, documents sufficient to show all members of each Rothschild Assertion Entity covered by your denial.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 18:**

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, the construct of the request is confusing and vague and incorporates objections that Plaintiff herein made in its responses to Defendant's Request of Admission No. 8.

Plaintiff further objects to this Request to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Request to the extent it seeks information subject to any duty of confidentiality between Plaintiff and any party or non-party, or to the extent that it requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

RESPONSE

Subject to and without waiving the above general and specific objection, Plaintiff responds as follows: To the extent that such documents are relevant, exist and can be located after a reasonable search and without undue burden and expense, Plaintiff will produce responsive, non-privileged documents in his possession, custody, or control. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request as necessary in accordance with all applicable rules and orders of this Court.

Plaintiff is available to meet and confer to attempt a resolution.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 19:**

If you deny Jurisdictional Request for Admission No. 9, documents sufficient to show all members of each Rothschild Assertion Entity covered by your denial.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 19:**

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, the construct of the request is confusing and vague and incorporates objections that Plaintiff herein made in its responses to Defendant's Request of Admission No. 9.

Plaintiff further objects to this Request to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Request to the extent it seeks information subject to any duty of confidentiality between Plaintiff and any party or non-party, or to the extent that it requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to the extent that relies on review or production of electronically stored information from

unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

RESPONSE

Subject to and without waiving the above general and specific objection, Plaintiff responds as follows: To the extent that such documents are relevant, exist and can be located after a reasonable search and without undue burden and expense, Plaintiff will produce responsive, non-privileged documents in his possession, custody, or control. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request as necessary in accordance with all applicable rules and orders of this Court.

Plaintiff is available to meet and confer to attempt a resolution.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 20:**

If you deny Jurisdictional Request for Admission No. 10, bank statements for each Rothschild Assertion Entity covered by your denial from January 1, 2021, to the present.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 20:**

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, the construct of the request is confusing and vague and incorporates objections that Plaintiff herein made in its responses to Defendant's Request of Admission No. 10.

Plaintiff further objects to this Request to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Request to the extent it seeks information subject to any duty of confidentiality between Plaintiff and any party or non-party,

or to the extent that it requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

RESPONSE

Subject to and without waiving the above general and specific objection, Plaintiff responds as follows: To the extent that such documents are relevant, exist and can be located after a reasonable search and without undue burden and expense, Plaintiff will produce responsive, non-privileged documents in his possession, custody, or control. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request as necessary in accordance with all applicable rules and orders of this Court.

Plaintiff is available to meet and confer to attempt a resolution.


**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 21:**

If you deny Jurisdictional Request for Admission No. 11, bank statements for each Rothschild Assertion Entity covered by your denial from January 1, 2021, to the present.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 21:**

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, the construct of the request is confusing and vague and incorporates objections that Plaintiff herein made in its responses to Defendant's Request of Admission No. 11.

Plaintiff further objects to this Request to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Request to the extent it seeks information subject to any duty of confidentiality between Plaintiff and any party or non-party, or to the extent that it requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

RESPONSE

Subject to and without waiving the above general and specific objection, Plaintiff responds as follows: To the extent that such documents are relevant, exist and can be located after a reasonable search and without undue burden and expense, Plaintiff will produce responsive, non-privileged documents in his possession, custody, or control. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request as necessary in accordance with all applicable rules and orders of this Court.

Plaintiff is available to meet and confer to attempt a resolution.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 22:**

If you deny Jurisdictional Request for Admission No. 12, documents sufficient to show employment on February 6, 2024, of all employees of each Rothschild Assertion Entity covered by your denial.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 22:**

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, the construct of the request is confusing and vague and incorporates objections that Plaintiff herein made in its responses to Defendant's Request of Admission No. 12.

Plaintiff further objects to this Request to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Request to the extent it seeks information subject to any duty of confidentiality between Plaintiff and any party or non-party, or to the extent that it requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

RESPONSE

Subject to and without waiving the above general and specific objection, Plaintiff responds as follows: To the extent that such documents are relevant, exist and can be located after a reasonable search and without undue burden and expense, Plaintiff will produce responsive, non-privileged documents in his possession, custody, or control. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request as necessary in accordance with all applicable rules and orders of this Court.

Plaintiff is available to meet and confer to attempt a resolution.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 23:**

If you deny Jurisdictional Request for Admission No. 13, documents sufficient to show all separate books and records of each Rothschild Assertion Entity covered by your denial from January 1, 2021, to the present.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, the construct of the request is confusing and vague and incorporates objections that Plaintiff herein made in its responses to Defendant's Request of Admission No. 13.

Plaintiff further objects to this Request to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Request to the extent it seeks information subject to any duty of confidentiality between Plaintiff and any party or non-party, or to the extent that it requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

RESPONSE

Subject to and without waiving the above general and specific objection, Plaintiff responds as follows: To the extent that such documents are relevant, exist and can be located after a reasonable search and without undue burden and expense, Plaintiff will produce responsive, non-privileged documents in his possession, custody, or control. Investigation and

discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request as necessary in accordance with all applicable rules and orders of this Court.

Plaintiff is available to meet and confer to attempt a resolution.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 24:**

If you deny Jurisdictional Request for Admission No. 14, all documents that you contend support your position that Patent Asset Management, LLC was not an alter ego of Leigh M. Rothschild on February 6, 2024.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 24:**

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, the construct of the request is confusing and vague and incorporates objections that Plaintiff herein made in its responses to Defendant's Request of Admission No. 14.

Plaintiff further objects to this Request to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Request to the extent it seeks information subject to any duty of confidentiality between Plaintiff and any party or non-party, or to the extent that it requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

<u>RESPONSE</u>

Subject to and without waiving the above general and specific objection, Plaintiff responds as follows: To the extent that such documents are relevant, exist and can be located after a reasonable search and without undue burden and expense, Plaintiff will produce responsive, non-privileged documents in his possession, custody, or control. Investigation and discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request as necessary in accordance with all applicable rules and orders of this Court.

Plaintiff is available to meet and confer to attempt a resolution.

**JURISDICTIONAL REQUEST FOR PRODUCTION NO. 25:**

If you deny Jurisdictional Request for Admission No. 15, all documents that you contend support your position that any Rothschild Assertion Entity was not an alter ego of Leigh M. Rothschild on February 6, 2024.

**RESPONSE TO JURISDICTIONAL REQUEST FOR PRODUCTION NO. 25:**

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, the construct of the request is confusing and vague and incorporates objections that Plaintiff herein made in its responses to Defendant's Request of Admission No. 15.

Plaintiff further objects to this Request to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Request to the extent it seeks information subject to any duty of confidentiality between Plaintiff and any party or non-party, or to the extent that it requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to the extent that relies on review or production of electronically stored information from

unreasonable sources when accounting for accessibility, the burdens or costs required to locate,

restore, review, and produce such information if it may be found.

RESPONSE

Subject to and without waiving the above general and specific objection, Plaintiff

responds as follows: To the extent that such documents are relevant, exist and can be located

after a reasonable search and without undue burden and expense, Plaintiff will produce

responsive, non-privileged documents in his possession, custody, or control. Investigation and

discovery are ongoing, and Plaintiff reserves the right to supplement his response to this Request

as necessary in accordance with all applicable rules and orders of this Court.

Plaintiff is available to meet and confer to attempt a resolution.


DATED:  July 8, 2024                        Respectfully served,

                                            /s/ *Randall Garteiser*
                                            Randall T. Garteiser
                                            (CA State Bar No. 231821)
                                            rgarteiser@ghiplaw.com
                                            GARTEISER HONEA – IP TRIAL BOUTIQUE
                                            119 W Ferguson, Tyler, TX  75702
                                            Telephone: (888) 908-4400

                                            *Attorneys for Plaintiff*


**CERTIFICATE OF SERVICE**


The undersigned certifies that the foregoing document was served upon all counsel

of record via email on July 8, 2024.

                                            /s/ *Randall Garteiser*
                                            Randall Garteiser