# EXHIBIT 5
# REDACTED

Randall T. Garteiser (CA State Bar No. 231821)
  rgarteiser@ghiplaw.com
GARTEISER HONEA – IP TRIAL BOUTIQUE
119 W Ferguson, Tyler, TX  75702
Telephone: (888) 908-4400

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,,**<br><br>Plaintiff,<br><br>v.<br><br>**DISCORD INC.**,<br><br>Defendant | Case No.: 5:24-cv-00703-PCP<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF JURISDICTIONAL INTERROGATORIES** |

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Display Technologies, LLC ("Display Technologies" or "Plaintiff"), by and through counsel, provides the following objections and responses ("Responses") to Discord Inc. ("Discord" or "Defendant") First Set of Jurisdictional Interrogatories (Nos. 1-15).

## PRELIMINARY STATEMENT

The following Responses are based upon the facts, documents, and information presently known and available to Plaintiff. Discovery, investigation, research, and analysis are ongoing in this case and may disclose the existence of additional facts, add meaning or interpretation to known facts or documents, or lead to additions, variations, and/or changes to these Responses. Responses were prepared on Plaintiff's good faith interpretation and understanding of the definitions in the Interrogatories and are subject to correction for inadvertent errors or omissions,

if any. A full or partial response to a Request is not a waiver by Plaintiff of his right to object to any other part of the Request or later supplement its Response to that Request.

As it may become necessary and/or appropriate, Plaintiff expressly reserves the right to supplement his responses. Plaintiff does not assume any obligation beyond the requirements of the Federal Rules to amend or supplement the Responses set forth herein if presently existing, different, or additional information is subsequently discovered. The responses contained herein follow a reasonable search of locations where such responsive materials would likely be found. Responses are based on materials that were located prior and up to the date of this response, and Plaintiff's discovery and investigation of the facts of this case are continuing. Plaintiff does not represent that all files and records in his possession, custody, or control have been searched or reviewed, or that Plaintiff has sought information from every person, source, agent, or entity included or not included in Defendant's Interrogatories as to undertake such an effort would be unduly burdensome, prohibitively expensive, and result in materials that are not relevant or necessary to the needs of this case. Continued discovery, independent investigation, and analysis may result in facts or additional significance regarding the facts that are already known, or wholly new factual conclusions and legal contentions, the result of which would justify supplemental responses that add, change, or diverge from the information provided herein.

The responses provided herein are made solely for the purpose of discovery in this case and are not to be construed as an intention to waive Plaintiff's objections. Plaintiff expressly reserves his objections including any objections to the admissibility of any responses, material or information as evidence in this or in any subsequent proceedings, including the trial of this action or any related proceedings; any objections to the use of the responses, material or information in any other matter not expressly enumerated herein; any objections to the subject matter of the

responses, material or information that is provided herein or as a result of the Defendant's

Interrogatories; or any objections to the authenticity, materiality, competency, relevancy,

protections, rights, or privileges that pertain to the responses, material or information provided to

Defendant's Interrogatories.

Agreement to provide information responsive to a particular request is not an admission

of relevance, materiality, or admissibility of the responses, material or information provided, nor

shall any response herein be construed as an admission, concession, regarding the same. Nor

shall an agreement to provide information responsive to a particular request be construed as a

waiver by Plaintiff of any right, privilege, or protection afforded by law. The general and specific

objections set forth below are intended to apply to all information produced or provided pursuant

to the Responses.

**GENERAL OBJECTIONS AND RESPONSES TO THE INTERROGATORIES**

In addition to the objections stated in the specific responses to the Interrogatories, the following

objections (the "General Objections") apply to all of the Interrogatories. The following General

Objections are hereby incorporated by reference into the individual responses to the

Interrogatories and have the same force and effect as if fully set forth in the responses to the

Interrogatories. Plaintiff objects as follows:

1.      Plaintiff objects to the Interrogatories to the extent that they seek information that is not

relevant to the subject matter of this proceeding or is not reasonably calculated to lead to the

discovery of admissible evidence.

2.      Plaintiff objects to the Interrogatories as improper and unduly burdensome to the extent

that they purport to impose upon Plaintiff any obligations or requirements broader than those set

forth in the Federal Rules of Civil Procedure or rules otherwise applicable to this matter.

3.     Plaintiff objects to the Interrogatories to the extent that they call for information that is a matter of public record or otherwise routinely available to all parties.

4.     Plaintiff objects to the Interrogatories to the extent that they are duplicative or designed to harass.

5.     Plaintiff objects to the Interrogatories to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from discovery. Inadvertent disclosure of any such privileged information shall not constitute a waiver of any applicable privilege or any other ground for objecting to discovery with respect to such privileged information.

6.     Plaintiff objects to the Interrogatories to the extent that they seek information regarding documents or materials that are not in Plaintiff's possession, custody, or control.

7.     Plaintiff objects to the Interrogatories to the extent that they state a legal conclusion, or assume or appear to assume that any fact, event, or assumption is true. By responding to any such Request, Plaintiff does not concede the correctness of any such conclusion or assumption.

8.     Plaintiff objects to the Interrogatories on the ground that they are unduly burdensome and premature in light of the fact that Plaintiff is still conducting discovery and that many of the facts are already known by Defendant. Plaintiff has made a good faith effort to respond to each Request in a timely manner. Plaintiff's responses herein are necessarily based solely on the information that is available to Plaintiff on the date of these responses. Plaintiff's investigation is ongoing, and Plaintiff reserves the right to amend, supplement, or withdraw any response or objection to the Interrogatories as he deems necessary or appropriate in light of information or knowledge obtained as discovery progresses in this action. To the extent that such materials or

any other materials not discussed below are determined to be responsive to the Interrogatories, Plaintiff will supplement its responses accordingly.

9.      In responding to the Interrogatories, Plaintiff does not concede that any of the information provided is relevant or material to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff reserves the right to object to the admissibility at trial of any of the information produced in response to the Interrogatories.

### RESPONSES TO JURISDICTIONAL INTERROGATORIES

**JURISDICTIONAL INTERROGATORY NO. 1:**

Describe in detail why you contend that you have standing to bring claims in this action, including identification by production number of all documents produced in response to Jurisdictional for Production Nos. 1 and 4.

**RESPONSE TO JURISDICTIONAL INTERROGATORY NO. 1:**

Plaintiff is the owner of the patents-in-suit.  Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Subject to and without waiving the above general and specific objection, Plaintiff responds that its production includes the documents that are publicly available, including the assignment of the patents-in-suit to Plaintiff. Additionally, Plaintiff incorporates under Rule 33(d) documents produced that are non-privileged, relevant and response to discovery requests served in this case.

**JURISDICTIONAL INTERROGATORY NO. 2:**

Identify all documents in which you contend that Leigh M. Rothschild or Patent Asset Management, LLC agreed to instruct Rothschild Assertion Entities not to bring any claims,

5

including identification by production number of all documents produced in response to

Jurisdictional Request for Production No. 2.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection as the definition of "you" as overly broad to the extent that it includes third

parties that are not "parties" to this litigation including Leigh M. Rothschild, not limited to him.

Vague as to how Plaintiff can answer as to how "Leigh M. Rothschild" a non-party that then

plaintiff has to presuppose "agreed to instruct" additional non-parties not to "bring any claims."

This entire interrogatory is vague and over broad as outlined above.  This is an improper

discovery mechanism.

A better discovery mechanisms exists to obtain discovery from third parties.   Display

Innovations has never issued a license on a patent that it does not own.  With regards to a

covenant not to sue, Plaintiff is available to meet and confer to understand what is meant by a

covenant not to sue as the term has legal connotations with no limitations provided as who, what,

when, where, or why.  "All documents" is over inclusive and cost prohibitive for the amount of

damages at issue in this litigation.

Additionally, Plaintiff incorporates under Rule 33(d) documents produced that are non-

privileged, relevant and response to discovery requests served in this case.

**JURISDICTIONAL INTERROGATORY NO. 3:**

Describe in detail all limitations on the ability of Leigh M. Rothschild or Patent Asset Management, LLC to execute patent licenses or covenants not to sue concerning patents owned by Rothschild Assertion Entities, including identification by production number of all documents produced in response to Jurisdictional Request for Production No. 3.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to this Interrogatory to the extent it seeks information from non-parties to this litigation, or to the extent that it requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Interrogatory to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

Additionally, Plaintiff incorporates under Rule 33(d) documents produced that are non-privileged, relevant and response to discovery requests served in this case.

**JURISDICTIONAL INTERROGATORY NO. 4:**

Identify all agreements concerning a license or covenant not to sue concerning patents owned by Rothschild Assertion Entities to which Leigh M. Rothschild or Patent Asset Management, LLC is a party or which otherwise mention Leigh M. Rothschild or Patent Asset Management, LLC, including identification by production number of all documents produced in response to Jurisdictional Request for Production No. 5.

**RESPONSE TO  INTERROGATORY NO. 4:**

This request is over inclusive and vague as to the time and entities involved.  It is not proportional to the amount of damages Plaintiff informed Discord and the Court of in the parties joint statement provided to the Court.  Overly broad to identify "ALL DOCUMENTS" so plaintiff will stand on this objection as the interrogatory is again overly broad and not proportional to the damages in dispute in this litigation.

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to this Interrogatory to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Interrogatory requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control.

Plaintiff further objects to this Interrogatory to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

Plaintiff further objects to the vague use of the term "alter ego" as it applies to a third party "Leigh M. Rothschild", who is not a party to this litigation. "Patent Asset Management,

LLC" is not a party to this dispute. ████████████████████████

████████████████████████████████████████████

████████████████████████ Additionally, as Discord defines the term

"Rothschild Assertion Entities" in a manner that is overly broad and improperly includes parties

not at issue in this litigation.

Plaintiff is available to meet and confer to attempt to reduce the scope of this

interrogatory, if possible.  Additionally, Plaintiff incorporates under Rule 33(d) documents

produced that are non-privileged, relevant and response to discovery requests served in this case.

**JURISDICTIONAL INTERROGATORY NO. 5:**

If you deny Jurisdictional Request for Admission No. 5, describe in detail the ownership

of Patent Asset Management, LLC, including a list of all beneficial owners, their shares of

ownership, and their roles in management, including identification by production number of all

documents produced in response to Jurisdictional Request for Production No. 15.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff Display Innovations is not able to admit or deny a vague and improper request of

admission for the reasons explained in Plaintiff's response to said request for admission, which

herein incorporated by reference.   Bank accounts are not relevant nor responsive to a claim or

defense in this litigation, and definitely not proportional to the amount at issue in this litigation

as Plaintiff disclosed to Discord in the parties joint statement to the Court even if they could

somehow lead to discoverable information even though the information requested itself is not

admissible.

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to this Interrogatory to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Interrogatory requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control.

Plaintiff further objects to this Interrogatory to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

Plaintiff further objects to the vague use of the term "alter ego" as it applies to a third party "Leigh M. Rothschild", who is not a party to this litigation. ███████████ ████████████████████████████████ ██████████████████████████ Additionally, as Discord defines the term "Rothschild Assertion Entities" in a manner that is overly broad and improperly includes parties not at issue in this litigation.

Plaintiff is available to meet and confer to attempt to reduce the scope of this interrogatory, if possible.  Additionally, Plaintiff incorporates under Rule 33(d) documents produced that are non-privileged, relevant and response to discovery requests served in this case.

**JURISDICTIONAL INTERROGATORY NO. 6:**

If you deny Jurisdictional Request for Admission No. 6, list the Rothschild Assertion Entities covered by your denial and, for each, describe in detail who controls it and who owns it, including a list of all beneficial owners, their shares of ownership, and their roles in management, including identification by production number of all documents produced in response to Jurisdictional Request for Production No. 16.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff Display Innovations is not able to admit or deny a vague and improper request of admission for the reasons explained in Plaintiff's response to said request for admission, which herein incorporated by reference.   Bank accounts are not relevant nor responsive to a claim or defense in this litigation, and definitely not proportional to the amount at issue in this litigation as Plaintiff disclosed to Discord in the parties joint statement to the Court even if they could somehow lead to discoverable information even though the information requested itself is not admissible.

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to this Interrogatory to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Interrogatory requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control.

Plaintiff further objects to this Interrogatory to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for

accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

Plaintiff further objects to the vague use of the term "alter ego" as it applies to a third party "Leigh M. Rothschild", who is not a party to this litigation. ████████████████ ███████████████████████████████████████████ ███████████████████████████████████████ Additionally, as Discord defines the term "Rothschild Assertion Entities" in a manner that is overly broad and improperly includes parties not at issue in this litigation.

Plaintiff is available to meet and confer to attempt to reduce the scope of this interrogatory, if possible.

**JURISDICTIONAL INTERROGATORY NO. 7:**

If you deny Jurisdictional Request for Admission No. 7, list the Rothschild Assertion Entities covered by your denial and, for each, describe in detail who controls it and who owns it, including a list of all beneficial owners, their shares of ownership, and their roles in management, including identification by production number of all documents produced in response to Jurisdictional Request for Production No. 17.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff Display Innovations is not able to admit or deny a vague and improper request of admission for the reasons explained in Plaintiff's response to said request for admission, which herein incorporated by reference.   Bank accounts are not relevant nor responsive to a claim or defense in this litigation, and definitely not proportional to the amount at issue in this litigation as Plaintiff disclosed to Discord in the parties joint statement to the Court even if they could

somehow lead to discoverable information even though the information requested itself is not admissible.

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to this Interrogatory to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Interrogatory requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control.

Plaintiff further objects to this Interrogatory to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

Plaintiff further objects to the vague use of the term "alter ego" as it applies to a third party "Leigh M. Rothschild", who is not a party to this litigation. ████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████ Additionally, as Discord defines the term "Rothschild Assertion Entities" in a manner that is overly broad and improperly includes parties not at issue in this litigation.

Plaintiff is available to meet and confer to attempt to reduce the scope of this interrogatory, if possible.

**JURISDICTIONAL INTERROGATORY NO. 8:**

If you deny Jurisdictional Request for Admission No. 8, list the Rothschild Assertion Entities covered by your denial and, for each, describe in detail its management structure, including all parties with any management authority and a complete description of their areas of authority and roles in management, including identification by production number of all documents produced in response to Jurisdictional Request for Production No. 18.

**RESPONSE TO JURISDICTIONAL INTERROGATORY NO. 8:**

Plaintiff Display Innovations is not able to admit or deny a vague and improper request of admission for the reasons explained in Plaintiff's response to said request for admission, which herein incorporated by reference.   Bank accounts are not relevant nor responsive to a claim or defense in this litigation, and definitely not proportional to the amount at issue in this litigation as Plaintiff disclosed to Discord in the parties joint statement to the Court even if they could somehow lead to discoverable information even though the information requested itself is not admissible.

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to this Interrogatory to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Interrogatory requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control.

Plaintiff further objects to this Interrogatory to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

Plaintiff further objects to the vague use of the term "alter ego" as it applies to a third party "Leigh M. Rothschild", who is not a party to this litigation. ████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████ Additionally, as Discord defines the term "Rothschild Assertion Entities" in a manner that is overly broad and improperly includes parties not at issue in this litigation.

**JURISDICTIONAL INTERROGATORY NO. 9:**

If you deny Jurisdictional Request for Admission No. 9, list the Rothschild Assertion Entities covered by your denial and, for each, describe in detail its management structure, including all parties with any management authority and a complete description of their areas of authority and roles in management, including identification by production number of all documents produced in response to Jurisdictional Request for Production No. 19.

**RESPONSE TO JURISDICTIONAL INTERROGATORY NO. 9:**

Plaintiff Display Innovations is not able to admit or deny a vague and improper request of admission for the reasons explained in Plaintiff's response to said request for admission, which herein incorporated by reference.   Bank accounts are not relevant nor responsive to a claim or defense in this litigation, and definitely not proportional to the amount at issue in this litigation as Plaintiff disclosed to Discord in the parties joint statement to the Court even if they could somehow lead to discoverable information even though the information requested itself is not admissible.

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to this Interrogatory to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product

doctrine, or any other available privilege or protection. Plaintiff further objects to this Interrogatory requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control.

Plaintiff further objects to this Interrogatory to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

Plaintiff further objects to the vague use of the term "alter ego" as it applies to a third party "Leigh M. Rothschild", who is not a party to this litigation. ███████████████ ████████████████████████████████████████████████ ██████████████████████████████████ Additionally, as Discord defines the term "Rothschild Assertion Entities" in a manner that is overly broad and improperly includes parties not at issue in this litigation.

**JURISDICTIONAL INTERROGATORY NO. 10:**

If you deny Jurisdictional Request for Admission No. 10, list the Rothschild Assertion Entities covered by your denial and, for each, identify all banks and branches at which it has any bank account, including identification by production number of all documents produced in response to Jurisdictional Request for Production No. 20.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff Display Innovations is not able to admit or deny a vague and improper request of admission for the reasons explained in Plaintiff's response to said request for admission, which herein incorporated by reference.   Bank accounts are not relevant nor responsive to a claim or

defense in this litigation, and definitely not proportional to the amount at issue in this litigation as Plaintiff disclosed to Discord in the parties joint statement to the Court even if they could somehow lead to discoverable information even though the information requested itself is not admissible.

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to this Interrogatory to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Interrogatory requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control.

Plaintiff further objects to this Interrogatory to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

Plaintiff further objects to the vague use of the term "alter ego" as it applies to a third party "Leigh M. Rothschild", who is not a party to this litigation. █████████████

██████████████████████████████████████████████████

██████████████████████████████████ Additionally, as Discord defines the term "Rothschild Assertion Entities" in a manner that is overly broad and improperly includes parties not at issue in this litigation.

**JURISDICTIONAL INTERROGATORY NO. 11:**

If you deny Jurisdictional Request for Admission No. 11, list the Rothschild Assertion Entities covered by your denial and, for each, identify all banks and branches at which it has any bank account, including identification by production number of all documents produced in response to Jurisdictional Request for Production No. 21.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff Display Innovations is not able to admit or deny a vague and improper request of admission for the reasons explained in Plaintiff's response to said request for admission, which herein incorporated by reference.  Bank accounts are not relevant nor responsive to a claim or defense in this litigation, and definitely not proportional to the amount at issue in this litigation as Plaintiff disclosed to Discord in the parties joint statement to the Court even if they could somehow lead to discoverable information even though the information requested itself is not admissible.

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to this Interrogatory to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Interrogatory requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control.

Plaintiff further objects to this Interrogatory to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

1

2

Plaintiff further objects to the vague use of the term "alter ego" as it applies to a third party "Leigh M. Rothschild", who is not a party to this litigation. ███████████████

3

████████████████████████████████████████████████████████████████

4

5

██████████████████████████████████████████ Additionally, as

6

Discord defines the term "Rothschild Assertion Entities" in a manner that is overly broad and

7

improperly includes parties not at issue in this litigation.

8

9

**JURISDICTIONAL INTERROGATORY NO. 12:**

10

11

If you deny Jurisdictional Request for Admission No. 12, list the Rothschild Assertion

12

Entities covered by your denial and, for each, list all of its employees on February 6, 2024,

13

including identification by production number of all documents produced in response to

14

Jurisdictional Request for Production No. 22.

15

**RESPONSE TO INTERROGATORY NO. 12:**

16

17

Plaintiff Display Innovations is not able to admit or deny a vague and improper request of

18

admission for the reasons explained in Plaintiff's response to said request for admission, which

19

herein incorporated by reference.

20

21

Plaintiff incorporates by reference the preceding Statement and General Objections as

22

stated above. Additionally, Plaintiff further objects to this Interrogatory to the extent that the

23

information sought is protected by the attorney-client privilege, the attorney work-product

24

doctrine, or any other available privilege or protection. Plaintiff further objects to this

25

Interrogatory requires information from entities that are not parties to this matter and are not

26

within Plaintiff's possession, custody, or control.

27

28

Plaintiff further objects to this Interrogatory to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

Plaintiff further objects to the vague use of the term "alter ego" as it applies to a third party "Leigh M. Rothschild", who is not a party to this litigation. █████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████ Additionally, as Discord defines the term "Rothschild Assertion Entities" in a manner that is overly broad and improperly includes parties not at issue in this litigation.

Plaintiff is available to meet and confer on this topic to answer questions about itself.

**JURISDICTIONAL INTERROGATORY NO. 13:**

If you deny Jurisdictional Request for Admission No. 13, list the Rothschild Assertion Entities covered by your denial and, for each, describe in detail its separate books and records, including identification by production number of all documents produced in response to Jurisdictional Request for Production No. 23.

**RESPONSE TO JURISDICTIONAL INTERROGATORY NO. 13:**

Plaintiff Display Innovations is not able to admit or deny a vague and improper request of admission for the reasons explained in Plaintiff's response to said request for admission, which herein incorporated by reference.

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to this Interrogatory to the extent that the

information sought is protected by the attorney-client privilege, the attorney work-product

doctrine, or any other available privilege or protection. Plaintiff further objects to this

Interrogatory requires information from entities that are not parties to this matter and are not

within Plaintiff's possession, custody, or control.

Plaintiff further objects to this Interrogatory to the extent that relies on review or

production of electronically stored information from unreasonable sources when accounting for

accessibility, the burdens or costs required to locate, restore, review, and produce such

information if it may be found.

Plaintiff further objects to the vague use of the term "alter ego" as it applies to a third

party "Leigh M. Rothschild", who is not a party to this litigation. ████████████████

██████████████████████████████████████████████████

███████████████████████████████████ Additionally, as

Discord defines the term "Rothschild Assertion Entities" in a manner that is overly broad and

improperly includes parties not at issue in this litigation.


**JURISDICTIONAL INTERROGATORY NO. 14:**

If you deny Jurisdictional Request for Admission No. 14, describe in detail why you

contend that Patent Asset Management, LLC was not an alter ego of Leigh M. Rothschild on

February 6, 2024, including identification by production number of all documents produced in

response to Jurisdictional Request for Production No. 24.

**RESPONSE TO JURISDICTIONAL INTERROGATORY NO. 14:**

Plaintiff Display Innovations is not able to admit or deny a vague and improper request of admission for the reasons explained in Plaintiff's response to said request for admission, which herein incorporated by reference.

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to this Interrogatory to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Interrogatory requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control.

Plaintiff further objects to this Interrogatory to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

Plaintiff further objects to the vague use of the term "alter ego" as it applies to a third party "Leigh M. Rothschild", who is not a party to this litigation. ██████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████. Additionally, as Discord defines the term "Rothschild Assertion Entities" in a manner that is overly broad and improperly includes parties not at issue in this litigation.

**JURISDICTIONAL INTERROGATORY NO. 15:**

If you deny Jurisdictional Request for Admission No. 15, list the Rothschild Assertion Entities covered by your denial and, for each, describe in detail why you contend that it was not an alter ego of Leigh M. Rothschild on February 6, 2024, including identification by production number of all documents produced in response to Jurisdictional Request for Production No. 25.

**RESPONSE TO JURISDICTIONAL IINTERROGATORY NO. 15:**

Plaintiff Display Innovations is not able to admit or deny a vague and improper request of admission for the reasons explained in Plaintiff's response to said request for admission, which herein incorporated by reference.

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to this Interrogatory to the extent that the information sought is protected by the attorney-client privilege, the attorney work-product doctrine, or any other available privilege or protection. Plaintiff further objects to this Interrogatory requires information from entities that are not parties to this matter and are not within Plaintiff's possession, custody, or control.

Plaintiff further objects to this Interrogatory to the extent that relies on review or production of electronically stored information from unreasonable sources when accounting for accessibility, the burdens or costs required to locate, restore, review, and produce such information if it may be found.

Plaintiff further objects to the vague use of the term "alter ego" as it applies to a third party "Leigh M. Rothschild", who is not a party to this litigation. ███████████ ██████████████████████████████████ ████████████████████████████████████ Additionally, as

Discord defines the term "Rothschild Assertion Entities" it is overly broad and improperly includes parties not at issue in this litigation.

Plaintiff is available to meet and confer to attempt a resolution.


DATED:  July 8, 2024                              Respectfully served,

                                                  /s/ *Randall Garteiser*
                                                  Randall T. Garteiser
                                                  (CA State Bar No. 231821)
                                                  rgarteiser@ghiplaw.com
                                                  GARTEISER HONEA – IP TRIAL BOUTIQUE
                                                  119 W Ferguson, Tyler, TX  75702
                                                  Telephone: (888) 908-4400

                                                  *Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon all counsel of record via email on July 8, 2024.

                                                  /s/ *Randall Garteiser*
                                                  Randall Garteiser