# EXHIBIT 6
# REDACTED

Randall T. Garteiser (CA State Bar No. 231821)
rgarteiser@ghiplaw.com
GARTEISER HONEA – IP TRIAL BOUTIQUE
119 W Ferguson, Tyler, TX  75702
Telephone: (888) 908-4400

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,** | Case No.: 5:24-cv-00703-PCP |
| Plaintiff, | |
| v. | **PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION** |
| **DISCORD INC.,** | |
| Defendant | |

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Display Technologies, LLC ("Display Technologies" or "Plaintiff"), by and through counsel, provides the following objections and responses ("Responses") to Discord Inc. ("Discord" or "Defendant") First Set of Requests for Admission (Nos. 1-15).

**PRELIMINARY STATEMENT**

The following Responses are based upon the facts, documents, and information presently known and available to Plaintiff. Discovery, investigation, research, and analysis are ongoing in this case and may disclose the existence of additional facts, add meaning or interpretation to known facts or documents, or lead to additions, variations, and/or changes to these Responses. Responses were prepared on Plaintiff's good faith interpretation and understanding of the definitions in the Requests for Admission and are subject to correction for inadvertent errors or

omissions, if any. A full or partial response to a Request is not a waiver by Plaintiff of his right to object to any other part of the Request or later supplement its Response to that Request.

As it may become necessary and/or appropriate, Plaintiff expressly reserves the right to supplement his responses. Plaintiff does not assume any obligation beyond the requirements of the Federal Rules to amend or supplement the Responses set forth herein if presently existing, different, or additional information is subsequently discovered. The responses contained herein follow a reasonable search of locations where such responsive materials would likely be found. Responses are based on materials that were located prior and up to the date of this response, and Plaintiff's discovery and investigation of the facts of this case are continuing. Plaintiff does not represent that all files and records in his possession, custody, or control have been searched or reviewed, or that Plaintiff has sought information from every person, source, agent, or entity included or not included in Defendant's Requests for Admission as to undertake such an effort would be unduly burdensome, prohibitively expensive, and result in materials that are not relevant or necessary to the needs of this case. Continued discovery, independent investigation, and analysis may result in facts or additional significance regarding the facts that are already known, or wholly new factual conclusions and legal contentions, the result of which would justify supplemental responses that add, change, or diverge from the information provided herein.

The responses provided herein are made solely for the purpose of discovery in this case and are not to be construed as an intention to waive Plaintiff's objections. Plaintiff expressly reserves his objections including any objections to the admissibility of any responses, material or information as evidence in this or in any subsequent proceedings, including the trial of this action or any related proceedings; any objections to the use of the responses, material or information in

any other matter not expressly enumerated herein; any objections to the subject matter of the responses, material or information that is provided herein or as a result of the Defendant's Requests for Admission; or any objections to the authenticity, materiality, competency, relevancy, protections, rights, or privileges that pertain to the responses, material or information provided to Defendant's Requests for Admission.

Agreement to provide information responsive to a particular request is not an admission of relevance, materiality, or admissibility of the responses, material or information provided, nor shall any response herein be construed as an admission, concession, regarding the same. Nor shall an agreement to provide information responsive to a particular request be construed as a waiver by Plaintiff of any right, privilege, or protection afforded by law. The general and specific objections set forth below are intended to apply to all information produced or provided pursuant to the Responses.

**GENERAL OBJECTIONS AND RESPONSES TO THE REQUESTS FOR ADMISSION**

In addition to the objections stated in the specific responses to the Requests for Admission, the following objections (the "General Objections") apply to all of the Requests for Admission. The following General Objections are hereby incorporated by reference into the individual responses to the Requests for Admission and have the same force and effect as if fully set forth in the responses to the Requests for Admission. Plaintiff objects as follows:

1. Plaintiff objects to the Requests for Admission to the extent that they seek information that is not relevant to the subject matter of this proceeding or is not reasonably calculated to lead to the discovery of admissible evidence.

2. Plaintiff objects to the Requests for Admission as improper and unduly burdensome to the extent that they purport to impose upon Plaintiff any obligations or requirements broader than

3

those set forth in the Federal Rules of Civil Procedure or rules otherwise applicable to this matter.

3.      Plaintiff objects to the Requests for Admission to the extent that they call for information that is a matter of public record or otherwise routinely available to all parties.

4.      Plaintiff objects to the Requests for Admission to the extent that they are duplicative or designed to harass.

5.      Plaintiff objects to the Requests for Admission to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from discovery. Inadvertent disclosure of any such privileged information shall not constitute a waiver of any applicable privilege or any other ground for objecting to discovery with respect to such privileged information.

6.      Plaintiff objects to the Requests for Admission to the extent that they seek information regarding documents or materials that are not in Plaintiff's possession, custody, or control.

7.      Plaintiff objects to the Requests for Admission to the extent that they state a legal conclusion, or assume or appear to assume that any fact, event, or assumption is true. By responding to any such Request, Plaintiff does not concede the correctness of any such conclusion or assumption.

8.      Plaintiff objects to the Requests for Admission on the ground that they are unduly burdensome and premature in light of the fact that Plaintiff is still conducting discovery and that many of the facts are already known by Defendant. Plaintiff has made a good faith effort to respond to each Request in a timely manner. Plaintiff's responses herein are necessarily based solely on the information that is available to Plaintiff on the date of these responses. Plaintiff's investigation is ongoing, and Plaintiff reserves the right to amend, supplement, or withdraw any

response or objection to the Requests for Admission as he deems necessary or appropriate in light of information or knowledge obtained as discovery progresses in this action. To the extent that such materials or any other materials not discussed below are determined to be responsive to the Requests for Admission, Plaintiff will supplement its responses accordingly.

9.      In responding to the Requests for Admission, Plaintiff does not concede that any of the information provided is relevant or material to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff reserves the right to object to the admissibility at trial of any of the information produced in response to the Requests for Admission.

## RESPONSES TO JURISDICTIONAL REQUESTS FOR ADMISSION

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 1:**

Admit that Leigh M. Rothschild is a party to agreements concerning a license concerning patents owned by Rothschild Assertion Entities.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Denied as written due to the improper attempt to conduct third party discovery without a subpoena and without joining the necessary parties.  Plaintiff incorporates by reference the preceding Statement and General Objections as stated above.  ████████████████

████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████    Plaintiff is available to meet and confer to attempt a resolution, ██████████████████████████

████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 2:**

Admit that Leigh M. Rothschild is a party to agreements concerning a covenant not to sue concerning patents owned by Rothschild Assertion Entities.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Denied, as "Leigh M. Rothschild" is not a party to this litigation thus plaintiff is not able to answer this response. This is a response to an request for an admission from plaintiff, not discovery response to a subpoena or proper third party discovery mechanism.  Also, the term "covenant not to sue" is not alleged in the complaint, and is not relevant to this litigation involving only Plaintiff. Denied, as it is overly broad without a definition to attempt to constrain what a covenant not to sue includes and what patents are involved or even what time frame this request even pertains too.  Also, it is unclear as to the implied definition of the vague terms "covenant", "sue", Patents", "owned" and  "Rothschild Assertion Entities."

Leigh M. Rothschild is not a party to this litigation thus plaintiff cannot answer this and this is not a subpoena or proper third party discovery mechanism, thus it is plainly outside the scope of this litigation.  Also, the term "covenant not to sue" is not alleged in the complaint, and is not relevant to this litigation involving only Plaintiff.  Additionally, it appears to be improper attempt to conduct third party discovery without a subpoena or joining allegedly necessary parties.  Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to this Request for Admission as not relevant to this litigation and requires a subpoena to a third party that Discord could have joined but

strategically choose not to in order to avoid additional allegations of patent infringement based upon patents owned by third parties, not the plaintiff in this matter.  Discord could have attempted at least to do so through third party claims, but because venue is not prope it appear Discord did not.  Either way, the third parties appear to include other companies incorporated in other states and the individual Leigh M. Rothchild are not parties to this litigation and thus this request cannot be answered as written and is therefore denied. ████████████████

████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████  Plaintiff is available to meet and confer to attempt a resolution.

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 3:**

Admit that Patent Asset Management, LLC is a party to agreements concerning a license concerning patents owned by the Rothschild Assertion Entities.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Denied as written as it is vague as to definition of "license", "agreements", "patents" and "Rothschild Assertion Entities." This is an overly broad RFA that cannot be answered either way in good faith.  Thus, it must be Denied.  It is simply overinclusive of non-parties to this litigation.

Also, Denied, as "Patent Asset Management, LLC" is not a party to this litigation and this is not a subpoena or proper third party discovery mechanism.  Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to this Request for Admission as not relevant to this litigation and requires a subpoena to a third party that Discord could have joined but strategically choose not to in order to avoid additional allegations of patent infringement based upon patents owned by third parties, not the

plaintiff in this matter.  Discord could have attempted at least to do so through third party claims, because Discord knows venue is not proper of these third parties.

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

Plaintiff is available to meet and confer to attempt a resolution.


**JURISDICTIONAL REQUEST FOR ADMISSION NO. 4:**

Admit that Patent Asset Management, LLC is a party to agreements concerning a covenant not to sue concerning patents owned by the Rothschild Assertion Entities.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Denied, as it is overly broad without a definition to attempt to constrain what a covenant not to sue includes and what patents are involved or even what time frame this request even pertains too.  Also, it is unclear as to the implied definition of the vague terms "covenant", "sue", Patents", "owned" and  "Rothschild Assertion Entities."

Also, Denied, as "Patent Asset Management, LLC" is not a party to this litigation and this is not a subpoena or proper third party discovery mechanism.  Also, the term "covenant not to sue" is not alleged in the complaint, and is not relevant to this litigation involving only Plaintiff. Additionally, it appears to be improper attempt to conduct third party discovery without a subpoena or joining allegedly necessary parties.  Plaintiff incorporates by reference the preceding Statement and General Objections as stated above. Additionally, Plaintiff further objects to this Request for Admission as not relevant to this litigation and requires a subpoena to

a third party that Discord could have joined but strategically choose not to in order to avoid additional allegations of patent infringement based upon patents owned by third parties, not the plaintiff in this matter.  Discord could have attempted at least to do so through third party claims, but because venue is not proper it appears Discord did not do so.  Either way, the third parties appear to include other companies incorporated in other states and the individual Leigh M. Rothchild are not parties to this litigation and thus this request cannot be answered as written and is therefore denied. ███████████████████████

████████████████████████████████████

█████████████████████████████████

████████████████████████████████████

████████████ Plaintiff is available to meet and confer to attempt a resolution.

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 5:**

Admit that on February 6, 2024, Leigh M. Rothschild was the ultimate beneficial owner of 100% of Patent Asset Management, LLC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Cannot be admitted or denied as written given Mr. Leigh M. Rothchild is not a party to this litigation and this discovery response is limited to the plaintiff, it is not a subpoena or proper third party discovery mechanism.

Also, Denied, as "Patent Asset Management, LLC" is not a party to this litigation and this is not a subpoena or proper third party discovery mechanism.

This discovery request served upon plaintiff appears to be improper attempt to conduct third party discovery without a subpoena or joining allegedly necessary parties.  Plaintiff incorporates by reference the preceding Statement and General Objections as stated above.

Additionally, Plaintiff further objects to this Request for Admission as not relevant to this litigation and requires a subpoena to a third party that Discord could have joined but strategically choose not to in order to avoid additional allegations of patent infringement based upon patents owned by third parties, not the plaintiff in this matter.  Discord could have attempted at least to do so through third party claims along with its counter-claims, but because venue is not proper it appears Discord did not.  Either way, the third parties appear to include other companies incorporated in other states and the individual Leigh M. Rothchild are not parties to this litigation and thus this request cannot be answered as written and is therefore denied.  ████

█████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████ Plaintiff is available to meet and confer to attempt a resolution.

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 6:**

Admit that on February 6, 2024, Leigh M. Rothschild was the ultimate beneficial owner of 100% of each Rothschild Assertion Entity.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Cannot be admitted or denied as written given Mr. Leigh M. Rothchild and "each Rothschild Assertion Entity ████████████████████████████████████

████████████████████████████████████████████ The other entities indicated in this over-inclusive group that extends outside the scope of this litigation are not parties to this litigation and this is not a subpoena or proper third party discovery mechanism.

Additionally, the request appears to be improper attempt to conduct third party discovery without a subpoena or without joining allegedly necessary parties.  Plaintiff incorporates by reference the preceding Statement and General Objections as stated above.

Additionally, Plaintiff further objects to this Request for Admission as not relevant to this litigation and requires a subpoena to a third party that Discord could have joined but strategically choose not to in order to avoid additional allegations of patent infringement based upon patents owned by third parties, not the plaintiff in this matter.  Discord could have attempted at least to do so through third party claims, but because venue is not proper in this District over the third parties, it appears Discord did not.  Either way, the third parties appear to include other companies incorporated in other states and the individual Leigh M. Rothchild are not parties to this litigation and thus this request cannot be answered as written and is therefore denied.

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████ Plaintiff is available to meet and confer to attempt a resolution.

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 7:**

Admit that on February 6, 2024, Patent Asset Management, LLC was the immediate parent of each Rothschild Assertion Entity.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Denied, as plaintiff cannot answer for parties other than itself.  Here, "Patent Asset Management, LLC" is not a party to this litigation and this is not a subpoena or proper third

party discovery mechanism.  Denied as written, because it cannot be admitted or denied as "Rothchild Assertion Entity" is defined in a manner that is overly inclusive such that it includes parties outside the scope of this litigation that Discord did not even attempt to join to this litigation, nor could Discord as venue is improper. ███████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████  Plaintiff is available to meet and confer to attempt a

resolution, ██████████████████████████████████████████

███████████████████████

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 8:**

Admit that on February 6, 2024, Leigh M. Rothschild was the managing member of each Rothschild Assertion Entity.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Denied as written, because it cannot be admitted or denied as "Rothchild Assertion Entity" is defined in a manner that is overly inclusive or parties outside the scope of this litigation that Discord did not even attempt to join to this litigation, nor could Discord as venue is improper.  Vague as to the definition of the term "managing member."

████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████ Plaintiff is available to meet and confer to attempt a resolution.

Plaintiff incorporates by reference the preceding Statement and General Objections as stated above to include information that is publicly available.

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 9:**

Admit that on February 6, 2024, Leigh M. Rothschild was the sole member of each Rothschild Assertion Entity.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Denied as written, because it cannot be admitted or denied as "Rothchild Assertion Entity" is defined in a manner that is overly inclusive or parties outside the scope of this litigation that Discord did not even attempt to join to this litigation, nor could Discord as venue is improper.  Vague as to the definition of the term "member."

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

Plaintiff is available to meet and confer to attempt a resolution.

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 10:**

Admit that on February 6, 2024, each Rothschild Assertion Entity did not have its own bank account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Denied as written, because it cannot be admitted or denied as "Rothchild Assertion

Entity" is defined in a manner that is overly inclusive or parties outside the scope of this

litigation that Discord did not even attempt to join to this litigation, nor could Discord as venue is

improper. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

Plaintiff is available to meet and confer to attempt a resolution.

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 11:**

Admit that on February 6, 2024, each Rothschild Assertion Entity did not have its own

bank account containing more than $1,000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Denied as written, because it cannot be admitted or denied as "Rothchild Assertion

Entity" is defined in a manner that is overly inclusive such that it intentionally includes parties

outside the scope of this litigation that Discord did not even attempt to join to this litigation, nor

could Discord as venue is improper as to those third parties. ██████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████ Plaintiff is available to meet and confer to

attempt a resolution.

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 12:**

14

Admit that on February 6, 2024, each Rothschild Assertion Entity did not have employees.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Denied as written, because it cannot be admitted or denied as "Rothchild Assertion Entity" is defined in a manner that is overly inclusive such that it intentionally includes parties outside the scope of this litigation that Discord did not even attempt to join to this litigation, nor could Discord as venue is improper as to those third parties. ███████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████ Plaintiff is available to meet and confer to attempt a resolution.

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 13:**

Admit that on February 6, 2024, each Rothschild Assertion Entity did not maintain separate books and records.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Denied as written, because it cannot be admitted or denied as "Rothchild Assertion Entity" is defined in a manner that is overly inclusive such that it intentionally includes parties outside the scope of this litigation that Discord did not even attempt to join to this litigation, nor could Discord as venue is improper as to those third parties. ███████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████   Plaintiff is available to meet and confer to

attempt a resolution.

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 14:**

Admit that on February 6, 2024, Patent Asset Management, LLC was an alter ego of

Leigh M. Rothschild.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Denied as written, because both Leigh M. Rothschild and Patent Asset Management,

LLC are not parties to this litigation, thus this discovery request invokes a response that is

outside the scope of this litigation.  Also, denied as written as it appears to improperly ask for a

legal conclusion involving an undefined and vague term "alter ego."

**JURISDICTIONAL REQUEST FOR ADMISSION NO. 15:**

Admit that on February 6, 2024, each Rothschild Assertion Entity was an alter ego of

Leigh M. Rothschild.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Denied as written, because Leigh M. Rothschild is not a party to this litigation, thus

outside the scope of this litigation.  Also, it cannot be admitted or denied as "Rothschild Assertion

Entity" is defined in a manner that is overly inclusive such that it intentionally includes parties

outside the scope of this litigation that Discord did not even attempt to join to this litigation, nor

could Discord as venue is improper as to those third parties. ██████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████ Also, denied as written as it appears to improperly ask for a legal conclusion involving an undefined and vague term "alter ego."

Plaintiff is available to meet and confer to attempt a resolution.


DATED:  July 8, 2024                    Respectfully served,

                                        /s/ *Randall Garteiser*
                                        Randall T. Garteiser
                                        (CA State Bar No. 231821)
                                        rgarteiser@ghiplaw.com
                                        GARTEISER HONEA – IP TRIAL BOUTIQUE
                                        119 W Ferguson, Tyler, TX  75702
                                        Telephone: (888) 908-4400

                                        *Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon all counsel of record via email on July 8, 2024.

                                        /s/ *Randall Garteiser*
                                        Randall Garteiser